**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| SYNTHES USA, LLC, SYNTHES USA PRODUCTS, LLC and SYNTHES USA SALES, LLC, | ) | |
| | ) | C.A. No. 11-652-LPS |
| Plaintiffs, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| v. | ) | |
| | ) | |
| GLOBUS MEDICAL, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT GLOBUS MEDICAL INC.'S ANSWER,**
**DEFENSES, AND COUNTERCLAIMS TO PLAINTIFFS' COMPLAINT**

Defendant Globus Medical, Inc. ("Globus") responds to Plaintiffs Synthes USA, LLC's; Synthes USA Products, LLC's; and Synthes USA Sales, LLC's (collectively "Synthes") Complaint as follows:

## THE PARTIES

1. Globus lacks sufficient information to admit or deny the allegations of Paragraph 1 and on that basis denies the allegations therein.

2. Globus lacks sufficient information to admit or deny the allegations of Paragraph 2 and on that basis denies the allegations therein.

3. Globus lacks sufficient information to admit or deny the allegations of Paragraph 3 and on that basis denies the allegations therein.

4. Globus admits that it is a Delaware corporation with a principal place of business at Valley Forge Business Center, 2560 General Armistead Avenue, Audubon, Pennsylvania 19403.

## NATURE OF THE ACTION

5. Globus admits that Plaintiffs purport to state a claim that arises under the patent laws of the United States, 35 U.S.C. § 1, *et seq*. but denies the remaining allegations in Paragraph 5.

## JURISDICTION AND VENUE

6. Globus admits that this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. Globus admits that it is incorporated in this district and that it does business in this judicial district. Except as expressly admitted herein, Globus denies all other allegations of Paragraph 7.

8. Globus admits that it has previously been sued in a patent infringement case in this district by plaintiff, Synthes USA Sales, LLC, in *N Spine, Inc. and Synthes USA, LLC v. Globus Medical, Inc.,* C.A. No. 10-300-RMB-AMD (*"N Spine Litigation"),* in which all proceedings have been stayed pending the outcome of the reexamination of the patent-in-suit by the United States Patent and Trademark Office by order dated July 14, 2011. Globus did not challenge personal jurisdiction in the N Spine Litigation. Globus further admits that it has previously been sued in this district in a case styled *NuVasive Inc. v. Globus Medical Inc.*, C.A. No. 10-849-LPS in which it did not challenge personal jurisdiction, and Globus does not challenge personal jurisdiction for purposes of the present case.

9. Globus admits that venue is proper in this Court.

## COUNT ONE
## INFRINGEMENT OF UNITED STATES PATENT NO. 7,846,207

10. Globus repeats and incorporates each of the preceding paragraphs of this Answer, Defenses, and Counterclaims as if fully set forth herein.

11. Globus admits that, on its face, the ‘207 patent is entitled “Intervertebral Implant” and states, on its face, that it was issued on December 7, 2010. Globus admits that Exhibit A to Plaintiffs’ Complaint appears to be a copy of the ’207 patent. Except as expressly admitted herein, Globus denies all other allegations of Paragraph 11.

12. Globus admits that the ‘207 patent, on its face, lists Beat Lechmann, Dominique Burkard, Chris M.J. Cain, and Claude Mathieu as inventors. Except as expressly admitted herein, Globus denies all other allegations of Paragraph 12.

13. Globus denies the allegations of Paragraph 13.

14. Globus denies the allegations of Paragraph 14.

15. Globus denies the allegations of Paragraph 15.

16. Globus denies the allegations of Paragraph 16.

**COUNT TWO**
**INFRINGEMENT OF UNITED STATES PATENT NO. 7,862,616**

17. Globus repeats and incorporates each of the preceding paragraphs of this Answer, Defenses, and Counterclaims as if fully set forth herein.

18. Globus admits that, on its face, the ‘616 patent is entitled “Intervertebral Implant” and states, on its face, that it was issued on January 4, 2011. Globus admits that Exhibit B to Plaintiffs’ Complaint appears to be a copy of the ’616 patent. Except as expressly admitted herein, Globus denies all other allegations of Paragraph 18.

19. Globus admits that the ‘616 patent, on its face, lists Beat Lechmann, Dominique Burkard, Chris M.J. Cain, and Claude Mathieu as inventors. Except as expressly admitted herein, Globus denies all other allegations of Paragraph 19.

20. Globus denies the allegations of Paragraph 20.

21. Globus denies the allegations of Paragraph 21.

22. Globus denies the allegations of Paragraph 22.

23. Globus denies the allegations of Paragraph 23.

**COUNT THREE**
**INFRINGEMENT OF UNITED STATES PATENT NO. 7,875,076**

24. Globus repeats and incorporates each of the preceding paragraphs of this Answer, Defenses, and Counterclaims as if fully set forth herein.

25. Globus admits that, on its face, the ‘076 patent is entitled “Intervertebral Implant” and states, on its face, that it was issued on January 25, 2011. Globus admits that Exhibit C to Plaintiffs’ Complaint appears to be a copy of the ’076 patent. Except as expressly admitted herein, Globus denies all other allegations of Paragraph 25.

26. Globus admits that the ‘076 patent, on its face, lists Claude Mathieu and Christopher Marden John Cain as inventors. Except as expressly admitted herein, Globus denies all other allegations of Paragraph 26.

27. Globus denies the allegations of Paragraph 27.

28. Globus denies the allegations of Paragraph 28.

29. Globus denies the allegations of Paragraph 29.

30. Globus denies the allegations of Paragraph 30.

**PRAYER FOR RELIEF**

31. Globus denies that Plaintiffs are entitled to the requested relief identified in items (A) through (S) of its Prayer for Relief or any other relief.

**DEFENSES**

32. Globus hereby asserts the following defenses without undertaking or shifting any applicable burdens of proof. Globus reserves the right to assert additional defenses, as warranted by facts learned through investigation and discovery.

**Failure to State a Claim**

33. Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

**Non-Infringement**

34. Globus does not and has not directly infringed, indirectly infringed, contributed to, or induced infringement of any valid and enforceable claim of the '207, '616, and/or '076 patents (the "Patents-in-Suit").

**Invalidity**

35. One or more claims of the Patents-in-Suit are invalid for failure to comply with one or more provisions of Title 35, United States Code, Sections 101 *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.

**Estoppel**

36. By reason of proceedings in the United States Patent and Trademark Office during the prosecution of the applications that resulted in the issuance of the Patents-in-Suit, as shown by the prosecution histories thereof, Plaintiffs are estopped from maintaining that one or more claims of the Patents-in-Suit cover any of Globus' articles, equipment, products, or any other activity engaged in by Globus.

**No Willful Infringement**

37. In the event Globus is found to infringe any valid, enforceable claim of the Patents-in-Suit, such infringement was not willful.

**No Immediate or Irreparable Injury**

38. Plaintiffs are not entitled to injunctive relief because any alleged injury to Plaintiffs is not immediate or irreparable, and Plaintiffs would have an adequate remedy at law.

## COUNTERCLAIMS

Defendant Globus Medical, Inc. asserts the following counterclaims against Plaintiffs:

## The Parties, Jurisdiction and Venue

1. Globus Medical, Inc. is a Delaware corporation with its principal place of business in Audubon, Pennsylvania.

2. Plaintiffs Synthes USA, LLC; Synthes USA Products, LLC; and Synthes USA Sales, LLC (collectively "Synthes") have alleged they are all Delaware companies, with Synthes USA, LLC having a principal place of business in Monument, Colorado; and Synthes USA Products, LLC and Synthes USA Sales, LLC each having a principal place of business in West Chester, Pennsylvania.

3. These counterclaims arise under the patent laws of the United States, Title 35, United States Code. Accordingly, this Court has subject matter jurisdiction over these counterclaims under 28 U.S.C. §§ 1331 and 1338(a).

4. A real, immediate, and justiciable controversy exists between Globus and Synthes with respect to the invalidity and non-infringement of the Patents-in-Suit due to Synthes' allegations of infringement. Accordingly, this Court also has subject matter jurisdiction over these counterclaims under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

5. As the plaintiffs in the above-captioned lawsuit, Synthes has consented to personal jurisdiction and venue in this Court.

## COUNT ONE: DECLARATORY RELIEF REGARDING INFRINGEMENT

6. Synthes USA, LLC purports to be the assignee of the entire right, title, and interest in the Patents-in-Suit. Synthes USA Products, LLC and Synthes USA Sales, LLC purport to be exclusive licensees for manufacturing and selling products, but fail to identify

whether any of these undisclosed products are covered by any claim(s) of any of the Patents-in-Suit.

7. Nevertheless, Synthes USA, LLC; Synthes USA Products, LLC; and Synthes USA Sales, LLC are each plaintiffs in the present action and have sued Globus for alleged infringement of one or more claims of the Patents-in-Suit. Thus, an immediate, real, and justifiable controversy exists between these Plaintiffs and Globus with respect to whether Globus has directly and/or indirectly infringed any valid and enforceable claim of the Patents-in-Suit.

8. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§2201 *et seq.*, Globus requests a declaration from the Court that Globus has not infringed any valid and enforceable claims of the Patents-in-Suit, either directly, indirectly, literally, or under the doctrine of equivalents.

## COUNT TWO: DECLARATORY RELIEF REGARDING INVALIDITY

9. Globus incorporates by reference the allegations in paragraphs 1-8 of its Counterclaims.

10. Synthes has sued Globus in the present action, alleging infringement of one or more claims of the Patents-in-Suit. Thus, an immediate, real, and justifiable controversy exists between Synthes and Globus with respect to the validity of the claims of the Patents-in-Suit.

11. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§2201 *et seq.*, Globus requests a declaration from the Court that one or more claims of the Patents-in-Suit are invalid under 35 U.S.C. §§ 101, 102, 103, 112, and/or any other applicable statute or doctrine.

## EXCEPTIONAL CASE

12. This is an exceptional case under 35 U.S.C. § 285 and as such, Globus is entitled to recover from Synthes its attorneys' fees and costs in connection with defending against Synthes' baseless action.

## DEMAND FOR JURY TRIAL

13. Globus hereby demands a jury trial for all issues so triable in this action.

## PRAYER FOR RELIEF

WHEREFORE, Defendant-Counterplaintiff Globus Medical, Inc. prays that this Court enter judgment:

A. declaring that Synthes' Complaint be dismissed with prejudice, and a take-nothing judgment be entered in favor of Globus;

B. declaring that each claim of the Patents-in-Suit is invalid;

C. declaring that Globus has not directly or indirectly infringed any claim of the Patents-in-Suit either literally or under the doctrine of equivalents;

D. declaring that this is an exceptional case and awarding Globus its attorneys' fees and costs under 25 U.S.C. §285;

E. enjoining Synthes and its officers, employees, agents, alter-egos, attorneys, and any person in active concert or participation with them, from charging infringement of or instituting any action for infringement of the Patents-in-Suit against Globus or any of its customers;

granting Globus such other and further relief as the Court deems just and proper.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

By: */s/ David E. Moore*

Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant Globus Medical, Inc.*

OF COUNSEL:

Vivian S. Kuo
WINSTON & STRAWN LLP
1700 K Street, N.W.
Washington, DC 20006
Tel: (202) 282-5000

Shane A. Nelson
Luke A. Culpepper
WINSTON & STRAWN LLP
1111 Louisiana, 25th Floor
Houston, TX 77002
Tel: (713) 651-2600

Dated: September 14, 2011
1027465 / 37175

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

**CERTIFICATE OF SERVICE**

I, David E. Moore, hereby certify that on September 14, 2011, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I hereby certify that on September 14, 2011, the attached document was electronically mailed to the following person(s)

John W. Shaw
Karen E. Keller
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
jshaw@ycst.com
kkeller@ycst.com

Matthew J. Becker
Edward M. Mathias
Tara R. Rahemba
AXINN, VELTROP & HARKRIDER LLP
90 State House Square
9th floor
Hartford, CT 06103-3704
mjb@avhlaw.com
emm@avhlaw.com
trr@avhlaw.com

Diane C. Ragosa
AXINN, VELTROP & HARKRIDER LLP
114 West 47th Street
New York, NY 10036
dcr@avhlaw.com

By: */s/ David E. Moore*
Richard L. Horwitz
David E. Moore
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, Delaware 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

1022424 / 37175