IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SYNTHES USA, LLC,<br>SYNTHES USA PRODUCTS, LLC and<br>SYNTHES USA SALES, LLC, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | C.A. No. 11-652-LPS |
| GLOBUS MEDICAL, INC., | ) ) | ██████████████ |
| Defendant. | ) | REDACTED-PUBLIC VERSION |

**DECLARATION OF EDWARD M. MATHIAS IN SUPPORT OF PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS SYNTHES USA PRODUCTS, LLC'S AND SYNTHES USA SALES, LLC'S PATENT INFRINGEMENT CLAIMS FOR LACK OF SUBJECT MATTER JURISDICTION**

OF COUNSEL:
Matthew J. Becker
Jeremy C. Lowe
Edward M. Mathias
Tara R. Rahemba
AXINN, VELTROP & HARKRIDER LLP
90 State House Square, 9th Floor
Hartford, CT 06103
(860) 275-8100

Diane C. Ragosa
AXINN, VELTROP & HARKRIDER LLP
114 West 47th Street
New York, NY 10036
        (212) 728-2200

John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
David M. Fry (No. 5486)
SHAW KELLER LLP
300 Delaware Avenue, Suite 1120
Wilmington, Delaware 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
dfry@shawkeller.com
*Attorneys for Plaintiffs*

Dated:   December 7, 2012

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

SYNTHES USA, LLC,
SYNTHES USA PRODUCTS, LLC and
SYNTHES USA SALES, LLC,

      Plaintiffs,

v.

GLOBUS MEDICAL, INC.,

      Defendant.

Civil Action No. 11-652-LPS

## DECLARATION OF EDWARD M. MATHIAS ESQ. IN SUPPORT OF PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS SYNTHES USA PRODUCTS, LLC'S AND SYNTHES USA SALES, LLC'S PATENT CLAIMS FOR LACK OF SUBJECT MATTER JURISDICTION

1. My name is Edward M. Mathias, and I am a partner at the law firm Axinn, Veltrop &
   Harkrider LLP in Hartford, Connecticut. I submit this declaration in support of
   Plaintiffs' Opposition to Defendant's Motion to Dismiss Synthes USA Products,
   LLC's and Synthes USA Sales LLC's Patent Claims for Lack of Subject Matter
   Jurisdiction, filed on December 7, 2012.

2. Attached hereto as Exhibit A is a true and correct copy of the "

   " between Synthes USA LLC and Synthes USA Sales LLC,

   bearing bates numbers SYNICI0078484 through SYNICI0078490.

3. Attached hereto as Exhibit B is a true and correct copy of excerpted pages from the
   Form S-4/A filed by Johnson & Johnson with the United States Securities and
   Exchange Commission on October 27, 2011, available at:

http://www.sec.gov/Archives/edgar/data/200406/000095012311092535/0000950123-11-092535-index.htm.

4. Attached hereto as Exhibit C is a true and correct copy of excerpted transcript pages from the deposition of Michele Zaborowski dated September 12, 2012.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 7ᵗʰ day of December, 2012, in the city of Hartford, Connecticut.

Edward M. Mathias, Esq.

2

## CERTIFICATE OF SERVICE

I, David M. Fry, hereby certify that on December 7, 2012, this document was served on

the persons listed below in the manner indicated:

### BY EMAIL

Luke A. Culpepper
WINSTON & STRAWN LLP
1111 Louisiana, 25th Floor
Houston, TX 77002
lculpepper@winston.com

Vivian S. Kuo
Robert F. Ruyak
WINSTON & STRAWN LLP
1700 K Street, N.W.
Washington, DC 10006
vkuo@winston.com
rruyak@winston.com

David E. Moore
POTTER ANDERSON & CORROON LLP
1313 North Market Street
Wilmington, DE 19801
dmoore@potteranderson.com

/s/ *David M. Fry*
David M. Fry (No. 5486)
SHAW KELLER LLP
300 Delaware Avenue, Suite 1120
Wilmington, Delaware 19801
(302) 298-0700
dfry@shawkeller.com
*Attorneys for Plaintiffs*

# **EXHIBIT A**

# EXHIBIT B

EDGAR Online

# JOHNSON & JOHNSON

## FORM S-4/A

(Registration Statement for securities to be issued in business combination transactions)

## Filed 10/27/11

| | |
|---|---|
| Address | ONE JOHNSON & JOHNSON PLZ |
| | NEW BRUNSWICK, NJ 08933 |
| Telephone | 732-524-2455 |
| CIK | 0000200406 |
| Symbol | JNJ |
| SIC Code | 2834 - Pharmaceutical Preparations |
| Industry | Biotechnology & Drugs |
| Sector | Healthcare |
| Fiscal Year | 02/09 |

Powered By EDGAR Online
http://www.edgar-online.com
© Copyright 2011, EDGAR Online, Inc. All Rights Reserved.
Distribution and use of this document restricted under EDGAR Online, Inc. Terms of Use.

Table of Contents

*Director Annual Retainers.*   Non-employee directors receive an annual grant of shares of Synthes common stock as a retainer for their service on the board. This grant is typically made in February of each year. If the merger does not close prior to the date in 2012 on which the annual grants are typically made, Synthes will grant 13,700 shares of Synthes common stock, in the aggregate, to the directors in 2012. If the merger closes before the date in 2012 on which grants are typically made, the directors will receive a pro-rata portion of their annual grant covering the period of service between the previous grant and the closing of the merger.

*Indemnification and Insurance.*   The merger agreement provides that all rights to indemnification and exculpation from liabilities for acts or omissions occurring at or prior to the effective time of the merger existing in favor of current or former directors or officers of Synthes under Synthes' certificate of incorporation, by-laws or indemnification contracts will be assumed by the surviving corporation in the merger and will continue in full force and effect in accordance with their terms following closing of the merger. The merger agreement also provides that for six years after the effective time of the merger, Johnson & Johnson will maintain directors' and officers' liability insurance for acts or omissions occurring at or prior to the effective time of the merger, covering each person who was, as of the date of the merger agreement, covered by Synthes' directors' and officers' liability insurance, on terms no less favorable than those in effect as of the date of the merger agreement.

*Potential Employment Discussions Between Johnson & Johnson and Synthes' Executives.*   Affiliates of Johnson & Johnson have had and expect to continue to have conversations from time to time with executive officers and other executives of Synthes, including the President and Chief Executive Officer of Synthes, concerning their role at Synthes or an affiliate of Johnson & Johnson following the consummation of the merger. These conversations may include proposals by the affiliates of Johnson & Johnson regarding the proposed terms of the individual's employment, compensation and benefits. No assurance can be given that any such conversations will result in an employment relationship between any affiliate of Johnson & Johnson and any individual.

## Form of the Merger

Subject to the terms and conditions of the merger agreement and in accordance with Delaware law, at the effective time of the merger, Samson Acquisition Corp., a wholly owned subsidiary of Johnson & Johnson and a party to the merger agreement, will merge with and into Synthes. Synthes will continue as the surviving corporation of the merger and will become a wholly owned subsidiary of Johnson & Johnson.

## Completion and Effectiveness of the Merger

The merger will become effective upon the filing of the certificate of merger with the Secretary of State of the State of Delaware in accordance with the relevant provisions of the DGCL or such later time as is agreed upon by Johnson & Johnson and Synthes and specified in the certificate of merger. Such filing will occur as promptly as practicable, but in no event later than the third business day after satisfaction or written waiver (where permissible) of the conditions to the completion of the merger set forth in the merger agreement (other than those conditions that by their nature are to be satisfied at closing, but subject to the satisfaction or waiver of those conditions at such time) unless another date is agreed to in writing by Johnson & Johnson and Synthes. However, in the event that on such third business day all such conditions to completion of the merger are no longer satisfied or waived, the certificate of merger will not be filed until the first business day on which all such conditions are again satisfied or waived, unless another time is agreed to by Johnson & Johnson and Synthes. The closing of the merger will take place immediately prior to the filing of the certificate of merger.

## Merger Consideration; Conversion of Shares

In the merger, each issued and outstanding share of Synthes common stock (other than shares owned by Synthes as treasury stock, shares owned by Johnson & Johnson and shares for which appraisal rights have been properly demanded and perfected under the DGCL) will be automatically converted into the right to receive a combination of (i) CHF 55.65 in cash and (ii) shares of Johnson & Johnson common stock. The number of shares of Johnson & Johnson common stock each Synthes stockholder will receive is based on the average of the volume weighted average trading prices of Johnson & Johnson common stock on each of the ten trading days ending two trading days prior to the effective time of the merger, as converted into CHF on each day in this valuation period. If

the average of the volume weighted average trading prices of Johnson & Johnson common stock on each day during the valuation period is between CHF 52.54 and CHF 60.45, then each share of Synthes common stock will be converted into the right to receive a number of shares of Johnson & Johnson common stock having an aggregate value of CHF 103.35. If the average of the volume weighted average trading prices of Johnson & Johnson common stock on each day during the valuation period is less than CHF 52.54, then each share of Synthes common stock will be converted into the right to receive 1.9672 shares of Johnson & Johnson common stock. If the average of the volume weighted average trading prices of Johnson & Johnson common stock on each day during the valuation period is greater than CHF 60.45, then each share of Synthes common stock will be converted into the right to receive 1.7098 shares of Johnson & Johnson common stock.

Holders of Synthes common stock will receive cash in lieu of any fractional shares of Johnson & Johnson common stock they otherwise would have received in the merger. Each Synthes stockholder who would otherwise have been entitled to receive a fraction of a share of Johnson & Johnson common stock will receive an amount in cash (without interest, rounded down to the nearest whole cent and subject to withholding taxes) equal to the product obtained by multiplying (1) the fractional share interest to which such holder (after taking into account all fractional share interests then held by such holder) would otherwise be entitled by (2) the average of the volume weighted averages of the trading prices, as reported by Bloomberg L.P., of Johnson & Johnson common stock on each of the ten trading days ending two trading days prior to the effective time of the merger, as converted into CHF on each day during this valuation period.

The CHF 55.65 in cash and the number of shares of Johnson & Johnson common stock to be received by holders of Synthes common stock in the merger are referred to collectively as the "merger consideration" in this proxy statement/prospectus.

The merger agreement provides that the exchange ratio will be appropriately adjusted to reflect the effect of any stock split, reverse stock split, stock dividend (including any dividend or distribution of securities of a subsidiary of Synthes or Johnson & Johnson or of securities convertible into Johnson & Johnson or Synthes common stock), extraordinary cash dividends, reorganization, recapitalization, reclassification, combination, exchange of shares or other similar change with respect to Johnson & Johnson common stock or Synthes common stock with a record date occurring on or after the date of the merger agreement and prior to the effective time of the merger.

The exchange ratio will be determined shortly before completion of the merger. On October 24, 2011, the latest practicable date before the date of this proxy statement/prospectus, Johnson & Johnson common stock closed on the NYSE, at $64.73, the equivalent of which is CHF 57.26 per share, as of such date. If this were the volume weighted average trading price per share of Johnson & Johnson common stock used to calculate the exchange ratio, the exchange ratio would be 1.8049. The actual exchange ratio and, accordingly, the actual number of shares of Johnson & Johnson common stock issued in respect of each share of Synthes common stock in the merger, may differ from this example and will not be known at the special meeting because the valuation period will not occur until after the special meeting.

### Ownership of Johnson & Johnson Following the Merger

Based on the number of outstanding shares of Synthes common stock on the record date and the number of outstanding shares of Johnson & Johnson common stock on October 24, 2011, we anticipate that Synthes stockholders will own between approximately 7% and 8% of the outstanding shares of Johnson & Johnson common stock following the merger.

### Procedures for Exchange of Certificates; Fractional Shares

The conversion of Synthes common stock into the right to receive the merger consideration will occur automatically at the effective time of the merger. As promptly as practicable after the closing of the merger, each of VEM Aktienbank AG, the exchange agent and paying agent appointed by Johnson & Johnson for shares held in Switzerland or Germany, and Computershare Trust Company, N.A., the exchange agent and paying agent appointed by Johnson & Johnson for shares held in the United States (each an "exchange agent"), will send instructions to each holder of record of shares of Synthes common stock as of the effective time of the merger in its respective

47

# EXHIBIT C

**Other Documents**

1:11-cv-00652-LPS Synthes USA, LLC et al v. Globus Medical Inc.

PaperDocuments,MEDIATION-CJB,PATENT

### U.S. District Court

### District of Delaware

## Notice of Electronic Filing

The following transaction was entered by Fry, David on 12/7/2012 at 11:27 PM EST and filed on 12/7/2012

**Case Name:**          Synthes USA, LLC et al v. Globus Medical Inc.

**Case Number:**        1:11-cv-00652-LPS

**Filer:**              Synthes USA Products LLC

                        Synthes USA Sales LLC

                        Synthes USA, LLC

**Document Number:** 110

**Docket Text:**

**[SEALED] DECLARATION re [109] Answering Brief in Opposition, *(Declaration of Edward M. Mathias)* by Synthes USA Products LLC, Synthes USA Sales LLC, Synthes USA, LLC. (Attachments: # (1) Exhibit A, # (2) Exhibit B, # (3) Exhibit C)(Fry, David)**


**1:11-cv-00652-LPS Notice has been electronically mailed to:**

David Ellis Moore     dmoore@potteranderson.com, lfernandes@potteranderson.com, ntarantino@potteranderson.com, shamlin@potteranderson.com

David M. Fry     dfry@shawkeller.com, cal@shawkeller.com

Diane C. Ragosa     dcr@avhlaw.com, ecf@avhlaw.com

Edward M. Mathias     emm@avhlaw.com

Jeremy C. Lowe     JCL@avhlaw.com

John W. Shaw     jshaw@shawkeller.com, cal@shawkeller.com

Karen Elizabeth Keller     kkeller@shawkeller.com, cal@shawkeller.com

Luke A. Culpepper     lculpepper@winston.com, bburditt@winston.com

Matthew J. Becker     mjb@avhlaw.com

Richard L. Horwitz    rhorwitz@potteranderson.com, iplitigation@potteranderson.com, lfernandes@potteranderson.com, mbaker@potteranderson.com, shamlin@potteranderson.com

Robert F. Ruyak    rruyak@winston.com

Tara R. Rahemba    trr@avhlaw.com

Vivian S. Kuo    vkuo@winston.com, smjohnson@winston.com

**1:11-cv-00652-LPS Filer will deliver document by other means to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=12/7/2012] [FileNumber=1655955-0
] [369b47835d254a7897e426fe2d4cb280a71575d7699e1a6a472ceef8f755b59af0a
7c5831e78942989688b722cb43784a212c9ae6dd16033c7dbe272f24e3cf0]]
**Document description:** Exhibit A
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=12/7/2012] [FileNumber=1655955-1
] [7d862ab62ce7bc8290742aaa689684833ca416182454a4 6e84a5715b88d125aff4a
5c41dca4b5386777c2bd411cfcf497bd76fd57968702416466698813e58bc]]
**Document description:** Exhibit B
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=12/7/2012] [FileNumber=1655955-2
] [afa63bb4bd6730a5956ef353e0b1a68a44b4cf4751e3ca1806b20fb6fd26e218f2b
2f06f39e038132fc26c0f15b0764345ffc8c8f60d0fd99edc177b54aa280d]]
**Document description:** Exhibit C
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=12/7/2012] [FileNumber=1655955-3
] [920db8fd497ceaf3767d33833c08231e991c6a471b109e60bbad25c7a9d93aa8488
d39f9eeeb72200343d57c4d54a9420bbc5190405f41d97b64dc6b3ffb92a8]]