IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DEPUY SYNTHES PRODUCTS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | REDACTED - PUBLIC VERSION |
| | ) | |
| v. | ) | C.A. No. 11-652-LPS |
| | ) | |
| GLOBUS MEDICAL, INC., | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

**PROPOSED FINAL PRETRIAL ORDER**

This matter comes before the Court at a final pretrial conference held pursuant to Rule 16 of the Federal Rules of Civil Procedure.

**Plaintiff's Counsel:**

John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
David M. Fry (No. 5486)
SHAW KELLER LLP
300 Delaware Avenue, Suite 1120
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
dfry@shawkeller.com

Francis H. Morrison III
Matthew J. Becker
Edward M. Mathias
Tara R. Rahemba
Axinn, Veltrop & Harkrider LLP
90 State House Square, 9th Floor
Hartford, CT 06103
(860) 275-8100
fhm@avhlaw.com
mjb@avhlaw.com
emm@avhlaw.com
trr@avhlaw.com

Diane C. Ragosa
Aaron J. Feigenbaum
Axinn, Veltrop & Harkrider LLP
114 West 47th Street
New York, NY 10036
(212) 728-2200
dcr@avhlaw.com
ajf@avhlaw.com

**Defendant's Counsel**:

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street

Wilmington, DE  19801
Tel:  (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

Robert F. Ruyak
Vivian S. Kuo
Matthew B. Weinstein
WINSTON & STRAWN LLP
1700 K Street, N.W.
Washington, DC 20006
Tel: (202) 282-5000
rruyak@winston.com
vkuo@winston.com
mweinstein@winston.com

Luke A. Culpepper
WINSTON & STRAWN LLP
1111 Louisiana, 25th Floor
Houston, TX 77002
Tel: (713) 651-2600
lculpepper@winston.com

I.    NATURE OF THE CASE

This is an action claiming patent infringement.  Plaintiff DePuy Synthes Products, LLC

("Synthes") alleges that Defendant Globus Medical, Inc. ("Globus") willfully infringes one or

more claims of Synthes' U.S. Patent Nos. 7,875,076 ("the '076 patent"), 7,846,207 ("the '207

patent") and 7,862,616 ("the '616 patent") (collectively, "the Asserted Patents"), by making,

using, offering for sale or selling its Independence® ALIF System, Coalition® ACDF System,

and InterContinental® Plate-Spacer products (collectively, "the Accused Products").  Synthes has

asserted claims 1, 2, 3, 8, 10 and 11 of the '076 patent; claims 1, 2, 10, 12, 16, 20, 38 and 42 of

the '207 patent, and claims 1, 3, 5, 9 and 13 of the '616 patent (collectively "the Asserted

Claims")[1] against the Accused Products.  The Asserted Patents are directed to intervertebral

implants.  Globus denies infringement and willful infringement of the Asserted Claims, and

alleges that the Asserted Claims are invalid based on anticipation, obviousness, indefiniteness,

lack of written description, and non-enablement.  Synthes denies that the Asserted Patents are

invalid.

The Court's Memorandum Opinion (D.I. 252) and Order (D.I. 253) regarding claim

construction were entered on May 7, 2013.

The following summary judgment motions have been fully briefed by the parties and

remain pending:

- Synthes' Motion for Summary Judgment of No Anticipation by the Kozak and Michelson References (D.I. 133);

- Synthes' Motion for Summary Judgment of Infringement of Claims 1, 3 and 5 of U.S. Patent No. 7,862,616 (D.I. 138); and

- Globus' Motions for Partial Summary Judgment (D.I. 146).

The following Daubert motions have been fully briefed by the parties and remain

pending:

- Synthes' Motion to Exclude Improper Expert Testimony of Domagoj Coric, M.D. (D.I. 144);

- Synthes' Motion to Exclude Improper Expert Testimony of James D. Woods, Ph.D. (D.I. 141);

---

[1] Globus introduced new products in 2012 also called Independence®, Coalition® and InterContinental®; these new products are not accused of infringement in this case.

- Globus' <u>Daubert</u> Motion to Exclude Certain Testimony of John Hall, M.D. (D.I. 131);

- Globus' <u>Daubert</u> Motion to Exclude Certain Testimony of Richard J. Gering, Ph.D. (D.I. 136); and

- Globus' <u>Daubert</u> Motion to Exclude Certain Testimony of Paul Ducheyne, Ph.D., Roger Härtl, M.D., and Wilson Hayes, Ph.D. (D.I. 145).

The following motions to strike have been fully briefed by the parties and remain pending:

- Synthes' Motion to Strike Untimely Opinions in the Declaration of Dr. Domagoj Coric, M.D. (D.I. 154, Ex. 53) (D.I. 180); and

- Globus' Motion to Strike the Untimely and Improper Declaration of Wilson C. Hayes, Ph.D. (D.I. 190, Ex. D) (D.I. 216).

II.    <u>JURISDICTION</u>

This is an action for damages arising under the patent laws of the United States, Title 35, United States Code.  This Court has subject matter jurisdiction over all claims and counterclaims in this action pursuant to 28 U.S.C. §§ 1331 and 1338.  Subject matter and personal jurisdiction are not disputed.

III.    <u>FACTS</u>

A.  <u>Uncontested Facts</u>

The parties' statement of uncontested facts is set forth in Exhibit 1.

These uncontested facts require no proof at trial, are part of the evidentiary record in the case, and may be read to the jury by the Court or any party.

B.  Contested Facts

Synthes' statement of contested facts that remain to be litigated is set forth in Exhibit 2.

Globus' statement of contested facts that remain to be litigated is set forth in Exhibit 3.

Should the Court determine that any issue identified in a party's statement of contested issues of fact to be litigated is more properly considered an issue of law, it should be so considered.

IV.   ISSUES OF LAW

Synthes' statement of issues of law that it contends remain to be litigated is attached as Exhibit 4.

Globus' statement of issues of law that it contends remain to be litigated is attached as Exhibit 5.

Should the Court determine that any issue identified in a party's statement of issues of law that it contends remain to be litigated is more properly considered an issue of fact, it should be so considered.

V.   WITNESSES

A.  List of Witnesses Synthes Expects to Call (subject to developments at trial)

1.   Expert witnesses Synthes will call by live testimony:

Paul Ducheyne, Ph.D.
Richard J. Gering, Ph.D., CLP
John F. Hall, M.D.
Roger Härtl, M.D.
Wilson C. Hayes, Ph.D

2.   Non-expert witnesses Synthes will call by live testimony:

Christopher Cain, M.D.                         Beat Lechmann
Heather Cannon                                 Dominique Messerli

3.   Non-expert witnesses Synthes may call by live testimony:

| | |
|---|---|
| Robert Donohue | Jason Gray |
| David Koch | Robert Miller |
| William McDonough | William Moore |
| Mary Schafer | Micah Quick |
| Frank Yohe | William Rhoda |
| Michelle Zaborowski | Jody Seifert |
| Mark Adams | Duncan Sibson |
| William Duffield | Sean Suh |

4.    Expert witnesses Synthes will or may call by deposition testimony:

None

5.    Non-expert witnesses Synthes will or may call by deposition testimony:

Mark Adams
William Duffield
Jason Gray
Robert Miller
William Moore
Micah Quick
William Rhoda
Jody Seifert
Duncan Sibson
Sean Suh

B.   <u>List of Witnesses Globus Expects to Call (subject to developments at trial)</u>

1.    Expert witnesses Globus will call by live testimony:

Domagoj Coric, M.D.
James D. Woods, Ph.D.

2.    Non-expert witnesses Globus will call by live testimony:

Mark Adams                                      William Rhoda

3.    Non-expert witnesses Globus may call by live testimony:

| | |
|---|---|
| Christopher Cain | William McDonough |
| Dominique Burkard | Dominique Messerli |
| Claude Mathieu | Mary Schafer |
| Heather Cannon | Frank Yohe |
| Robert Donohue | Michelle Zaborowski |
| David Koch | William Duffield |
| Beat Lechmann | Jason Gray |

| | |
|---|---|
| Robert Miller | David Demski |
| William Moore | Dan Davenport |
| Micah Quick | Anthony Williams |
| Jody Seifert | Steve Payne |
| Duncan Sibson | Ben Silber |
| Sean Suh | Ed Joyce |
| David Paul | |

4.    Expert witnesses Globus will or may call by deposition testimony:

None

5.    Non-expert witnesses Globus will or may call by deposition testimony:

Synthes, by and through Beat Lechmann
Synthes, by and through Michelle Zaborowski
Synthes, by and through Dominique Messerli
William Duffield

C.    <u>Presentation of Witnesses</u>

Synthes reserves the right to call by deposition any witness employed or previously

employed by Globus.  Globus objects to Synthes' attempted reservation.  The parties agree to

discuss whether, in the interest of efficiency, certain witnesses employed or previously employed

by Globus may be called by deposition testimony.

The listing of a witness on a party's pretrial witness list in this pretrial order does not

establish that it is necessary or required that the party call that witness to testify.  The parties

shall exchange on May 24, 2013 a list of which witnesses from the list identified in this pretrial

order they intend to call live at trial and which witnesses they intend to call by deposition, both

subject to developments at trial.  Any witness not identified on the list in this pretrial order may

not be called absent a showing of good cause and leave of the Court.

Presentation of evidence will follow the burden of proof.  Nothing in this section

precludes the right of a party to assert the opportunity to offer rebuttal evidence according to the

applicable rules.  Synthes shall go first on the issues of infringement, willful infringement, and

damages (subject to Globus' request for bifurcation below); Globus may then present its case on all issues; Synthes may then present rebuttal on the issues for which it bears the burden; and Globus may then present rebuttal on invalidity.

The parties shall identify the witnesses whom they expect to call for direct examination (both live and by deposition), and the order in which they expect to call said witnesses, by 7:00 p.m. (Eastern time) two days before the direct examination is expected to take place (For example:  Witness to testify on Friday; notice by 7:00 pm on Wednesday).

Each party will give notice by 5:00 p.m. (Eastern time) three days before it intends to complete the presentation of evidence in its case-in-chief.  The parties shall confer each subsequent day to provide good-faith estimates as to when it intends to complete the presentation of evidence in its case-in-chief.  Once notified of this intended completion, the opposing party shall provide its initial notices and/or identifications that would otherwise be due as set forth herein – within four hours after receiving notice from the opposing party of its intended completion, in lieu of the standard notice requirement.

Fact witnesses shall be sequestered except as provided for by Fed. R. Evid. 615.  Synthes proposes that expert witnesses shall not be sequestered but that Local Rule 43.1 shall govern communications between each party and its expert witnesses during the course of each witness' testimony.  Synthes' position is further explained in Section XV below.  Globus proposes that expert witnesses shall not be sequestered, except that sequestration shall apply where (1) two or more expert witnesses are expected to provide opinions regarding overlapping subject matter, and (2) sequestration is required due to an agreement signed by the expert, or the expert is not "essential" to a party's case, as discussed further below in Section XV regarding Dr. John Hall and Dr. Paul Ducheyne.

D.  Testimony by Deposition

The parties have exchanged testimony which is expected to be offered by designation of deposition testimony.  Specifically, the parties have exchanged:  Synthes' deposition designations, Globus' objections and counter-designations to the offered testimony, and Synthes' objections to Globus' counter-designations, all of which are set forth in Exhibit 6; and Globus' deposition designations, Synthes' objections and counter-designations to the offered testimony, and Globus' objections to Synthes' counter-designations, all of which are set forth in Exhibit 7. The parties agree that, in response to a given designation for a witness, each party can choose to play or read any counter-designation on that party's list of counter-designations for that witness, so long as the counter-designation selected to be read or played is limited in scope to the subject of the given designation and provided for completeness,  and subject to the parties' rights to object to specific counter-designations.  The parties have not had an opportunity to meet and confer regarding the objections, but are prepared to address the objections at the pretrial conference, in some other forum prior to trial, or during the course of trial, as the Court deems most appropriate.

Each party will provide the other with a list of final deposition designations (from the previously designated testimony) that it intends to introduce by 7:00 p.m. (Eastern time) three days before the designations are intended to be used in court.  The parties will then meet and confer by 9:30 p.m. (Eastern time) the same day to confirm the status with respect to any previously designated counter-designations and objections.  New materials may not be added without good cause.  Once the parties have met and conferred, they will submit any remaining disputed designations for the Court's consideration by 9:00 a.m. (Eastern time) the following day, including highlighted copies of the disputed materials and an itemized list of the remaining objections, to ensure that the Court has the materials at least 48 hours before any disputed

designations are intended to be offered pursuant to the Court's standard procedure governing the submission and resolution of any outstanding disputes regarding designations.

Synthes proposes that deposition testimony shall be read or played in open court at the election of the offering party, as follows:  all of the testimony designated by the party offering the testimony for a given witness shall be read or viewed in full, followed by the testimony for that witness that has been designated by the other party (i.e., the counter-designated testimony). Globus disagrees and alternatively proposes that designations of deposition testimony shall be read or played in open court in chronological order, regardless of whether the testimony was designated by the offering party or the non-offering party.  Regardless of whether deposition testimony is read or played in open court, the time available for each party's trial presentation shall be reduced by the length of its designations and counter-designations.

By 7:00 p.m. (Eastern time) on the day before the deposition testimony is to be read or played in open court, the party offering the designated testimony shall serve the other party with a DVD containing video clips of the designations and counter-designations in chronological order.  Unless otherwise instructed by the Court, the parties shall submit a copy of such DVD to the Court at the time the designated testimony is offered.

All irrelevant and redundant material, including colloquy between counsel and objections, will be eliminated when the deposition is read or viewed at trial.

VI.    EXHIBITS

A.  Exhibits on Exhibit List

Synthes' list of exhibits that it intends to offer at trial, except demonstrative exhibits and exhibits to be used solely for impeachment, and Globus' objections to Synthes' exhibits, are attached as Exhibit 8.  Synthes' trial exhibits will be identified with PTX numbers, starting at PTX1.  Globus' trial exhibits will be identified with DTX numbers, starting at DTX1.  The

parties may offer exhibits jointly identified with JTX numbers. To the extent an exhibit has both a PTX number and a DTX number and the exhibit is not offered jointly by the parties, after the exhibit has been admitted into evidence, the parties will refer to the exhibit by the PTX number or DTX number under which it was originally admitted into evidence.  The parties agree that, for exhibits that were produced by the parties in this case, subject to the objections raised against those exhibits, the parties may use the native versions of such exhibits at trial.  For example, if a PowerPoint presentation was produced during discovery in black-and-white format, a color version of the presentation may be used at trial.  Should the party that produced a non-native exhibit during discovery wish to present a native version of the exhibit at trial, that party will provide the native version to the opposing party as soon as possible, but in no event less than three days before its introduction at trial.  Should the party that received a non-native exhibit during discovery wish to present a native version of the exhibit at trial, the party that produced the document will make reasonable efforts in good faith to supply the receiving party with a native version of the exhibit.

Globus' list of exhibits that it intends to offer at trial, except demonstrative exhibits and exhibits to be used solely for impeachment, and Synthes' objections to Globus' exhibits, are attached as Exhibit 9.  On or before the first day of trial, counsel will deliver to the Courtroom Deputy a completed AO Form 187 exhibit list for each party.

Any party may use an exhibit that is listed on the opposing party's exhibit list, to the same effect as though it were on its own exhibit list, subject to all evidentiary objections.  Any exhibit, once admitted at trial, may be used by any party, if that use would be permitted by the Federal Rules of Evidence, the Federal Rules of Civil Procedure, and any confidentiality or other agreements between the parties.  The listing of a document on a party's list is not an admission

that such document is admissible when offered by the opposing party for the purpose that the opposing party wishes to admit the document.

The parties will identify exhibits to be used in connection with direct examination of its witnesses by 7:00 p.m. (Eastern time) two calendar days before their intended use, and objections will be provided no later than 9:00 a.m. (Eastern time) the following day.  The parties shall meet and confer to resolve any objections to such exhibits as soon as possible thereafter.  If good faith efforts to resolve the objections fail, the party objecting to the exhibits shall bring its objections to the Court's attention prior to the witness being called to the witness stand.

B. Demonstrative Exhibits

The parties agree that the demonstrative exhibits that the parties intend to use at trial do not need to be included on their respective lists of trial exhibits.  Synthes' demonstratives will be identified with PDX numbers, starting with PDX1.  Globus' demonstratives will be identified with DDX numbers, starting with DDX1.  For each demonstrative exhibit that is based on a document or documents produced or exchanged in discovery in this litigation, the parties shall include a reference to all documents, data or information that form the basis for the exhibit either:  (a) on the face of the exhibit; or (b) in a table or other writing provided at the time the exhibit is exchanged with the other parties pursuant to the paragraphs below.  Such reference shall include the respective Bates numbers for the source documents where such source documents were produced with Bates numbers.

The parties will exchange demonstratives to be used in opening statements by 7:00 p.m. (Eastern time) two days before opening statements.  The parties will provide any objections to such demonstratives by 12 noon (Eastern time) on the day before opening statements. The parties will provide demonstrative exhibits (identified by witness) to be used in connection with direct examination by 7:00 p.m. (Eastern time) two calendar days before their intended use,

13

and objections will be provided no later than 9:00 a.m. (Eastern time) the following day.  The

parties shall meet and confer as soon as possible thereafter to resolve the objections.  If good

faith efforts to resolve objections to demonstrative exhibits fail, the objecting party shall bring its

objections to the Court's attention prior to the opening statements or prior to the applicable

witness being called to the witness stand.   If any of the demonstratives change after the deadline,

the party intending to use the demonstrative will promptly notify the opposing party of the

change(s).

The party seeking to use a demonstrative will provide a color representation of the

demonstrative to the other side in PDF form.  However, for video or animations, the party

seeking to use the demonstrative will provide it to the other side via email, or on a DVD, CD or

FTP site, in an electronic file type that enables the receiving party to play the video or animation

as it is intended to be used in court.  For irregularly sized physical exhibits (either on the trial

exhibit list or intended to be used as a demonstrative), the party seeking to use the exhibit will

provide a color representation of the exhibit as a PDF and will note on the first page both the

exhibit number and that the PDF depicts a physical exhibit.

This provision does not apply to demonstratives created during testimony or

demonstratives to be used for cross examination, neither of which need to be provided to the

other side in advance of their use.  In addition, blow-ups or highlights of exhibits or parts of

exhibits or testimony are not required to be provided to the other side in advance of their use.

VII.   <u>DAMAGES</u>

<u>Synthes' Statement</u>:  Synthes seeks damages for Globus' infringement of the Asserted

Patents pursuant to 35 U.S.C. § 284.  More specifically, Synthes will ask the jury to award a

royalty of 15 percent (and not less than 10 percent should one or more of the Asserted Patents be

found invalid or not infringed) on Globus' revenues on sales of the Accused Products.  Based on

the sales data Globus has provided to date, Synthes' claim for reasonable royalty damages is approximately $16 million. Synthes requests a post-trial accounting of damages. Synthes also intends to seek post-trial relief, including enhanced damages, prejudgment and postjudgment interest, costs, attorneys' fees, and injunctive relief.

Globus' Statement: Globus seeks damages for its fees and costs under at least 35 U.S.C. § 285 and FED. R. CIV. P. 11(c) and 37(c). Globus intends to address the specific nature of these damages in post-trial briefing. Synthes is not entitled to any damages, nor is it entitled to enhanced damages, pre- or post-judgment interest, costs, attorneys' fees, injunctive relief, or any other relief. Even assuming, *arguendo*, that Synthes is entitled to damages, it would only be entitled to a reasonable royalty. A royalty of 15 or 10 percent would not be reasonable. A reasonable royalty would be between 3 percent and 5 percent. Notwithstanding Globus' contention that all Asserted Claims are not infringed and are invalid, if all Accused Products are found to infringe all Asserted Claims, Synthes' claim for reasonable royalty damages would lie between $3.2 and $5.3 million. If all Accused Products are found to not infringe the '207 patent, but found to infringe the '616 and/or '207 patents, Synthes' claim for reasonable royalty damages would lie between $2.2 and $3.7 million. Synthes' claim for reasonable royalty damages could be further reduced depending on (1) the particular royalty rate applied by the fact finder, (2) which of the three Accused Products, and the various sizes thereof, are found to infringe, and (3) which of the Asserted Claims are found to be infringed.

VIII.   BIFURCATED TRIAL

Globus requests that, as a matter of appropriate trial management, and given the complexity of, and associated prejudice with, the issues in this case, that the trial be bifurcated such that alleged infringement and invalidity be tried first, and depending on the jury verdict, a second trial on alleged damages and willfulness be tried immediately thereafter, pursuant to FED.

R. CIV. P. 42(b).  *See Lab. Skin Care, Inc. v. Ltd. Brands, Inc.,* 757 F. Supp. 2d 431, 441-42 (D. Del. 2010) (Stark, J.) (bifurcating liability from damages and willfulness).  Synthes opposes bifurcation.   Globus told Synthes it intended to file a motion to bifurcate and did not include any reasons why it wanted bifurcation in the Pretrial Order.  Then, slightly over 2 hours before the Pretrial Order was due to be filed with the Court, Globus indicated that it would not file a motion to bifurcate and instead inserted improper argument in support of its bifurcation request.  Synthes believes this request should be made by motion and is improper as part of the Pretrial Order.  However, because Synthes has not had an opportunity to prepare a response and still file the Pretrial Order on time, it will submit a response to the Court on May 13, 2013, providing its reasons for opposing bifurcation.

IX.    MOTIONS *IN LIMINE*

Synthes' motions *in limine*, Globus' oppositions to such motions, and Synthes' replies to such motions are attached as Exhibit 10.

Globus' motions *in limine*, Synthes' oppositions to such motions, and Globus' replies to such motions are attached as Exhibit 11.

X.    DISCOVERY

Each party has completed discovery.

XI.    NUMBER OF JURORS

There shall be eight jurors.  The Court will conduct jury selection through the "struck juror" method, beginning with the Court reading voir dire to the jury panel in the courtroom, continuing by meeting with jurors individually in chambers and there addressing any challenges for cause, and concluding back in the courtroom with peremptory strikes.

XII.   NON-JURY TRIAL

The parties request that, to the extent necessary, any remaining legal issues that are to be decided by the Court be addressed in post-trial briefing or other proceedings as the Court deems appropriate.  The parties will meet and confer regarding a post-trial schedule and submit said schedule to the Court on or before July 8, 2013.  Nothing herein prevents a party from submitting additional evidence in support of its arguments on issues that were not decided by the jury.

XIII.   LENGTH OF TRIAL

The case is currently set for a ten-day jury trial starting on Monday, June 3, 2013. Globus believes that it is possible that the parties will need less time depending on the outcome of the pending summary judgment and *Daubert* motions.  Time will be charged to a party for its opening statement, direct and redirect examinations of witnesses it calls (including by designation), cross-examination of witnesses called by the opposing party (including by designation), and closing argument.  Pursuant to the Court's May 7, 2013 Oral Order, Synthes requests 30 hours per side for its presentation at trial, and Globus requests 25 hours per side for their presentation at trial.  The Courtroom Deputy, with the assistance of the parties, will keep a running total of trial time used by counsel.

XIV.   AMENDMENTS OF THE PLEADINGS

The parties do not desire any amendments to the pleadings.

XV.   ADDITIONAL MATTERS

A.   Courtroom Access

The parties respectfully request that the Court grant access to the Courtroom on the last business day before trial begins for purposes of setting up electronic and computer devices.

B.  Sequestration

Globus respectfully requests that, with respect to sequestration, Dr. John Hall be

excluded from the courtroom during (i) opening statements, (ii) Synthes' case-in-chief, and (iii)

any remaining portions of the case that are known in advance to pertain to infringement issues or

issues regarding Globus' confidential information.  Dr. Hall intends to offer opinions on behalf

of Synthes that pertain only to invalidity, meaning that his presence is not "essential" under FED.

R. EVID. 615 during the infringement phase of the case.  Gov. of Virgin Islands v. Edinborough,

625 F.2d 472, 475 (3rd Cir. 1980) ("[U]nder Rule 615 sequestration must be given unless the

party opposing the exclusion has convinced the court to exercise its discretion to except a

particular witness from the sequestration order on the basis of his or her necessity to the

presentation of a party's cause.").  Moreover, Globus previously agreed to withdraw an objection

under the Protective Order after Synthes and Dr. Hall promised that Globus' confidential

information will not be disclosed to, or considered by, Dr. Hall.  This protection for Globus

extends beyond Dr. Hall's opinions in this case, since, unrelated to his retention by Synthes in

this case, Dr. Hall also serves as a paid consultant to Synthes for its patented products and related

pipeline products.  As such, Globus' request for sequestration is further required under the

parties' agreement.  Globus additionally requests that Dr. Paul Ducheyne be excluded during

Synthes' case-in-chief since, like Dr. Hall, his opinions pertain only to invalidity, and thus his

presence is not "essential" during the infringement phase of the case.

Synthes respectfully submits that no expert witnesses should be sequestered.  Expert

witnesses are in part responding to opposing experts, and as such should be entitled to be present

when opposing experts present their opinions.  Experts also may, and in this case are, relying in

part on the subsidiary opinions of other experts and should be entitled to hear that testimony.[2]

Moreover, experts should be entitled to hear the testimony of fact witnesses because the experts have based their opinions on the factual record.  Synthes' experts' presence during testimony is no less essential than Globus' experts' presence.

Globus' effort to sequester only Drs. Hall and Ducheyne, while its own expert remains unsequestered, is simply an attempt to obtain an unfair advantage.  Globus' reference to the parties' agreement regarding Dr. Hall is a red herring.  This agreement addressed Globus' concern that Dr. Hall not offer opinions based on Globus' confidential information Dr. Hall may have seen as a result of his prior dealings with Globus.  This cannot occur at trial because Dr. Hall's opinions are limited by his expert reports, and he would not be able to offer new opinions based on information he hears at trial.  Accordingly, the parties' agreement regarding Dr. Hall does not require sequestration.[3]

If the Court sequesters any expert witnesses, then Synthes requests that the Court sequester *all* expert witnesses, consistent with Judge Stark's form Proposed Final Pretrial Order, which states that "[i]n the absence of an alternative agreement between the parties, witnesses will be sequestered."

C.  Asserted Claims

Globus further respectfully requests that, in order to simplify this case for presentation to the jury, and to narrow the set of legal and factual issues that must be decided, the Court order

---

[2] For example, Dr. Hall has relied on Dr. Ducheyne's opinions, and Dr. Ducheyne has relied on the opinions of Dr. Hall and Dr. Gering.  Synthes identified numerous issues that require expertise in multiple disciplines in its Opposition to Globus' Motion *in Limine* #2.

[3] Synthes has a similar agreement with Globus precluding Dr. Coric from access to any confidential DePuy information.  For this additional reason, Synthes requests that the Court give equal treatment to the parties' experts.

Synthes, within one week of the entry of this order, to select five representative asserted claims for trial.

Synthes objects to Globus' request that Synthes select five representative asserted claims for trial.  Synthes has limited the number of asserted claims to 19 claims (including only five independent claims) across 3 patents, which is not unwieldy.  Indeed, Globus previously represented to the Court that it intended to move to require Synthes to limit the number of asserted claims and the number of independent claims only if Synthes asserted more than the 19 claims in this case.  (D.I. 41,fn. 1.)  Furthermore, Globus has made no showing that the claims are duplicative.  In re Katz Interactive Call Processing Patent Litigation, 639 F.3d 1303, 1311 (Fed. Cir. 2011).

> D.   Impact of The Court's Claim Construction Rulings on Pending Motions

Synthes' position as to how the Court's claim construction rulings impact pending motions is set forth in Exhibit 12.

Globus' position as to how the Court's claim construction rulings impact pending motions is set forth in Exhibit 13.

> E.   Other Issues to Be Raised

Globus intends to file a Motion for Reconsideration regarding a subset of rulings that were addressed in the Court's May 7, 2013 Memorandum Opinion (D.I. 252) and Order (D.I. 253) regarding claim construction.  Globus has declined at this time to inform Synthes of the specific aspects of the Court's Order on which it intends to seek reconsideration.  Synthes generally does not believe that reconsideration is warranted.  Globus also intends to file a Motion for Leave to file a summary judgment motion that addresses one aspect of the Court's claim construction Order.  Synthes will oppose this Motion for Leave.

XVI.   <u>SETTLEMENT</u>

The parties hereby certify that they have engaged in a good faith effort to explore

resolution of the controversy by settlement.  The parties, through their respective counsel, have

considered the possibility of settlement and mediated this dispute on May 7, 2013 before

Magistrate Judge Christopher J. Burke.

**IT IS HEREBY ORDERED** that this Final Pretrial Order shall control the subsequent

course of the action, unless modified by the Court to prevent manifest injustice.


DATED: _____        _____
                                UNITED STATES DISTRICT JUDGE

                                APPROVED AS TO FORM AND
                                SUBSTANCE:

                                _____
                                ATTORNEY FOR PLAINTIFF(S)


                                _____
                                ATTORNEY FOR DEFENDANT(S)

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DEPUY SYNTHES PRODUCTS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 11-652-LPS |
| | ) | |
| GLOBUS MEDICAL, INC., | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

**EXHIBIT 1**
**STATEMENT OF UNCONTESTED FACTS**

1.      DePuy Synthes Products, LLC ("Synthes") is a Delaware limited liability company in the medical device business.

2.      Globus Medical, Inc. ("Globus") is a Delaware corporation in the medical device business.

3.      Synthes is the assignee of U.S. Patent Nos. 7,846,207 ("the '207 patent"), 7,862,616 ("the '616 patent") and 7,875,076 ("the '076 patent") (collectively the "Asserted Patents").

4.      The '207 patent issued on December 7, 2010.  The '616 patent issued on January 4, 2011.  The '076 patent issued on January 25, 2011.

5.      Globus makes, uses, sells, and/or offers to sell the Independence® ALIF System ("Independence"), the Coalition® ACDF System ("Coalition"), and the InterContinental® Plate-Spacer ("InterContinental") products (collectively "the Accused Products") in the United States.

6.      Synthes sued Globus regarding the Asserted Patents on July 22, 2011.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DEPUY SYNTHES PRODUCTS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 11-652-LPS |
| | ) | |
| GLOBUS MEDICAL, INC., | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

**EXHIBIT 2**
**SYNTHES' STATEMENT OF CONTESTED FACTS**

# REDACTED

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DEPUY SYNTHES PRODUCTS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 11-652-LPS |
| | ) | |
| GLOBUS MEDICAL, INC., | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

**EXHIBIT 3**
**GLOBUS' STATEMENT OF CONTESTED FACTS**

REDACTED

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DEPUY SYNTHES PRODUCTS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 11-652-LPS |
| | ) | |
| GLOBUS MEDICAL, INC., | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

**EXHIBIT 4**
**SYNTHES' STATEMENT OF ISSUES OF LAW**

I.      DIRECT INFRINGEMENT

1.      Whether Globus' Accused Products literally infringe any of the Asserted Claims.

Authorities:

Markman v. Westview Instruments, Inc., 52 F.3d 967 (Fed. Cir. 1995); Frank's Casing Crew &

Rental Tools, Inc. v. Weatherford Int'l, Inc., 389 F.3d 1370 (Fed. Cir. 2004); Acumed LLC v.

Stryker Corp., 483 F.3d 800 (Fed. Cir. 2007); Becton Dickinson and Co. v. C.R. Bard, Inc., 922

F.2d 792, 797 (Fed. Cir. 1990) (a portion of an integral structure can satisfy a claim limitation;

additional structure present in an accused device should be disregarded in an infringement

analysis).

II.     INFRINGEMENT UNDER THE DOCTRINE OF EQUIVALENTS

2.      Whether Globus' Accused Products infringe any of the Asserted Claims under the

doctrine of equivalents.

Authorities:

Warner-Jenkinson Co. v. Hilton Davis Chem. Co., 520 U.S.17 (1997); Overhead Door Corp. v.

Chamberlain Group, Inc., 194 F.3d 1261 (Fed. Cir. 1999); Dolly, Inc. v. Spalding & Evenflo

Cos., 16 F.3d 394, 398 (Fed. Cir. 1994) ("The doctrine of equivalents does not require a one-to-

one correspondence between components of the accused device and the claimed invention. . . .

An accused device may infringe under the doctrine of equivalents even though a combination of

its components performs a function performed by a single element in the patented invention.")

(internal citations omitted); Linear Tech. Corp. v. Int'l Trade Comm'n, 566 F.3d 1049, 1057-59

(Fed. Cir. 2009) (a disclaimer of claim scope under the doctrine of equivalents is found only

where there has been a "clear and unmistakable disavowal" of claim scope); Bose Corp. v. JBL,

Inc., 274 F.3d 1354, 1359-60 (Fed. Cir. 2001) (prosecution history estoppel does not apply to

amendments made during prosecution that do not narrow claim scope); Turbocare Div. of

Demag Delaval Turbomachinery Corp. v. GE, 264 F.3d 1111, 1125-26 (Fed. Cir. 2001) (same);

Insituform Techs., Inc. v. Cat Contr., Inc., 161 F.3d 688, 693 (Fed. Cir. 1988) (a doctrine of

equivalents analysis focuses on whether the function-way-result of the corresponding structure in

the accused device is substantially the same as that of the claim limitation, not some additional

structure).

III.   INDIRECT INFRINGEMENT

     3.     Whether Globus induces or contributes to infringement of any of the Asserted

Claims.

Authorities:

Akamai Techs., Inc. v. Limelight Networks, Inc., 692 F.3d 1301 (Fed. Circ. 2012); Lucent

Techs., Inc. v. Gateway, Inc., 580 F.3d 1301 (Fed. Cir. 2009); Arlington Indus., Inc. v.

Bridgeport Fittings, Inc., C.A. No. 3:02-CV-0134, 2013 U.S. Dist. LEXIS 37503 (M.D. Pa. Mar.

19, 2013); Medtronic, Inc. v. AGA Med. Corp., C.A. No. 06-0567, 2009 U.S. Dist. LEXIS

36168 (N.D. Cal. Apr. 28, 2009).

IV.   WILLFUL INFRINGEMENT

     4.     Whether Globus willfully infringed one or more claims of the '207, '616 or

'076 patents.

Authorities:

i4i Ltd. P'ship v. Microsoft Corp., 598 F.3d 831 (Fed. Cir. 2010); In re Seagate Tech. LLC, 497

F.3d 1360 (Fed. Cir. 2007); Gustafson, Inc. v. Intersystems Indus. Prods., Inc., 897 F.2d 508, 510

(Fed. Cir. 1990) (courts look to totality of the circumstances to determine willfulness; "there

cannot be hard and fast per se rules" with respect to willfulness); Tomita Techs. USA, LLC v.

Nintendo Co., Ltd., C.A. No. 11-civ-4256 (JSR), 2012 U.S. Dist. LEXIS 92196, at *32-33

(S.D.N.Y. June 26, 2012) (actual notice of the patent-in-suit is not a prerequisite to willful

infringement, especially where accused infringer regularly conducted patent searches and "knew precisely what to search for"); Sargent Mfg. Co. v. Cal-Royal Prods., C.A. No. 3:08-cv-408 (VLB), 2012 U.S. Dist. LEXIS 23852, at *20, 24 (D. Conn. Feb. 24, 2012) (actual notice of the patent-in-suit is not a prerequisite to willful infringement); Ateliers de la Haute-Garonne v. Broetje Automation-USA Inc., Civ. A. No. 09-598-LPS, 2011 U.S. Dist. LEXIS 105568, at *6 (D. Del. Sept. 16, 2011); Boston Sci. Corp. v. Cordis Corp., Civ. No. 10-315- SLR, 2011 U.S. Dist. LEXIS 46210, at *1-5 (D. Del. Apr. 28, 2011) (the Patent Office's grant of reexamination does not, as a matter of law, render an infringer's defenses objectively reasonable); St. Clair Intellectual Prop. Consultants, Inc. v. Matsushita Elec. Indus. Co., Civ. A. No. 04-1436-JJF-LPS, 2009 U.S. Dist. LEXIS 66359, at *4-9 (D. Del. July 28, 2009) (same); TruePosition Inc. v. Andrew Corp., 611 F. Supp. 2d 400, 410-11 (D. Del. 2009) (an infringer's refusal to stop selling its accused products after being accused of infringement may establish willfulness).

V.      VALIDITY

        5.      Whether any of the Asserted Claims are invalid as anticipated by Fraser, Michelson '019 or Kozak.

Authorities:

35 U.S.C. § 102; Akamai Techs. v. Cable & Wireless Internet Servs., 344 F.3d 1186 (Fed. Cir. 2003); Advanced Display Sys., Inc. v. Kent State Univ., 212 F.3d 1272 (Fed. Cir. 2000), cert. denied, 532 U.S. 904 (2001); In re Paulsen, 30 F.3d 1475, 1478-79 (Fed. Cir. 1994) (a single reference must disclose each and every limitation of the claim, enable practice of the claimed invention and describe the invention sufficiently to place it in possession of one of ordinary skill); Ferag AG v. Grapha-Holding AG, 905 F. Supp. 1 (D.D.C. 1995); Connell v. Sears, Roebuck & Co., 722 F.2d 1542 (Fed.Cir.1983); Therasense, Inc. v. Becton, Dickinson & Co., 593 F.3d 1325, 1332 (Fed. Cir. 2010) ("The way in which the elements are arranged or combined

in the claim must itself be disclosed, either expressly or inherently, in an anticipatory

reference"); <u>Schering Corp. v. Geneva Pharms., Inc.</u>, 339 F.3d 1373 (Fed. Cir. 2003), reh'g and

reh'g en banc denied, 348 F.3d 992 (Fed. Cir. 2003); <u>Cont'l Can Co. USA, Inc. v. Monsanto Co.</u>,

948 F.2d 1264 (Fed. Cir. 1991); <u>In re Oelrich</u>, 666 F.2d 578 (C.C.P.A. 1981)); <u>Verdegaal Bros.</u>

<u>v. Union Oil Co.</u>, 814 F.2d 628 (Fed. Cir. 1987); <u>McGinley v. Franklin Sports, Inc.</u>, 262 F.3d

1339, 1353 (Fed. Cir. 2001) ("When no prior art other than that which was considered by the

PTO examiner is relied on by the attacker, he has the added burden of overcoming the deference

that is due to a qualified government agency presumed to have properly done its job, which

includes one or more examiners who are assumed to have some expertise in interpreting the

references and to be familiar from their work with the level of skill in the art and whose duty it is

to issue only valid patents."); <u>Am. Hoist & Derrick Co. v. Sowa & Sons</u>, 725 F.2d 1350, 1359

(Fed. Cir. 1984) (same); <u>Scripps Clinic & Research Found. v. Genentech, Inc.</u>, 927 F.2d 1565,

1577 (Fed. Cir. 1991) (no anticipation where it is necessary to provide expert testimony or

otherwise "reach beyond the boundaries of a single reference to provide missing disclosure of the

claimed invention").

      6.     Whether any of the Asserted Claims are invalid as obvious based on a

combination of Fraser, Kozak, Michelson '019, Bray, LeHuec and/or the knowledge of a person

of ordinary skill in the art.

<u>Authorities</u>:

35 U.S.C. § 103; <u>KSR Int'l Co. v. Teleflex, Inc.</u>, 550 U.S. 398 (2007); <u>Graham v. John Deere</u>

<u>Co. of Kan. City</u>, 383 U.S. 1 (1966); <u>Rolls-Royce, PLC v. United Techns. Corp.</u>, 603 F.3d 1325,

1339 (Fed. Cir. 2010) (invention not obvious where a person of ordinary skill in the art did not

have a motivation or a "good reason to pursue the known options within his or her technical

grasp"); <u>Ortho-McNeil Pharm., Inc. v. Mylan Labs., Inc.</u>, 520 F.3d 1358, 1364-65 (Fed. Cir. 2008) (invention not obvious where accused infringer "simply retraced the path of the inventor with hindsight, discounted the number and complexity of the alternatives, and concluded that the invention [ ] was obvious.").

7.      Whether secondary considerations support a finding that the Asserted Claims are not obvious.

<u>Authorities</u>:

<u>Demaco Corp. v. F. Von Langsdorff Licensing Ltd.</u>, 851 F.2d 1387 (Fed. Cir. 1988); <u>In re Cyclobenzaprine Hydrochloride Extended-Release Capsule Patent Litig.</u>, 676 F.3d 1063, 1078 (Fed. Cir. 2012), cert. denied, No. 12-514 (Jan. 14, 2013) (patentee never bears the burden of persuasion with respect to secondary considerations); <u>Medtronic, Inc. v. Daig Corp.</u>, 789 F.2d 903, 907 (Fed. Cir. 1986) (a nexus between the invention and the secondary consideration exists if the advantages underlying the secondary consideration result from practicing the patent claims); <u>In re Glatt Air Techniques, Inc.</u>, 630 F.3d 1026, 1030 (Fed. Cir. 2011) (patentee must not sell every conceivable embodiment of the claims in order for a secondary consideration to be commensurate in scope with the claimed invention); <u>Advanced Display Sys., Inc. v. Kent State Univ.</u>, 212 F.3d 1272, 1285-86 (Fed. Cir. 2000) (the secondary consideration of copying arises when the accused infringer copies the claimed invention or covered product).

8.      Whether the Asserted Claims of the '076 patent are invalid as not enabled or not adequately described under 35 U.S.C. § 112.

<u>Authorities</u>:

35 U.S.C. § 112; <u>Modine Mfg. Co. v. United States Int'l Trade Comm'n</u>, 75 F.3d 1545, 1557 (Fed.Cir.1996) ("[w]hen claims are amenable to more than one construction, they should when

reasonably possible be interpreted so as to preserve their validity."); Tate Access Floors, Inc. v. Interface Architectural Res., Inc., 279 F.3d 1357, 1369 (Fed. Cir. 2002) (same).

9.      Whether the Asserted Claims are invalid as indefinite under 35 U.S.C. § 112.

Authorities:

35 U.S.C. § 112; Ateliers de la Haute-Garonne v. Broetje Automation-USA Inc., Civ. A. No. 09-598-LPS, 2011 U.S. Dist. LEXIS 18081, at *47-48 (D. Del. Feb. 23, 2011) (giving "substantially equals" a functional construction); Medrad, Inc. v. MRI Devices Corp., 401 F.3d 1313 (Fed. Cir. 2005); Am. Superconductor Corp. v. S & C Elec. Co., Civ. A. No. 11-10033-FDS, 2012 U.S. Dist. LEXIS 167132, at *22 (D. Mass. Nov. 26, 2012) (construing "substantially simultaneously" with respect to the purpose of the claim limitation in the invention); Advanced Cartridge Techs., LLC v. Lexmark Int'l, Inc., No. 8:10-cv-486-T-23TGW, 2012 U.S. Dist. LEXIS 20952, at *14 (M.D. Fla. Feb. 21, 2012) (defining "substantially related" in a qualitative, functional manner); Exxon Research & Eng'g Co. v. U.S., 265 F.3d 1371 (Fed. Cir. 2001).

VI.    COMPENSATORY DAMAGES

10.      Whether Synthes is entitled to reasonable royalty damages for infringement of one or more claims of the '207, '616 and/or '076 patents.

Authorities:

35 U.S.C. § 284; Energy Transp. Group, Inc. v. William Demant Holding A/S, 697 F.3d 1342, 1357 (Fed. Cir. 2012) (expert testimony that sufficiently ties the suggested reasonable royalty rates to the "benefit accorded by the patents at issue" is sufficient to support a royalty award); Transocean Offshore Deepwater Drilling, Inc. v. Maersk Drilling USA, Inc., 699 F.3d 1340, 1357 (Fed. Cir. 2012) (reasonable royalty may be based on "supposed result of hypothetical negotiations between the plaintiff and defendant"); Lucent Techs., Inc. v. Gateway, Inc., 580 F.3d 1301, 1336 (Fed. Cir. 2009) ("a reasonable royalty analysis necessarily involves an element

of approximation and uncertainty") (internal citations omitted); <u>Georgia-Pacific Corp. v. U.S.</u>

<u>Plywood Corp.</u>, 316 F. Supp. 1116 (S.D.N.Y. 1970).

      11.     Whether Synthes is entitled to an accounting of damages.

<u>Authorities</u>:

<u>Itron, Inc. v. Benghiat</u>, C.A. No. 99-501, 2003 U.S. Dist. LEXIS 15039, at *46-50 (D. Minn.

Aug. 29, 2003) (plaintiff entitled to accounting "where the jury did not consider certain periods

of infringing activity"); <u>Maxwell v. J. Baker, Inc.</u>, 879 F. Supp. 1007, 1011 (D. Minn. 1995);

<u>Mikohn Gaming Corp. v. Acres Gaming, Inc.</u>, C. A. No. CV-S-97-1383-EJW, 2001 U.S. Dist.

LEXIS 23416, at *52-65 (D. Nev. Aug. 1, 2001) (post-verdict accounting of damages is standard

practice in patent cases).

VII.    <u>PREJUDGMENT INTEREST</u>

      12.     Whether Synthes is entitled to prejudgment interest under 35 U.S.C. § 284.

<u>Authorities</u>:

35 U.S.C. § 284.

VIII.   <u>COSTS</u>

      13.     Whether Synthes is entitled to costs pursuant to Rule 54 of the Federal Rules of

Civil Procedure.

<u>Authorities</u>:  Fed. R. Civ. P. 54.

IX.    <u>ENHANCED DAMAGES</u>

      14.     Whether Synthes is entitled to enhanced damages pursuant to 35 U.S.C. § 284.

<u>Authorities</u>:

35 U.S.C. §. 284; <u>Read v. Portec</u>, 970 F.2d 816, 826-27 (Fed. Cir. 1992) (setting forth factors

that courts consider when awarding enhanced damages).

X.      EXCEPTIONAL CASE AND ATTORNEYS' FEES

15.      Whether Synthes is entitled to a declaration that this case is exceptional and an award of Synthes' attorneys' fees pursuant to 35 U.S.C. § 285.

Authorities:

35 U.S.C. § 285.

XI.     INJUNCTIVE RELIEF

16.      Whether Synthes is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

Authorities:

35 U.S.C. § 283; Broadcom v. Qualcomm, 543 F.3d 683 (Fed. Cir. 2008); Acumed LLC v. Stryker Corp., 551 F.3d 1323 (Fed. Cir. 2008); eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388 (2006).

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DEPUY SYNTHES PRODUCTS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 11-652-LPS |
| | ) | |
| GLOBUS MEDICAL, INC., | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

**EXHIBIT 5**
**GLOBUS' STATEMENT OF ISSUES OF LAW**

I.    DIRECT INFRINGEMENT

    1.    Whether Globus' Accused Products literally infringe any of the Asserted Claims.

AUTHORITIES:

*Markman v. Westview Instruments, Inc.*, 52 F.3d 967 (Fed. Cir. 1995); *Terlep v. Brinkmann Corp.*, 418 F.3d 1379 (Fed. Cir. 2005); *Frank's Casing Crew & Rental Tools, Inc. v. Weatherford Int'l, Inc.*, 389 F.3d 1370 (Fed. Cir. 2004); *Acumed LLC v. Stryker Corp.*, 483 F.3d 800 (Fed. Cir. 2007); *White v. Dunbar*, 119 U.S. 47, 51-52 (1886) (patent claims are not "like a nose of wax, which may be turned and twisted in any direction," rather, "[t]he claim is a statutory requirement, prescribed for the very purpose of making the patentee define precisely what his invention is."); *Bicon, Inc. v. Straumann Co*., 441 F.3d 945, 950-51 (Fed. Cir. 2006) ("Allowing a patentee to argue that physical structures and characteristics specifically described in a claim are merely superfluous would render the scope of the patent ambiguous, leaving examiners and the public to guess about which claim language the drafter deems necessary to his claimed invention and which language is merely superfluous, nonlimiting elaboration. For that reason, claims are interpreted with an eye toward giving effect to all terms in the claim."); *Unique Concepts, Inc. v. Brown*, 939 F.2d 1558 (Fed. Cir. 1991) ("When the language of a claim is clear … and a different interpretation would render meaningless express claim limitations, we do not resort to speculative interpretation based on claims not granted."); *Becton Dickinson and Co. v. C.R. Bard, Inc.*, 922 F.2d 792, 797 (Fed. Cir. 1990) ("[A]dditional structure present in [an accused] device may, in appropriate circumstances, be disregarded in an infringement analysis," "appropriate circumstances" being only where "claim language reads directly on the accused device."); *Cordis Corp. v. Adv. Cardiovascular Sys., Inc.*, C.A. No. 97-550-SLR, 1999 WL 458303 (D. Del. June 18, 1999) ("[I]t is not appropriate to analytically disassemble the whole into some unknown combination of discrete parts in order to find literal infringement."); *Connell*

2

*v. Sears, Roebuck & Co.*, 722 F.2d 1542, 1550 (Fed. Cir. 1983) (no infringement of an invalid patent).

## II.    INFRINGEMENT UNDER THE DOCTRINE OF EQUIVALENTS

2.    Whether Globus' Accused Products infringe any of the Asserted Claims under the doctrine of equivalents.

AUTHORITIES:

*Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S.17 (1997); *Overhead Door Corp. v. Chamberlain Group, Inc.*, 194 F.3d 1261 (Fed. Cir. 1999) (infringement by equivalents is only appropriate where the accused structure "performs substantially the same function in substantially the same way to achieve substantially the same result as does the" missing element); *Dolly, Inc. v. Spalding & Evenflo Cos.*, 16 F.3d 394, 398 (Fed. Cir. 1994) (doctrine of equivalents cannot be used as a pretext to extend or enlarge claim scope or to ignore claim limitations; "[i]n short, the concept of equivalency cannot embrace a structure that is specifically excluded from the scope of the claims."); *DeMarini Sports, Inc. v. Worth, Inc*., 239 F.3d 1314, 1331-34 (Fed. Cir. 2001) ("The question of insubstantiality of the differences is inapplicable if a claim limitation is totally missing from the accused device."). *Zygo Corp. v. Wyko Corp*., 79 F. 3d 1563, 1569 (Fed. Cir. 1996) ("A finding of equivalency just because the same result is achieved is a flagrant abuse of the term 'equivalent.'"); *Zodiac Pool Care, Inc. v. Hoffinger Indus*., 206 F.3d 1408, 1417 (Fed. Cir. 2000) (not proper to "reduce the claims to nothing more than 'functional abstracts, devoid of meaningful structural limitations on which the public could rely.'") (citations omitted); *Planet Bingo, LLC v. GameTech Int'l, Inc*., 472 F.3d 1338, 1345 (Fed. Cir. 2006) (application of doctrine of equivalents not appropriate "where the accused device contain[s] the antithesis of the claimed structure."); *Freedman Seating Co. v. Am. Seating Co.*, 420 F.3d 1350, 1358 (Fed. Cir. 2005) ("[A]n element … is not, as a matter of law,

equivalent … if such a finding would entirely vitiate [a] limitation."); *The Johns Hopkins Univ. v. Datascope Corp.*, 543 F.3d 1342, 1348, n3 (Fed. Cir. 2008) ("FDA equivalence is irrelevant to patent law because it involves fundamentally different inquiries"); *SciMed Life Sys., Inc. v. Advanced Cardiovascular Sys., Inc.* (doctrine of equivalents cannot recapture subject matter "specifically identified, criticized, and disclaimed"); *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co., Ltd.*, 535 U.S. 722, 734 (2002) (presence of amendment triggers presumption that application of the doctrine of equivalents is precluded, because when patentee responds to "[a] rejection by narrowing his claims, [the] prosecution history estops him from later arguing that the subject matter covered by the original, broader claim was nothing more than an equivalent."); *Southwall Techs, Inc. v. Cardinal IG Co.*, 54 F.3d 1570, 1579 (Fed. Cir. 1995) (whether application of the doctrine of equivalents is restricted is a question of law).

III.   INDIRECT INFRINGEMENT

    3.    Whether Globus induces or contributes to infringement of any of the Asserted Claims.

AUTHORITIES:

*Deepsouth Packing Co. Laitram Corp.*, 406 U.S. 518, 526 (1972) (no indirect infringement without direct infringement); *Aro Mfg. Co. v. Convertible Top Replacement Co.*, 365 U.S. 336, 341-42 (1961)) (same); *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 692 F.3d 1301 (Fed. Cir. 2012) (plaintiff must prove defendant acted intentionally, with knowledge, to "cause[], urge[], encourage[], or aid[]" another party to infringe a claim); *Global-Tech Appliances, Inc., et al. v. SEB S.A.*, 563 U.S. _____, 131 S Ct. 2060, 2068 (2011) ("Induced infringement under § 271(b) requires knowledge that the induced acts constitute patent infringement"; though actual knowledge is not strictly required, knowledge can only be imputed if defendant was "willfully blind" and "(1) believe[d] subjectively that there is a high probability that [a patent] exists, and

(2) [took] deliberate actions to avoid learning of that [patent].”); *DSU Med. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1304 (Fed. Cir. 2006) (en banc) (similar).

IV.     WILLFUL INFRINGEMENT

        4.      Whether Globus willfully infringed one or more claims of the ’207, ’616, or ’076 patents.

AUTHORITIES:

*Powell v. Home Depot U.S.A., Inc.*, 663 F.3d 1221, 1236 (Fed. Cir. 2011) (“[A] willful infringement determination requires a two-pronged analysis entailing separate objective and subjective inquiries”; patentees must prove “the objective prong of the willful infringement by clear and convincing evidence as a predicate to the jury’s consideration of the subjective prong.”); *In re Seagate Tech. LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007) (“[A] patentee must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent”; “[t]he state of mind of the accused infringer is not relevant to this objective inquiry.”); *Bard Peripheral Vascular, Inc. v. W.L. Gore & Assocs., Inc.*, 682 F.3d 1003, 1005-06 (Fed. Cir. 2012) (“[T]he objective determination of recklessness, even though predicated on underlying mixed questions of law and fact, is best decided by the judge as a question of law subject to de novo review”; “[T]he ‘objective’ prong of *Seagate* tends not to be met where an accused infringer relies on a reasonable defense to a charge of infringement.”); *State Indus., Inc. v. A.O. Smith Corp.*, 751 F.2d 1226, 1236 (Fed. Cir. 1985) (“To willfully infringe a patent, the patent must exist and one must have knowledge of it”; “What the scope of the claims in patents that do issue will be is something totally unforeseeable”; and “keeping track of a competitor’s products and designing new and possibly better or cheaper functional equivalents is the stuff of which competition is made and is supposed to benefit the consumer.”); *Conopco, Inc. v. May Dep’t Stores Co.*, 46

F.3d 1556, 1562 (Fed. Cir. 1994) (knowledge of a pending patent application insufficient to support a finding a willfulness); *Gustafson, Inc. v. Intersystems Indus. Prods., Inc.*, 897 F.2d 508, 510 (Fed. Cir. 1990) (no requirement to cease manufacturing an accused product after learning of a patent or being sued on that patent); *Tarkus Imaging, Inc. v. Adobe Sys., Inc.*, 867 F. Supp. 2d 534, 537 (D. Del. 2012) (Stark, J.) ("[t]he reasonableness of a party's claim constructions is a question of law for the Court to determine"; "fact that [defendant] asserted reasonable constructions under which its products would not infringe precludes a finding that the first prong of *Seagate* is satisfied"; "[b]ecause [defendant] asserts credible, reasonable non-infringement theories, the first prong of Seagate cannot be satisfied … even if the Court or a jury ultimately rejects" them); *Cohesive Techs., Inc. v. Waters Corp.*, 543 F.3d 1351, 1374 (Fed. Cir. 2008) (similar); *Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1310 (Fed. Cir. 2011) (similar); *DePuy Spine Inc. v. Medtronic Sofamor Danek, Inc.*, 567 F.3d 1314, 1335-37 (Fed. Cir. 2009) (no willfulness when fact issues surround plaintiff's infringement contentions); *Plumley v. Mockett*, 836 F. Supp. 2d 1053, 1075 (C.D. Cal. 2010) (grant of reexamination factors against finding of willfulness); *TGIP, Inc. v. AT&T Corp.*, 527 F. Supp. 2d 561, 578-79 (E.D. Tex. 2007) (similar); 35 U.S.C. § 312(a) (heightened standard requiring demonstration of "reasonable likelihood" that requester will prevail in invalidating claims in order to institute *inter partes* reexamination).

## V.   VALIDITY

5.   Whether any of the Asserted Claims are invalid as anticipated by Fraser, Michelson '019, or Kozak.

AUTHORITIES:

35 U.S.C. § 102; *In re Paulsen*, 30 F.3d 1475, 1478-79 (Fed. Cir. 1994) (to be anticipating, a prior-art reference must disclose "each and every limitation of the claimed invention[,] ... must

be enabling[,] and [must] describe ... [the] claimed invention sufficiently to have placed it in possession of a person of ordinary skill in the field of the invention."); *Helifix, Ltd. v. Blok-Lok, Ltd.*, 208 F.3d 1339, 1347 (Fed. Cir. 2000) (where a reference "'does not expressly disclose in words' one or more elements of a patent claim[, the reference can] nevertheless be anticipating if one of ordinary skill in the art would understand the [reference] as disclosing [the missing elements] and if such person could have combined the [reference's] description of the invention with his own knowledge to make the claimed invention."); *In re Donohue*, 766 F.2d 531, 533 (Fed. Cir. 1985) ("[P]ossession is effected if one of ordinary skill … could have combined the publication's description of the invention with his own knowledge to make the claimed invention."); *Microsoft Corp. v. i4i Ltd. P'ship*, 564 U.S. ___, 131 S. Ct. 2238, 2245-46, 2249-50 (2011) ("Nothing in § 282's text suggests that Congress meant ... to enact a standard of proof that would rise and fall with the facts of each case"; fact that references were previously before the PTO goes only to the weight the court or jury might assign them; "if the PTO did not have all material facts before it, its considered judgment may lose significant force … concomitantly, the challenger's burden to persuade the jury of its invalidity defense by clear and convincing evidence may be easier to sustain."); *Sciele Pharma Inc. v. Lupin Ltd.*, 684 F.3d 1253, 1260 (Fed. Cir. 2012) ( "reasonable to give more weight to new arguments or references … not explicitly considered by the PTO").

6.   Whether any of the Asserted Claims are invalid as obvious based on a combination of Fraser, Kozak, Michelson '019, Bray, LeHuec, and/or the knowledge of a person of ordinary skill in the art.

AUTHORITIES:

35 U.S.C. § 103; *KSR Int'l Co. v. Teleflex, Inc.*, 550 U.S. 398, 421 (2007) ("When there is a design need or market pressure to solve a problem and there are a finite number of identified, predictable solutions, a person of ordinary skill has good reason to pursue the known options within his or her technical grasp.  If this leads to the anticipated success, it is likely the product not of innovation but of ordinary skill and common sense.  In that instance the fact that a combination was obvious to try might show that it was obvious."; where "a patent claims a structure already known in the prior art that is altered by the mere substitution of one element for another known in the field, the combination must do more than yield a predictable result"); *Graham v. John Deere Co. of Kansas City*, 383 U.S. 1, 86 S. Ct. 684, 15 L. Ed. 2d 545 (1966); *Perfect Web Technologies, Inc. v. InfoUSA, Inc.*, 587 F.3d 1324, 1329 ("the sources of information for a properly flexible obviousness inquiry … include market forces; design incentives; the 'interrelated teachings of multiple patents'; 'any need or problem known in the field of endeavor at the time of invention and addressed by the patent'; and the background knowledge, creativity, and common sense of the person of ordinary skill."); *Wyers v. Master Lock Co.*, 616 F.3d 1231, 1242 (Fed. Cir. 2010) ("where all of the limitations of the patent were present in the prior art references, and the invention was addressed to a 'known problem,' '*KSR* … compels [a finding] of obviousness."); *In re O'Farrell*, 853 F.2d 894, 904 (Fed. Cir. 1988) ("For obviousness under § 103, all that is required is a reasonable expectation of success.")

7.      Whether secondary considerations support a finding that the Asserted Claims are not obvious.

AUTHORITIES:

*Graham v. John Deere Co. of Kansas City*, 383 U.S. 1, 86 S. Ct. 684, 15 L. Ed. 2d 545 (1966)

*Ormco Corp. v. Align Tech., Inc.*, 463 F.3d 1299, 1311-12 (Fed. Cir. 2006) (alleged evidence of

secondary considerations "is only significant if there is a nexus" between it and the claimed invention); *In re Grasselli*, 713 F.2d 731, 743 (Fed. Cir. 1983) ("It is well settled that objective evidence [of] nonobviousness must be commensurate in scope with the claims which the evidence is offered to support"); *Therasense, Inc. v. Becton, Dickinson and Co*., 593 F.3d 1325, 1336 (Fed. Cir. 2010) (secondary consideration evidence is not 'commensurate in scope' if claims are broad enough to cover devices that do and do not have characteristic that the evidence is offered to support); *In re Huang*, 100 F.3d 135, 140 (Fed.Cir.1996) (with alleged evidence of commercial success, patentee must offer proof "that the sales were a direct result of the unique characteristics of the claimed invention "); *Demaco Corp. v. F. Von Langsdorff Licensing Ltd.*, 851 F.2d 1387, 1392 (Fed. Cir. 1988) (patentee has burden of proving the existence of a nexus); *Brown & Williamson Tobacco Corp. v. Philip Morris Inc*., 229 F.3d 1120, 1130 (Fed. Cir. 2000) (presumption of nexus only arises when product is "coextensive" with the claimed features); *In re Huai-Hung Kao*, 639 F.3d 1057, 1068 (Fed. Cir. 2011) (no nexus if secondary consideration evidence does not relate to novel aspect of the claim); *Tokai Corp. v. Easton Enters., Inc.*, 632 F.3d 1358, 1370 (Fed. Cir. 2011) (weak showing of secondary considerations does not overcome a strong *prima facie* case of obviousness); *State Indus., Inc. v. A.O. Smith Corp*., 751 F.2d 1226, 1236 (Fed. Cir. 1985) ("[K]eeping track of a competitor's products and designing new and possibly better or cheaper functional equivalents is the stuff of which competition is made and is supposed to benefit the consumer").

      8.     Whether the Asserted Claims of the '076 patent are invalid as not enabled or not adequately described under 35 U.S.C. § 112.

<u>AUTHORITIES:</u>

35 U.S.C. § 112; *Chef America, Inc. v. Lamb-Weston, Inc.*, 358 F.3d 1371, 1373-74 (Fed. Cir. 2004) (courts must construe claims "as written, not as patentees wish they had written [them]" and "may not redraft claims," even to avoid "a nonsensical result."); *Ariad Pharms., Inc. v. Eli Lilly and Co.*, 598 F.3d 1336, 1351, 1361 (Fed. Cir. 2010) (en banc) (to meet the written description requirement, specification must "reasonably convey[] to those skilled in the art that the inventor had possession of the claimed subject matter as of the filing date"; "To meet the enablement requirement, the specification of a patent must teach those skilled in the art how to make and use the full scope of the claimed invention without undue experimentation.").

9.      Whether the Asserted Claims are invalid as indefinite under 35 U.S.C. § 112.

AUTHORITIES:

35 U.S.C. § 112; *Star Scientific, Inc. v. R.J. Reynolds Tobacco Co.*, 537 F.3d 1357, 1371-73 (Fed. Cir. 2008) (a claim is indefinite when a person of ordinary skill in the art is unable to understand the bounds of the claim when read in light of the specification); *Enzo Biochem, Inc. v. Applera Corp.*, 599 F.3d 1325, 1333 (Fed. Cir. 2010) ("[w]hen a 'word of degree' is used, the court must determine whether the patent provides 'some standard for measuring that degree.'") (citations omitted); *Datamize, LLC v. Plumtree Software, Inc.*, 417 F.3d 1342, 1350 (Fed. Cir. 2005) ("Some objective standard must be provided in order to allow the public to determine the scope of the claimed invention."); *Halliburton Energy Services, Inc. v. M-I LLC*, 514 F.3d 1244, 1255-56 (Fed. Cir. 2008) ("[U]se of functional language can fail 'to provide a 'clear-cut indication of the scope of the subject matter embraced by the claim' and thus can be indefinite."); *Geneva Pharm., Inc. v. GlaxoSmithKline PLC*, 349 F.3d 1373, 1384 (Fed. Cir. 2003) (to construe a claim term such that a product "might infringe or not depending on its usage in changing circumstances" is the "epitome of indefiniteness."); *Synthes (USA) v. Smith &*

*Nephew, Inc.*, 547 F. Supp. 2d 436, 452-54 (E.D. Pa. 2008) (claim is indefinite if it is "victim to the subjectivity of individual surgeons using the device");

## VI.    COMPENSATORY DAMAGES

10.    Whether Synthes is entitled to reasonable royalty damages for infringement of one or more claims of the '207, '616, and/or '076 patents.

AUTHORITIES:

35 U.S.C. § 284; *Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 316 F. Supp. 1116 (S.D.N.Y. 1970) (setting out factors that may be considered in determining a reasonable royalty); *Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1312-18 (Fed. Cir. 2011) (plaintiff has burden to prove reasonable royalty damages, and "must sufficiently tie [any] expert testimony on damages to the facts of the case," otherwise, "the testimony must be excluded"; "[t]o be admissible, expert testimony opining on a reasonable royalty rate must carefully tie proof of damages to the claimed invention's footprint in the market place"; "any evidence unrelated to the claimed invention does not support compensation for infringement but punishes beyond the reach of the statute"; "licenses relied on by the patentee in proving damages must be sufficiently comparable to the hypothetical license at issue in suit, and that the patentee's failure to do so weights strongly against the jury's award relying on such non-comparable licenses"; plaintiff may not use "conveniently selected licenses without an economic or other link to the technology in question"; if the patentee cannot satisfy the Entire Market Value Rule, then "patentee ... must in every case give evidence tending to separate or apportion the defendant's profits and the patented features and the unpatented features."); *LaserDynamics, Inc. v. Quanta Comp., Inc.*, 694 F.3d 51, 68-69 (Fed. Cir. 2012) (not appropriate to apply Entire Market Value Rule unless "patented feature alone" causes customers to purchase the accused products; "It is not enough to merely show that the [patented feature] is viewed as valuable, important, or even essential .... [P]roof that

consumers would not want [the product] without [its many] features is not tantamount to proof that any one of those features alone drives the market."); *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1328, 1336 (Fed. Cir. 2009) (defendant's total revenues from sales of accused products can be used to calculate reasonable royalty damages *only if* the Entire Market Value Rule is satisfied, i.e., that "the feature patented constitutes the basis for customer demand" for the products; rejecting contention that licenses sharing a "personal computer kinship imparts enough comparability" to a patent regarding a specific method of entering information onto a computer screen); *Riles v. Shell Exploration and Production Co.*, 298 F.3d 1302, 1312 (Fed. Cir. 2002) (availability of noninfringing alternatives present at the time infringement first began should be accounted for in a hypothetical negotiation).

11.     In the event all of the asserted claims of the '207 Patent are found to be not infringed or invalid, whether Synthes' failure to comply with the requirements of 35 U.S.C. 287(a) limits the appropriate damages period for any infringement of one or more claims of the '616 and '076 Patents.

AUTHORITIES: 35 USC § 287(a); *Nike, Inc. v. Wal-Mart Stores, Inc*., 138 F.3d 1437, 1446 (Fed. Cir. 1998) ("The patentee bears the burden of proving compliance [with the marking statute] by a preponderance of evidence."); *Monsanto Co. v. Bowman*, 657 F.3d 1341, 1348 (Fed. Cir. 2011) ("Section 287(a) provides that a patent owner may recover damages for patent infringement only after providing actual notice to the accused infringer or constructive notice through marking the patented article or its package with the applicable patent number(s)."); *Texas Digital Systems, Inc. v. Telegenix, Inc*., 308 F.3d 1193, 1220 (Fed. Cir. 2002) ("[S]ection 287 'penalizes the use of unauthorized marks upon manufactured articles' and limits the extent to

which damages may be recovered where products covered by a U.S. patent are sold without the notice defined in the statute.") (quotation omitted).

VII.     PREJUDGMENT INTEREST

12.     Whether Synthes is entitled to prejudgment interest under 35 U.S.C. § 284.

AUTHORITIES:

35 U.S.C. § 284.

VIII.    COSTS

13.     Whether Synthes is entitled to costs pursuant to Rule 54 of the Federal Rules of Civil Procedure.

AUTHORITIES:  Fed. R. Civ. P. 54.

IX.     ENHANCED DAMAGES

14.     Whether Synthes is entitled to enhanced damages pursuant to 35 U.S.C. § 284.

AUTHORITIES:

35 U.S.C. §. 284; *Read v. Portec*, 970 F.2d 816, 826-27 (Fed. Cir. 1992) (setting forth factors that courts consider when awarding enhanced damages).

X.      EXCEPTIONAL CASE AND ATTORNEYS' FEES

15.     Whether Synthes is entitled to a declaration that this case is exceptional and an award of Synthes' attorneys' fees pursuant to 35 U.S.C. § 285.

AUTHORITIES:

35 U.S.C. § 285.

XI.     INJUNCTIVE RELIEF

16.     Whether Synthes is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

AUTHORITIES:

35 U.S.C. § 283; *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388 (2006) (setting out four factor test for injunctive relief); *Robert Bosch LLC v. Pylon Mfg. Corp.*, 659 F.3d. 1142, 1149 (Fed. Cir. 2011) ("We take this opportunity to put the question to rest and confirm that eBay jettisoned the presumption of irreparable harm as it applies to determining the appropriateness of injunctive relief."); *ActiveVideo Networks, Inc. v. Verizon Communications, Inc.*, 694 F.3d 1312, 1337-42 (Fed. Cir. 2012) (loss of market share by the patentee's non-exclusive licensee does not make the patentee's harm irreparable where alleged infringer and patentee do not compete); *Advanced Cardiovascular Sys., Inc. v. Medtronic Vascular, Inc.*, 579 F. Supp. 2d 554, 559 (D. Del. Sept. 26, 2008) (in a crowded market, unclear relationship between infringing sales and plaintiff's loss of market share weighs against finding of irreparable harm).

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DEPUY SYNTHES PRODUCTS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 11-652-LPS |
| | ) | |
| GLOBUS MEDICAL, INC., | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

**EXHIBIT 6**
**SYNTHES' DEPOSTION DESIGNATIONS**

## SYNTHES' DEPOSITION DESIGNATIONS

Globus uses the following abbreviations for objections to Synthes' deposition designations:

| | |
|---|---|
| B | Not Best Evidence (FRE 1002, 1003 and/or 1004) |
| C | Cumulative, Issue Confusion, Misleading, Undue Delay or Wasteful (FRE 403) |
| H | Hearsay/Improper Use of Deposition (FRE 802 and/or FRCP 32) |
| K | Lack of Personal Knowledge/Incompetent (FRE 602) |
| L | Calls for Legal Conclusion |
| NR | Nonresponsive |
| LF | Lack of Foundation (FRE 103, 104 and/or 105) |
| O | Improper Lay or Expert Opinion (FRE 701–703) |
| R | Relevance (FRE 402) |
| S | Calls for Speculation |
| I (xx) | Incomplete (FRE 106) (xx = Missing Necessary Testimony) |
| V | Vague/Ambiguous/Compound |
| NT | Not Testimony |
| 30(b)(6) | Beyond the Scope of the Rule 30(b)(6) Deposition Topic |
| MIL# | Objected to Based on Numbered Motion-in-Limine |

Synthes uses the following abbreviations for objections to Globus' counter-designations:

| OBJECTION CODE | DESCRIPTION | BASIS |
|---|---|---|
| E | Improper expert testimony | Fed. R. Evid. 104, 702, 703 |
| F | Lack of foundation or personal knowledge, including for reasons relating to questions calling for speculation or a legal conclusion | Fed. R. Evid. 602 |
| H | Hearsay and/or hearsay within hearsay | Fed. R. Evid. 801, 802 805 |
| I | Incomplete testimony | Fed. R. Evid. 106, 403 |
| L | Limited admissibility | Fed. R. Evid. 105 |
| O | Predicate fact required for admissibility | Fed. R. Evid. 104 |
| P | Subject to attorney-client privilege, work product doctrine or other applicable privilege | Fed. R. Civ. P. 26; Fed. R. Evid. 502 |
| R | Lack of relevance - including for reasons relating to form of questions and vague and ambiguous questions | Fed. R. Evid. 402 |
| S | Improper summary | Fed. R. Evid. 1006 |
| U | Unduly prejudicial, confusing, wasteful and/or cumulative, including for reasons relating to form of questions, questions asked and answered, and vague and ambiguous questions | Fed. R. Evid. 403 |
| X | Designation of attorney colloquy | Fed. R. Evid. 402, 403 |
| Y | Beyond the scope of the witness' testimony as a | Fed. R. Civ. P. 30(b)(6); |

1

| OBJECTION CODE | DESCRIPTION | BASIS |
|---|---|---|
| | corporate representative pursuant to Fed. R. Civ. P. 30(b)(6) | Fed. R. Evid. 403 |
| Z | Improper counter-designation | Fed. R. Evid. 106, 611 |
| AA | Beyond the scope of the expert report | Fed. R. Civ. P. 26(a)(2) |
| DSFI | Document speaks for itself | Fed. R. Evid. 403 |
| LC | Calls for a legal conclusion | Fed. R. Evid. 403 |
| MC | Mischaracterizes testimony or exhibit | Fed. R. Evid. 403 |
| NIE | Assumes facts not in evidence | Fed. R. Evid. 403 |
| OB | Overbroad | Fed. R. Evid. 403 |

**Mark Adams**
**July 19, 2012**

| Synthes' Designation | Globus' Objection | Globus' Counter-Designation | Synthes' Objections to Globus' Counter-Designation |
|---|---|---|---|
| 7:23-8:2 | | 11:10-15 | Z |
| 11:23-19:18 | C, R | 19:19-22 | |
| 22:10-19 | I(19:19:22) | 39:18-20 | Z, F |
| 22:22-25:14 | | 46:17-18,21-24 | Z, F, R |
| 37:19-38:9 | | 47:14-17 | Z, F, R |
| 39:10-13 | | 77:6-78:10 | Z |
| 39:21-40:2 | | 80:15-20 | Z, R |
| 41:8-42:11 | | 85:5-10,13-15 | Z, R |
| 50:23-51:13 | I(51:15-19) | 94:23-95:15 | Z |
| 53:15-54:2 | | 122:2-10 | Z, R, U |
| 54:18-23 | | 131:20-25 | Z, R, U |
| 59:21-60:8 | | 132:3-10 | Z, R, U |
| 60:20-63:3 | | 180:23-181:14 | Z, R, U |
| 63:5-8 | | 183:23-25 | Z, R, U |
| 67:8-18 | | 184:3-8,10-12,14-16,18-185:7 | Z, R, U |
| 68:25-69:9 | | 212:13-25 | Z |
| 70:23-72:2 | | 213:3-5 | Z |
| 74:12-14 | | 219:15-21 | Z, F, U |
| 74:24-25 | | 220:24-221:11 | Z, R, U |
| 75:2-23 | | 221:13-223:7 | Z, R, U |
| 76:25-77:5 | | 223:12-16 | Z, R, U |
| 78:11-80:12 | | 224:4-12 | Z, R, U |
| 80:22-81:12 | | 225:15-21 | Z, R, U, F, E |
| 81:16-82:13 | | 225:23 | Z, R, U, F, E |
| 86:22-87:11 | | 228:7-229:23 | Z, R, U |
| 87:13-19 | | 267:5-20 | Z, R, U, E, O |
| 87:24-88:3 | | 279:20-280:3 | Z |
| 88:5-22 | V | 280:24-281:20 | Z, R, U |
| 93:15-94:15 | | 281:22-286:25 | Z, R, U |
| 95:21-96:7 | | | |
| 98:19-99:14 | | | |
| 99:19-101:3 | | | |
| 120:24 | | | |
| 121:7-25 | | | |
| 122:11-123:11 | | | |
| 129:24-131:5 | V | | |
| 131:7-19 | | | |
| 138:15-24 | | | |

| Synthes' Designation | Globus' Objection | Globus' Counter-Designation | Synthes' Objections to Globus' Counter-Designation |
|---|---|---|---|
| 139:5-143:5 | | | |
| 145:4-146:5 | C | | |
| 147:5-148:21 | C | | |
| 158:18-160:23 | R | | |
| 167:24-168:24 | | | |
| 170:18-174:2 | | | |
| 174:14-175:2 | | | |
| 175:16-177:7 | | | |
| 179:19-21 | | | |
| 182:22-183:4 | | | |
| 183:9-22 | | | |
| 213:6-13 | I | | |
| 216:7-11 | | | |
| 217:15-20 | | | |
| 235:15-17 | | | |
| 235:23-236:16 | C, R | | |
| 255:2-25 | I(254:5-8,24-25,256:2-3) | | |
| 256:14-16 | | | |
| 256:22-261:1 | | | |
| 261:3-11 | K, S | | |
| 261:13-25 | | | |

**Mark Adams**
**July 20, 2012**

| Synthes' Designation | Globus' Objection | Globus' Counter-Designation | Synthes' Objections to Globus' Counter-Designation |
|---|---|---|---|
| 300:3-5 | | 354:19-22 | Z, U |
| 301:3-10 | | 375:13-22 | Z |
| 306:23-307:23 | | 424:2-12 | Z, U |
| 308:19-309:10 | | 423:20-25 | Z, U |
| 310:5-10 | | 469:3-8,10-15 | Z, U |
| 344:18-23 | | | |
| 345:22-346:7 | C, R | | |
| 346:16-23 | C, R | | |
| 347:23-348:11 | | | |
| 353:25-354:18 | | | |
| 360:17-18 | | | |
| 361:3-9 | | | |
| 363:15-25 | | | |

4

| Synthes' Designation | Globus' Objection | Globus' Counter-Designation | Synthes' Objections to Globus' Counter-Designation |
|---|---|---|---|
| 364:9-19 | | | |
| 365:4-23 | | | |
| 366:7-24 | | | |
| 368:3-14 | | | |
| 368:21-25 | | | |
| 369:2-10 | | | |
| 372:7-25 | | | |
| 373:2 | | | |
| 373:4-20 | | | |
| 374:14-375:5 | | | |
| 376:9-12 | | | |
| 376:14-22 | | | |
| 377:12-25 | | | |
| 378:4-11 | | | |
| 378:25-379:8 | | | |
| 379:18-21 | | | |
| 381:5-22 | | | |
| 414:19-415:12 | | | |
| 420:15-23 | | | |
| 428:10-15 | | | |
| 429:12-22 | | | |
| 467:8-25 | | | |
| 468:12-23 | | | |
| 499:22-25 | | | |
| 500:2 | | | |

**William Duffield**

| Synthes' Designation | Globus' Objection | Globus' Counter-Designation[1] | Synthes' Objections to Globus' Counter-Designation |
|---|---|---|---|
| 8:17-19 | | 23:8-13 | Z, I, R |
| 9:19-10:9 | | 31:23-32:4 | Z, I, R |
| 14:9-15:12 | R, C, NT, I (15:13-19) | 79:18-20 | Z, R, F |
| 22:22-23:7 | | 87:11-15 | Z, R, F, U, LC |
| 23:14-23 | | 88:7-10 | Z, I, R, U, F |
| 24:13-25:10 | | 88:13 | Z, I, R, U, F |
| 25:17-26:5 | | 94:14-17 | Z, I, R, U |
| 26:8-28:3 | | 94:21-95:3 | Z, I, R, U |
| 29:3-10 | | 95:7-9 | Z, I, R, U, F |
| 29:14-23 | | 97:22-23 | Z, I, F |
| 31:20-22 | | 98:24-99:3 | Z, I, R, U |
| 32:5-34:5 | R, C | 103:16-17 | Z, U |
| 34:8-17 | R, C | 103:20-22 | Z, U |
| 35:5-17 | | 105:3-10 | Z, I, F, U |
| 36:15-19 | | 105:13-21 | Z, I, F, U |
| 36:24-37:8 | | 105:24-106:5 | Z, I, R, U |
| 37:11 | | 106:8-11 | Z, I, U |
| 37:17-22 | | 106:14 | Z, I, U |
| 38:10-11 | V | 108:8-10 | Z, R, U |
| 38:14-39:4 | V | 108:13-14 | Z, R, U |
| 39:7-11 | | 110:3-5 | Z, R, U |
| 44:2-13 | | 110:8 | Z, R, U |
| 48:7-10 | | 120:25-121:7 | Z, F, R |
| 48:13-49:4 | | 130:23-25 | Z, R, U |
| 49:8-9 | | 131:4-5 | Z, R, U |
| 49:12-20 | | 138:5-9 | Z, U |
| 51:10-21 | | 138:12-13 | Z, U |
| 52:20-53:2 | | 139:14-16 | Z, F |
| 53:24-54:9 | | 161:13-16 | Z, I, F, R |
| 55:13-21 | | 162:14-19 | Z, I, F, R |
| 56:18-25 | | 179:14-180:12 | Z, R, U, F |
| 57:5-8 | | 180:15 | Z, R, U, F |
| 57:18-24 | | 210:14-211:5 | Z, F |
| 59:4-11 | | 211:19-25 | Z, F |
| 63:8-21 | | 214:23-24 | Z, F |
| 63:24-64:8 | | 215:3-8 | Z, F |
| 67:19-20 | V, S, K, R | 215:11-15 | Z, F |

[1]    In addition to the following counter-designations, Globus further incorporates by reference its original designations to the deposition transcript of William Duffield.

| Synthes' Designation | Globus' Objection | Globus' Counter-Designation[1] | Synthes' Objections to Globus' Counter-Designation |
|---|---|---|---|
| 67:23-24 | | 215:18-19 | Z, F |
| 70:4-7 | S, R, C | 216:5-12 | Z, F |
| 70:11-13 | S, R, C | 242:22-23 | Z, F, I |
| 70:16-20 | R, C | 264:23-265:7 | Z, U, F |
| 71:9-14 | | 278:21-279:8 | Z, F, R |
| 71:17-22 | | 279:11-12 | Z, F, R |
| 71:25-72:12 | | 326:9-11 | Z, F, R |
| 73:14-74:2 | | 326:14-16 | Z, F, R |
| 74:7-9 | | 330:5-14 | Z, F, R |
| 74:12-75:10 | | 331:10-12 | Z, R |
| 77:21-24 | R, C, LF | 331:15 | Z, R |
| 78:24-79:5 | R, C | 335:12-14 | Z, F, I |
| 79:8-12 | R, C | 342:21-25 | Z, F, I, U |
| 79:15-16 | | 347:11-20 | Z, R, U, F |
| 79:21-23 | | 364:24-365:5 | Z, U |
| 81:6-14 | C, LF, K, S | | |
| 81:16-22 | | | |
| 81:25-82:19 | | | |
| 84:10-11 | | | |
| 84:14 | | | |
| 86:18-22 | L, O, R, C, LF, V | | |
| 86:25-87:10 | L, O, R, C, LF, V | | |
| 88:22-89:11 | C | | |
| 89:22-25 | C | | |
| 90:20-23 | | | |
| 91:3-6 | S, K | | |
| 91:9 | | | |
| 91:23-92:4 | S, K | | |
| 93:16-19 | C | | |
| 93:23-94:5 | C | | |
| 94:8-13 | | | |
| 96:22-24 | V, R | | |
| 97:3-5 | | | |
| 97:16-18 | S, K | | |
| 98:17-19 | I (98:20) | | I, R, U |
| 100:11-16 | C | | |
| 101:9-11 | C, L, LF, O, S | | |
| 101:14-15 | C | | |
| 101:17-22 | | | |
| 102:6-9 | C, L, LF, O, S | | |
| 102:12-25 | | | |
| 103:2-7 | C, V | | |

| Synthes' Designation | Globus' Objection | Globus' Counter-Designation[1] | Synthes' Objections to Globus' Counter-Designation |
|---|---|---|---|
| 103:10-11 | | | |
| 111:3-4 | | | |
| 111:7-18 | | | |
| 111:22-23 | | | |
| 112:2-6 | | | |
| 112:18-20 | | | |
| 112:23-113:6 | | | |
| 113:10-114:12 | | | |
| 114:15-19 | | | |
| 114:22 | | | |
| 115:5-12 | | | |
| 115:15-16 | | | |
| 116:8-10 | | | |
| 116:13-21 | | | |
| 116:23-24 | | | |
| 117:3-4 | | | |
| 120:15-16 | | | |
| 120:19-24 | | | |
| 122:19-123:17 | C, L, O, R | | |
| 123:20 | | | |
| 124:25-125:3 | | | |
| 126:20-22 | V, R, C | | |
| 126:25-127:5 | V, R, C | | |
| 127:8-9 | | | |
| 127:19-21 | | | |
| 127:24-128:11 | | | |
| 129:7-9 | | | |
| 130:10-11 | V | | |
| 130:14-22 | | | |
| 131:7-9 | R, C, L, LF, O, S | | |
| 131:12-13 | | | |
| 132:16-19 | | | |
| 133:2-5 | | | |
| 133:25-134:5 | | | |
| 136:24-137:2 | C, R, L, O, S | | |
| 137:5-7 | | | |
| 137:11-14 | C, R, L, O, S | | |
| 139:5-8 | C, R, L, O, S | | |
| 139:11-12 | | | |
| 149:9-12 | | | |
| 149:15-150:3 | | | |
| 150:6-12 | | | |

| Synthes' Designation | Globus' Objection | Globus' Counter-Designation[1] | Synthes' Objections to Globus' Counter-Designation |
|---|---|---|---|
| 151:12-14 | R, C, L, O | | |
| 151:17-22 | R, C, L, O | | |
| 152:1-19 | R, C, L, O | | |
| 152:23-153:2 | R, C, L, O | | |
| 153:5-10 | R, C, L, O | | |
| 153:21-23 | R, C, L, O | | |
| 154:7-13 | R, C, L, O | | |
| 154:16 | | | |
| 156:3-19 | | | |
| 156:22-24 | | | |
| 157:3-6 | | | |
| 157:9-10 | | | |
| 157:22-25 | C, V, R | | |
| 158:4 | | | |
| 158:10-19 | C, R | | |
| 158:22 | | | |
| 159:2-4 | C, R, V | | |
| 159:7-12 | C, R, V | | |
| 159:15-20 | | | |
| 160:4-25 | C, R, V, S | | |
| 161:4-7 | C, R, V, S | | |
| 161:10-11 | | | |
| 161:20-162:3 | C, R, V, S | | |
| 162:6-9 | C, R, V, S | | |
| 162:12 | | | |
| 163:23-164:1 | C, R, V, S, O | | |
| 164:4-8 | | | |
| 168:17-20 | | | |
| 168:24-169:2 | | | |
| 169:5-6 | | | |
| 177:25-178:8 | | | |
| 178:16-21 | | | |
| 179:8-13 | | | |
| 198:4-21 | C, L, O, V | | |
| 198:25-199:16 | V | | |
| 199:19-24 | | | |
| 200:17-22 | | | |
| 200:25 | | | |
| 202:2-7 | V, R | | |
| 202:16-17 | R | | |
| 202:20-23 | | | |
| 203:10-14 | K, S, V | | |

9

| Synthes' Designation | Globus' Objection | Globus' Counter-Designation[1] | Synthes' Objections to Globus' Counter-Designation |
|---|---|---|---|
| 203:18-204:3 | V, C | | |
| 204:6-7 | | | |
| 209:9-210:13 | R, C, MIL1 | | |
| 211:12-18 | | | |
| 212:2-8 | MIL1 | | |
| 214:8-22 | MIL1, S | | |
| 215:21-216:4 | MIL1 | | |
| 225:4-5 | K, S, R, C | | |
| 225:8 | | | |
| 227:17-23 | | | |
| 228:24-229:4 | C | | |
| 229:24-230:8 | S, MIL1 | | |
| 230:11-17 | C, LF, L | | |
| 230:20-231:5 | | | |
| 233:18-20 | C, L, O, S | | |
| 233:23-234:12 | | | |
| 242:12-18 | LF, K, S, R, C | | |
| 242:24-243:6 | LF, K, S, R, C | | |
| 243:15-20 | LF, K, S, R, C, I (243:23-244:2) | | F, R |
| 244:3-9 | LF, K, S, R, C | | |
| 253:8-15 | LF, S, K, C, R | | |
| 253:18-254:3 | LF, S, K, C, R | | |
| 254:7-255:5 | LF, S, K, C, R | | |
| 255:8-15 | LF, S, K, C, R | | |
| 257:24-258:3 | | | |
| 261:11-12 | LF, B, V, R, C, S | | |
| 261:15-24 | LF, B, V, R, C, S | | |
| 263:24-264:4 | R, C, V | | |
| 264:7-19 | R, C, V | | |
| 265:23-25 | S | | |
| 266:11-13 | R, C | | |
| 267:14-268:5 | | | |
| 268:8-20 | | | |
| 268:23-270:4 | V, S, K, C | | |
| 270:7-271:3 | C, V, I (271:6-7) | | F, R |
| 271:9-16 | S, C, K | | |
| 271:19-272:3 | S, C, K | | |
| 272:6-273:13 | S, C, K | | |
| 273:16-274:20 | S, C, K | | |
| 274:23-275:6 | S, C, K | | |
| 275:9-276:13 | S, C, K | | |

| Synthes' Designation | Globus' Objection | Globus' Counter-Designation[1] | Synthes' Objections to Globus' Counter-Designation |
|---|---|---|---|
| 276:16-277:5 | S, C, K | | |
| 277:9-12 | S, C, K | | |
| 277:15-25 | S, C, K | | |
| 278:4-6 | | | |
| 279:14-24 | | | |
| 280:3-11 | S, K | | |
| 280:14-282:11 | S, K, R | | |
| 282:14-21 | R, C | | |
| 282:24-283:14 | I (283:17) | | |
| 289:25-290:7 | | | |
| 290:24-291:20 | | | |
| 294:16-17 | | | |
| 297:12-23 | | | |
| 298:2-5 | | | |
| 321:10-23 | | | |
| 325:5-11 | C, R, S | | |
| 325:14-326:2 | C, R, S | | |
| 326:5-7 | C, R, S | | |
| 326:18-23 | C, R, S | | |
| 327:10-13 | C, R, S | | |
| 327:16-328:11 | C, R, S | | |
| 328:14-15 | C, R, S | | |
| 329:7-9 | C, R, S | | |
| 329:12-21 | C, R, S | | |
| 329:24-330:3 | C, R, S | | |
| 331:17-19 | C, R, S | | |
| 331:22-24 | C, R, S | | |
| 334:24-335:7 | LF | | |
| 338:2-15 | LF, S | | |
| 338:18-339:4 | LF | | |
| 339:14-340:19 | LF | | |
| 342:7-15 | LF, C, R, S | | |
| 342:18-19 | LF | | |
| 343:2-4 | LF, C, R, S, V, O, P | | |
| 343:7-10 | LF, C, R, S, V, O, P | | |
| 343:14-21 | LF, C, R, S, V, O, P | | |
| 343:24-344:6 | LF, C, R, S, V, O, P | | |
| 344:8-10 | LF, R | | |
| 344:18-19 | LF, R, S | | |
| 344:22-347:10 | LF, R, S | | |

**Jason Gray**

| Synthes' Designation | Globus' Objection | Globus' Counter-Designation | Synthes' Objections to Globus' Counter-Designation |
|---|---|---|---|
| 3:23-4:9 | | 42:9-11 | Z, R |
| 12:10-13:19 | C, MIL3 | 78:15-16 | Z, F, I |
| 14:1-4 | MIL3 | 80:9-11 | Z, F, I, R |
| 14:12-17 | MIL3 | 80:13-16 | Z, F, I, R |
| 15:14-16:22 | | 90:6-10 | Z, F, I, R |
| 17:5-18:7 | | 98:3 | Z, R, I |
| 18:11-19 | | 98:9-11 | Z, I |
| 19:1-11 | | 99:15-24 | Z, I, U, R |
| 19:20-20:17 | | 107:20-22 | Z, I, R |
| 20:20-22:14 | | 108:5-6 | Z, F, I |
| 22:23-24:10 | | 108:8-11 | Z, F, I, DSFI |
| 24:20-24 | | 115:9-13 | Z, R |
| 25:3-7 | C | 115:15-16 | Z, R |
| 25:25-26:2 | C, I(26:3-8, 10-14, 16-19), S | 123:21-124:2 | Z, F, R |
| 26:20-27:19 | C | 125:8-13 | Z, R |
| 27:22-24 | | 127:5-6 | Z, R, I |
| 28:5-29:8 | | 146:9-10 | Z, F, I |
| 31:8-23 | | 146:12 | Z, F, I |
| 32:2-12 | | 147:8-16 | Z, F, I |
| 33:14-24 | | 148:23-24 | Z, F, I |
| 34:2-8 | V | 149:1-6 | Z, F, I |
| 34:10-13 | | 149:8-9 | Z, F, I |
| 34:15-17 | V | 149:15-16 | Z, F |
| 34:19-20 | | 149:18 | Z, F |
| 34:22-35:3 | | 149:20-23 | Z, F, R |
| 35:11-12 | | 149:25-150:2 | Z, F, R |
| 35:14-36:2 | | 150:4 | Z, F |
| 36:24-37:8 | | 154:15-17 | Z |
| 38:22-39:4 | V | 154:22-25 | Z, R |
| 39:6-7 | | 155:10-11 | Z, R |
| 40:10-11 | | 155:13-15 | Z, R |
| 40:13-16 | V | 163:6-8 | Z, F, R |
| 40:18-24 | V | 163:10 | Z, F, R |
| 41:1-8 | | 167:2-3 | Z, F, I |
| 41:10-25 | C, MIL3 | 167:5 | Z, F, I |
| 42:2-8 | | 169:5-8 | Z, F, R, I |
| 42:12-15 | | 169:15-18 | Z, R |
| 50:21-24 | | 169:20 | Z, R |
| 51:9-52:10 | V | | |

| Synthes' Designation | Globus' Objection | Globus' Counter-Designation | Synthes' Objections to Globus' Counter-Designation |
|---|---|---|---|
| 52:12-17 | V | | |
| 52:19-24 | | | |
| 55:8-10 | | | |
| 55:12-16 | | | |
| 58:19-59:1 | V | | |
| 59:3-7 | V | | |
| 59:9-16 | V | | |
| 59:18-21 | | | |
| 60:17-24 | | | |
| 61:17-19 | | | |
| 61:21-22 | | | |
| 64:23-65:11 | | | |
| 65:13-15 | | | |
| 74:10-12 | K | | |
| 74:14-17 | K | | |
| 74:19-20 | K | | |
| 76:15-77:1 | | | |
| 77:20-22 | | | |
| 77:24-78:3 | I(78:5-8, 10-11, 15-16), S | | F |
| 78:18-79:4 | I(78:5-8, 10-11, 15-16), S | | F |
| 83:15-17 | | | |
| 83:21-25 | | | |
| 84:3-4 | C, I(84:24-85:1), V | | I |
| 85:4-10 | C, L, V | | |
| 85:12 | C, L | | |
| 87:13-17 | | | |
| 88:23-89:4 | | | |
| 89:25-90:4 | V | | |
| 90:11-15 | | | |
| 90:22-23 | | | |
| 91:21-93:2 | | | |
| 93:7-17 | V | | |
| 93:19-23 | | | |
| 94:21-95:7 | | | |
| 95:12-21 | | | |
| 97:1-20 | | | |
| 98:1-2 | I(98:3, 9-12) | | X |
| 98:13-21 | I(98:3, 9-12) | | X |
| 99:1-3 | | | |
| 99:5-14 | C, MIL3 | | |

13

| Synthes' Designation | Globus' Objection | Globus' Counter-Designation | Synthes' Objections to Globus' Counter-Designation |
|---|---|---|---|
| 99:25-100:8 | C, MIL3 | | |
| 100:17-101:1 | C, MIL3 | | |
| 101:3-15 | | | |
| 101:17-102:5 | C, R | | |
| 102:21-23 | | | |
| 102:25-103:5 | | | |
| 103:12-15 | S | | |
| 103:17 | | | |
| 104:13-17 | C, R | | |
| 104:19-24 | C, R | | |
| 106:13-107:7 | C, R | | |
| 107:9-11 | C, H, R | | |
| 107:13-16 | C, H, R | | |
| 107:18-19 | C, H, R | | |
| 107:23-108:4 | C, R | | |
| 108:22-109:1 | C, R | | |
| 109:3-6 | C, R | | |
| 109:8-14 | C, R | | |
| 109:16-23 | C, R | | |
| 109:25 | C, R | | |
| 110:11-15 | C, R | | |
| 110:17-19 | C, R | | |
| 111:7-112:5 | | | |
| 112:7 | | | |
| 112:15-20 | C, R | | |
| 112:22-25 | | | |
| 113:2-16 | C, R | | |
| 114:1-9 | C, R | | |
| 114:14-19 | C, R | | |
| 114:21-115:5 | C, R | | |
| 115:7-8 | | | |
| 116:13-16 | C, R | | |
| 116:18-117:2 | C, R | | |
| 123:10-18 | | | |
| 123:20 | | | |
| 124:17-22 | | | |
| 125:2-7 | R | | |
| 126:3-14 | | | |
| 126:24-127:4 | | | |
| 127:18-128:8 | S, V | | |
| 128:10-11 | | | |
| 129:18-130:11 | C, NT, MIL 3 | | |

| Synthes' Designation | Globus' Objection | Globus' Counter-Designation | Synthes' Objections to Globus' Counter-Designation |
|---|---|---|---|
| 130:13-14 | C, MIL3 | | |
| 131:14-18 | C, MIL3 | | |
| 132:7-8 | C, S, MIL3 | | |
| 132:10-12 | C, S, MIL3 | | |
| 132:14-15 | C, S, MIL3 | | |
| 132:23-133:5 | C, S, MIL3 | | |
| 133:7-10 | C, MIL3 | | |
| 133:12-18 | C, MIL3 | | |
| 133:21-22 | C, MIL3 | | |
| 135:14-23 | C, R, MIL3 | | |
| 135:25-136:2 | | | |
| 141:1-2 | | | |
| 141:4-8 | K, V | | |
| 141:10-12 | K, V | | |
| 141:14-18 | K, S, V | | |
| 141:20-21 | K, S, V | | |
| 144:5-7 | C, R, MIL3 | | |
| 144:9-21 | C, R, NT, MIL3 | | |
| 144:24-145:6 | C, R, MIL3 | | |
| 145:8-16 | C, R, MIL3 | | |
| 145:18-22 | C, R, MIL3 | | |
| 145:24 | C, R, MIL3 | | |
| 146:13-15 | | | |
| 146:17-147:5 | C, R, MIL3 | | |
| 147:7 | | | |
| 147:17-148:6 | C, R, NT, MIL3 | | |
| 148:8-12 | C, R, MIL3 | | |
| 148:14-19 | C, R, MIL3 | | |
| 148:21-22 | C, R, MIL3 | | |
| 151:24-25 | | | |
| 152:2-5 | C, R, V | | |
| 152:8-13 | C, R | | |
| 152:18-19 | L, V | | |
| 152:21-23 | L, V | | |
| 152:25-153:1 | L, V | | |
| 154:8-11 | | | |
| 154:13-14 | | | |
| 159:14 | C, R, MIL3 | | |
| 159:16-24 | C, R, MIL3 | | |
| 160:2-3 | C, R, MIL3 | | |
| 160:20-23 | C, R, MIL3 | | |
| 160:25-161:7 | C, R, MIL3 | | |

| Synthes' Designation | Globus' Objection | Globus' Counter-Designation | Synthes' Objections to Globus' Counter-Designation |
|---|---|---|---|
| 161:9-17 | C, R, MIL3 | | |
| 161:19 | C, R, MIL3 | | |
| 161:25-162:2 | C, R, MIL3 | | |
| 162:4-6 | C, R, MIL3 | | |
| 162:9-10 | C, R, MIL3 | | |
| 162:12-163:3 | C, R, NT, MIL3 | | |
| 163:5 | C, R, MIL3 | | |
| 166:15-17 | V | | |
| 166:19-167:1 | V | | |
| 167:13-17 | C, R, MIL3 | | |
| 167:19-168:12 | C, R, V, MIL3 | | |
| 168:14-20 | C, L, R, V, MIL3 | | |
| 168:22-169:2 | C, L, R, MIL3 | | |
| 169:4 | C, R, MIL3 | | |
| 170:8-171:2 | C, NT, R, MIL3 | | |
| 171:4-5 | C, R, MIL3 | | |
| 172:23-173:1 | C, R, MIL3 | | |
| 173:8-22 | V | | |
| 173:24-174:4 | V | | |
| 183:25-184:9 | K, R, V | | |
| 184:11-23 | K, R, V | | |
| 184:25-185:7 | K, R, V | | |
| 185:9-14 | K, R, V | | |
| 185:16-21 | K, R, V | | |
| 185:23 | K, R, V | | |
| 188:20-23 | R, V | | |
| 188:25-189:1 | R, V | | |
| 189:23-25 | R, V | | |
| 190:2-5 | R, V | | |
| 190:7-11 | R, V | | |
| 190:13-191:1 | R, V | | |
| 191:3-4 | R, V | | |
| 196:25-197:10 | | | |
| 198:22-199:1 | | | |
| 199:10-13 | S, V | | |
| 199:15-16 | S, V | | |
| 203:21-204:6 | | | |
| 204:21-24 | V | | |
| 205:1-2 | V | | |
| 207:15-208:7 | | | |
| 209:14-19 | V | | |
| 209:21-210:5 | V | | |

| Synthes' Designation | Globus' Objection | Globus' Counter-Designation | Synthes' Objections to Globus' Counter-Designation |
|---|---|---|---|
| 210:7-10 | V | | |
| 210:12-18 | V | | |

**Robert Miller**

| Synthes' Designation | Globus' Objection | Globus' Counter-Designation | Synthes' Objections to Globus' Counter-Designation |
|---|---|---|---|
| 8:13-15 | | 25:17-19 | Z |
| 8:22-25 | | 46:3-47:16 | Z, X, F, R |
| 9:2-4 | | 48:6-25 | Z, R |
| 11:16-25 | | | |
| 12:9-12 | | | |
| 13:20-24 | | | |
| 24:3-25:16 | | | |
| 31:4-5 | I (31:6-9) | | R |
| 31:10-13 | I (31:14-18, 54:17-24) | | R |
| 31:19-25 | | | |
| 33:3-16 | | | |
| 47:17-25 | | | |
| 48:2-5 | | | |
| 51:2-15 | V | | |
| 51:18-25 | V | | |
| 61:23-25 | | | |
| 62:2-7 | | | |
| 62:15-18 | C, R, V, S, 30(b)(6) | | |
| 62:21-22 | C, R, V, S, 30(b)(6) | | |
| 74:10-12 | | | |
| 76:16-21 | C, R, 30(b)(6) | | |
| 77:5-10 | C, R, V, 30(b)(6) | | |
| 77:13-17 | C, R, V, 30(b)(6) | | |
| 77:19-21 | C, R, V, 30(b)(6) | | |
| 77:24 | C, R, V, 30(b)(6) | | |
| 78:3 | C, R, V, 30(b)(6) | | |
| 78:5-7 | C, R, V, 30(b)(6) | | |
| 135:3-8 | | | |
| 142:20-25 | | | |
| 143:2-13 | C, R, S, V | | |
| 143:16-18 | C, R, S, V | | |
| 144:24-25 | | | |
| 145:2-16 | C, R | | |
| 147:17-25 | C, R | | |
| 148:2-16 | C, R | | |
| 150:23-25 | | | |
| 151:2-13 | C, R, S, V | | |
| 151:17-25 | C, R, S, V | | |
| 152:2-25 | C, R, S, V | | |
| 153:2-6 | S, V | | |

| Synthes' Designation | Globus' Objection | Globus' Counter-Designation | Synthes' Objections to Globus' Counter-Designation |
|---|---|---|---|
| 153:12-25 | C, R, S, V | | |
| 154:2-8 | C, R, S, V | | |
| 154:11-25 | S, V | | |
| 155:2 | | | |

**Bill Moore**

| Synthes' Designation | Globus' Objection | Globus' Counter-Designation | Synthes' Objections to Globus' Counter-Designation |
|---|---|---|---|
| 10:10-12 | | 23:2-7 | Z |
| 11:3-5 | | 32:3-10 | Z |
| 23:8-11 | | 57:23-59:24 | Z, R |
| 23:17-22 | | 67:5-17 | Z, R |
| 26:12-24 | | 179:22-181:6 | Z, R, X |
| 27:2-11 | | 204:2-14 | Z, R |
| 27:13-24 | I (27:12) | 207:19-210:13 | Z, U, X |
| 28:2-13 | | 212:6-18 | Z, U |
| 53:2-4 | | 230:23-232:7 | Z, U, X |
| 66:11-24 | I (66:10) | 234:15-235:14 | Z, U |
| 67:2-4 | | 273:3-274:18 | Z, R, NIE |
| 111:13-112:7 | | 279:12-280:13 | Z, R, NIE |
| 134:10-13 | C, R, V | 303:9-10 | Z, R |
| 134:16-135:9 | C, I (135:10), R, V | 303:13-22 | Z, R, F |
| 149:2-24 | C, K, R | 308:10-17 | Z |
| 153:8-24 | C, K | 308:20-24 | Z |
| 154:2-13 | C, K | 309:4-5 | Z, R |
| 194:7-17 | C, K | 312:7-10 | Z |
| 302:8-303:8 | | 312:13-19 | Z |
| 304:2-13 | C, K, R, S, V | 316:3-5 | Z, R |
| 304:16-305:22 | C, K, R, S, V | 317:5-8 | Z, R |
| 306:2-18 | C, K, R, S, V | 352:17-22 | Z, R |
| 306:22-307:11 | C, K, R, S, V | 375:5-6 | Z, R, U |
| 307:14-15 | C, K, R, S, V | 375:9-376:15 | Z, R, U |
| 309:7-9 | C, K, R, S, V | 376:18-377:12 | Z, R, U |
| 309:12-14 | C, K, R, S, V | 401:15-402:2 | Z, R, U |
| 311:5-12 | C, K, R, S, V | 403:18-404-5 | Z, R, U |
| 311:15-17 | C, K, R, S, V | 433:24-434:20 | Z |
| 311:23-312:1 | C, I(311:18-22), K, R, S, V | | R |
| 312:4-5 | C, K, R, S, V | | |
| 314:18-315:3 | C, K, R, S, V | | |
| 315:6-316:2 | C, K, R, S, V | | |
| 316:17-24 | C, I (317:1-4), K, R | | |
| 317:12-24 | C, K, R, S, V | | |
| 318:2-319:16 | C, I(319:19-20), K, R, S, V | | |
| 407:11-15 | C, R, V | | |
| 407:18-408:16 | C, R, V | | |
| 408:19-409:7 | C, R, V | | |

| Synthes' Designation | Globus' Objection | Globus' Counter-Designation | Synthes' Objections to Globus' Counter-Designation |
|---|---|---|---|
| 409:10-20 | C, R, V | | |
| 409:23-410:9 | C, R, V | | |
| 410:12-23 | C, R, V | | |

**Micah Quick**

| Synthes' Designation | Globus' Objection | Globus' Counter-Designation | Synthes' Objections to Globus' Counter-Designation |
|---|---|---|---|
| 9:13-15 | | 16:8-17 | Z, R, F, I |
| 9:20-10:9 | | 33:8-16 | Z, F, I |
| 16:18-17:10 | | 37:12-22 | Z, R |
| 18:3-21:21 | | 45:23-47:7 | Z, F, U, R |
| 22:14-22 | | 47:16-20 | Z, F, I |
| 23:12-22 | | 54:15-20 | Z, F, I |
| 24:24-25:6 | | 56:10-16 | Z, F, I |
| 25:14-26:2 | | 57:21-58:3 | Z, F, I |
| 26:8-27:9 | | 63:8-13 | Z, F, I |
| 27:13-28:6 | | 72:14-74:5 | Z, R, F, U |
| 28:13-20 | | 75:11-19 | Z, F, R |
| 35:2-36:7 | | 77:12-78:5 | Z, F, R |
| 37:23-39:5 | I (39:6-7) | 78:18-24 | Z, F, R |
| 40:2-11 | | 80:4-19 | Z, F, R |
| 48:18-49:24 | L | 81:25-82:13 | Z, F, R, U |
| 55:11-22 | | 84:18-24 | Z, F, U |
| 58:4-24 | R | 94:24-95:8 | Z, F, R |
| 59:8-19 | R | 98:6-10 | Z, F, I |
| 60:5-11 | R | 100:3-11 | Z, F |
| 60:19-23 | R | 112:12-14 | Z, F, R, I |
| 63:5-7 | | 114:16-23 | Z, F, I |
| 64:10-65:5 | | 116:3-6 | Z, F, I |
| 68:4-9 | | 116:12-23 | Z, F, I |
| 70:4-18 | | 117:5-8 | Z, F |
| 71:2-12 | I (71:13) | 117:14-118:6 | Z, F, R, I |
| 71:22-72:3 | I (71:21) | 123:15-124:11 | Z, F, R, I, U |
| 76:10-77:11 | | 125:16-25 | Z, F, R, I, U |
| 80:20-81:24 | C, K, R, MIL3 | 133:8-22 | Z, I, F, R |
| 82:14-84:3 | C, K, R, MIL3 | 135:14-136:3 | Z, I, R |
| 84:11-17 | C, K, R, MIL3 | 137:9-14 | Z, F, R, U |
| 84:25-85:15 | R | 139:2-6 | Z, I, F |
| 85:24-86:5 | R | 145:13-146:6 | Z, F, I, R |
| 87:10-88:10 | R | 149:13-150:10 | Z, F, I, R |
| 88:21-89:2 | R | 162:2-164:2 | Z, DSFI, F |
| 89:19-24 | C, K, R, MIL3 | 252:18-253:2 | Z, F, R, I |
| 94:8-23 | C, K, R | 254:16-19 | Z, F, R, I |
| 96:11-97:8 | C, R | 155:3-7 | Z, F, R |
| 97:15-98:5 | | 263:4-23 | Z, F, DSFI |
| 99:16-100:2 | C, K | 269:17-22 | Z, F, R, U |
| 100:20-101:4 | | 270:5-13 | Z, I, F, R, U |

| Synthes' Designation | Globus' Objection | Globus' Counter-Designation | Synthes' Objections to Globus' Counter-Designation |
| --- | --- | --- | --- |
| 101:19-102:16 | C, R | 279:3-20 | Z, DSFI, U, I |
| 106:25-107:19 | C, R | 282:23-283:3 | Z, F, I |
| 108:16-109:20 | C, R | 288:21-289:10 | Z, F, I, R |
| 112:5-11 | C, R | 293:4-8 | Z, F, I |
| 112:15-113:6 | C, R | | |
| 113:14-114:6 | C, R | | |
| 114:10-15 | C, R | | |
| 115:17-24 | | | |
| 116:24-117:4 | | | |
| 118:7-119:16 | C | | |
| 121:4-16 | | | |
| 124:17-125:3 | | | |
| 126:6-22 | I (126:2-5) | | |
| 128:17-129:11 | | | |
| 129:16-22 | | | |
| 129:24-130:9 | I (129:23) | | R |
| 130:21-131:11 | | | |
| 134:9-135:13 | C, R | | |
| 136:4-20 | | | |
| 138:22-25 | | | |
| 140:4-21 | C, R | | |
| 141:22-142:6 | | | |
| 143:9-144:23 | C, H, R | | |
| 146:12-18 | C, H | | |
| 146:23-147:6 | C | | |
| 157:7-15 | C, L, R | | |
| 164:3-20 | I (160:2-9) | | |
| 178:14-17 | K | | |
| 251:3-252:3 | | | |
| 252:9-17 | | | |
| 253:19-254:15 | | | |
| 254:20-255:2 | | | |
| 256:18-258:9 | C, R | | |
| 258:11-19 | | | |
| 262:11-263:3 | K | | |
| 263:24-266:23 | K | | |
| 267:23-268:18 | K | | |
| 271:23-272:19 | | | |
| 273:9-21 | | | |
| 274:13-21 | | | |
| 276:24-278:25 | I (279:1-2) | | |
| 282:3-22 | | | |

| Synthes' Designation | Globus' Objection | Globus' Counter-Designation | Synthes' Objections to Globus' Counter-Designation |
|---|---|---|---|
| 286:7-19 | | | |

**William Scott Rhoda**

| Synthes' Designation | Globus' Objection | Globus' Counter-Designation | Synthes' Objections to Globus' Counter-Designation |
|---|---|---|---|
| 10:18-20 | | 21:7-12 | Z, R |
| 11:6-9 | | 29:12-17 | Z, R |
| 20:3-21:6 | | 29:22-30:2 | Z, R |
| 25:18-22 | | 31:24-32:5 | Z, R |
| 28:2-29:2 | | 35:25-36:7 | Z |
| 29:18-21 | | 37:20-38:2 | Z, R |
| 31:8-12 | | 80:11-81:15 | Z, R, NIE, O, U |
| 33:8-35:2 | MIL1 | 81:18-22 | Z, I, R, NIE, O, U |
| 35:19-24 | | 87:9-17 | Z |
| 36:8-37:19 | | 103:9-104-12 | Z |
| 38:14-39:5 | | 158:20-159:4 | Z, R |
| 41:4-22 | | 163:3-15 | Z, R, F |
| 42:22-24 | | 190:24-191:9 | Z |
| 43:2-25 | | 191:12-192:10 | Z |
| 44:2-6 | | 192:13-25 | Z |
| 54:16-25 | | 193:4-20 | Z, R, NIE, O, U |
| 55:2-7 | | 193:23-194:2 | Z, R, NIE, O, U |
| 55:10-25 | | 196:3-8 | Z, R |
| 56:2-7 | | 196:10 | Z, R |
| 56:10-25 | | 196:12-19 | Z, R |
| 57:2-9 | | 202:13-203:3 | Z |
| 79:25-80:10 | | 203:6-10 | Z, R, NIE, O, U |
| 87:21-88:4 | I(87:9-17) | 203:12-14 | Z, R, NIE, O, U |
| 89:21-25 | | 203:17 | Z, R, NIE, O, U |
| 90:2-15 | C, R, NT, MIL3 | 203:19-204:2 | Z, R |
| 101:23-102:13 | | 204:12 | Z, R |
| 104:15-105:8 | C, V | 204:14-205:12 | Z, R, NIE. O. U |
| 116:18-117:25 | R, V, MIL1 | 208:13-17 | Z |
| 118:4-5 | R, V, MIL1 | 208:20-21 | Z |
| 153:21-23 | R, V | 229:11-13 | Z, R, NIE, O |
| 154:2-4 | R, V | 229:16-21 | Z, R, NIE, O |
| 154:6-8 | R, V | 235:25 | Z |
| 154:11-12 | R, V | 236:23-25 | Z, R |
| 154:21-22 | | 237:4-11 | Z, R |
| 154:25-155:3 | | 237:23-25 | Z |
| 155:5-9 | V | 253:7-17 | Z |
| 155:12-15 | V | 254:6-8,11-12 | Z |
| 162:11-21 | | 254:22-24 | Z |
| 162:24-25 | | 257:5-12 | Z |
| 163:22-164:24 | | 288:13-16 | Z |

| Synthes' Designation | Globus' Objection | Globus' Counter-Designation | Synthes' Objections to Globus' Counter-Designation |
|---|---|---|---|
| 194:3-19 | | 295:9-11 | Z, R, U |
| 196:20-23 | | 295:14-15 | Z, R, U |
| 197:2-7 | | 295:17-19 | Z, R, U |
| 197:11-12 | | 295:22-296:11 | Z, R, U |
| 197:16-17 | | 312:11-14 | Z, R. U |
| 198:13-20 | | 312:18-20 | Z, R. U |
| 202:5-12 | | 313:2-7 | Z, R, U |
| 207:4-23 | | 313:10-24 | Z, R, U |
| 225:11-22 | | 319:5-11 | Z |
| 225:25-227:3 | V | 341:6-21 | Z, R, U |
| 227:6-11 | V | 342:6-9 | Z, R, U |
| 227:14-24 | V | 342:17-19 | Z, R, U |
| 228:3-10 | V | 342:23-25 | Z, R, U |
| 228:13-15 | V | 343:4-18 | Z, R, U |
| 233:4-20 | O, V | 346:18-20 | Z, R, U |
| 233:23-234:2 | O, V | 346:23-348:18 | Z, R, U |
| 234:4-11 | O, V | 348:21-350:22 | Z, R, U |
| 234:14-24 | | 350:25-351:10 | Z, R, U, NIE, O |
| 238:2-22 | | 351:12-15 | Z, R, U |
| 238:25 | | 351:23-352:3 | Z, R, U |
| 239:2-19 | | 376:4-15 | Z, R, U |
| 239:22-25 | | 376:18-377:9 | Z, R, U |
| 240:3-6 | | 377:12-377:25 | Z, R, U |
| 240:9-25 | | 378:4-378:10 | Z, R, U |
| 241:2-16 | | 379:23-380:3 | Z, R, U |
| 241:19-242:11 | | 380:6-25 | Z, R, U |
| 242:14-243:8 | | 381:4-5 | Z, R, U |
| 243:11-18 | | | |
| 249:15-25 | | | |
| 250:2-10 | | | |
| 250:13-18 | | | |
| 251:10-12 | | | |
| 251:15-20 | | | |
| 252:5-253:6 | | | |
| 254:14-20 | | | |
| 255:2-256:12 | | | |
| 256:15-257:2 | | | |
| 263:13-25 | | | |
| 264:6-10 | | | |
| 264:15-17 | | | |
| 264:20-265:16 | | | |
| 265:19-266:6 | | | |

| Synthes' Designation | Globus' Objection | Globus' Counter-Designation | Synthes' Objections to Globus' Counter-Designation |
|---|---|---|---|
| 268:22-269:3 | S, V | | |
| 269:6 | S, V | | |
| 272:2-8 | V | | |
| 272:11-273:4 | V | | |
| 280:13-281:10 | | | |
| 285:21-25 | V | | |
| 286:4-6 | V | | |
| 286:8-11 | | | |
| 299:18-20 | | | |
| 301:16-302:13 | | | |
| 302:18-22 | | | |
| 302:25-303:2 | | | |
| 303:11-12 | | | |
| 303:15-304:10 | | | |
| 304:13-18 | V | | |
| 304:22-305:6 | V | | |
| 305:9-22 | V | | |
| 305:25-306:12 | V | | |
| 306:16-17 | V | | |
| 306:20-307:2 | V | | |
| 307:5 | V | | |
| 307:8-308:2 | V | | |
| 308:5-21 | V | | |
| 308:24-309:5 | V | | |
| 309:8-14 | V | | |
| 309:17-310:9 | V | | |
| 310:12-311:3 | V | | |
| 311:6-22 | V | | |
| 311:25-312:5 | V | | |
| 312:8-9 | V | | |
| 315:20-23 | | | |
| 316:5-317:17 | V | | |
| 317:20-319:4 | V | | |
| 339:11-13 | V | | |
| 339:19-20 | V | | |
| 339:22-340:5 | C | | |
| 340:16-341:5 | C, I (340:6-8,11-15) | | R, NIE, O, U |
| 352:7-13 | I (352:5-6) | | |
| 352:15 | | | |
| 372:13-16 | | | |
| 372:22-374:4 | | | |
| 374:7-12 | | | |

| Synthes' Designation | Globus' Objection | Globus' Counter-Designation | Synthes' Objections to Globus' Counter-Designation |
|---|---|---|---|
| 378:15-379:3 | | | |
| 384:15-19 | | | |
| 388:18-389:15 | I(386:25-387:13), R | | I |
| 389:18-390:2 | | | |
| 390:5-391:5 | C, V | | |
| 391:8-21 | C, V | | |

**Jody Seifert**

| Synthes' Designation | Globus' Objection | Globus' Counter-Designation | Synthes' Objections to Globus' Counter-Designation |
|---|---|---|---|
| 7:7-8 | | 14:19-15:21 | Z, R, F, I |
| 7:21-24 | | 17:10-16 | Z, F |
| 15:22-16:8 | | 19:1-18 | Z, F, R, I |
| 16:17-17:9 | | 28:24-29:2 | Z, F, R, I |
| 17:17-18:24 | | 41:6-42:2 | Z, I, R, U |
| 28:17-23 | | 55:1-3 | Z, F, I, R |
| 29:3-10 | | 56:24-57:1 | Z, R, I, U, LC |
| 29:13-21 | | 57:4-7 | Z, R, I, U, LC |
| 31:2-6 | | 58:16-18 | Z, F, I, R, U |
| 31:9-32:21 | | 59:3-4 | Z, I, R, U |
| 34:4-7 | | 59:8 | Z, F, I, R, U |
| 36:4-5 | C | 72:2-11 | Z, I, R |
| 36:9 | C | 73:4-12 | Z, I, F, R |
| 38:24-41:5 | | 73:22-74:1 | Z |
| 49:11-12 | | 75:5-9 | Z, R, U |
| 49:15-22 | | 75:13-15 | Z, R |
| 50:3-4 | | 76:2 | Z, I, R |
| 53:1-6 | | 80:12-14 | Z, I, R |
| 53:11-18 | | 104:11-16 | Z, I, R |
| 54:12-18 | | 104:20-23 | Z, I, R |
| 54:21-23 | | 105:7-12 | Z, R |
| 55:9-11 | V | 130:17-18 | Z, R |
| 55:14-20 | V | 130:21 | Z, R |
| 55:23-56:7 | V | 143:13-22 | Z, F, R, I |
| 56:11 | V | 158:4-6 | Z, DSFI, F, U, R |
| 56:22-23 | V | 158:11-14 | Z, DSFI, F, U, R |
| 58:19-59:2 | | 158:21-23 | Z, DSFI, F, U, R |
| 60:18-20 | | 160:4-7 | Z, DSFI, F, U, R |
| 61:3-4 | | 161:5-8 | Z, R, U |
| 64:7-13 | | 161:13-24 | Z, F, R, U, I |
| 65:12-16 | | 176:1-14 | Z, I, R, U |
| 66:4-6 | | 189:7-12 | Z, I, R |
| 66:14-67:3 | | 227:22-228:7 | Z, I, R, F |
| 67:6-7 | | 229:18-19 | Z, R, F |
| 67:20-68:1 | | 229:22 | Z, R, F |
| 69:8-12 | L | 231:22-23 | Z, R, F |
| 69:16 | L | 232:2 | Z, R, F |
| 71:8-13 | | 238:16-17 | Z, R, I |
| 72:19-73:3 | | 238:20 | Z, R, I |
| 73:13-21 | | 238:22-23 | Z, R, I |

| Synthes' Designation | Globus' Objection | Globus' Counter-Designation | Synthes' Objections to Globus' Counter-Designation |
|---|---|---|---|
| 74:24-75:4 | | 239:3-5 | Z, R, I, U |
| 75:10-12 | | 239:7-8 | Z, R, I |
| 76:3-4 | | 239:11-13 | Z, R, I, U |
| 76:8-15 | | 240:11-13 | Z, I |
| 77:2-8 | | 241:24-242:3 | Z, R, U |
| 77:11-14 | | 250:1-3 | Z, R, I |
| 80:15-17 | V | 251:7-11 | Z, R, I |
| 80:20-81:9 | V | 258:15-23 | Z, I, DSFI, U |
| 85:1-13 | | 259:9-12 | Z, I, DSFI, U |
| 85:16-18 | | 259:15-24 | Z, I, DSFI, U, R |
| 87:8-16 | | 260:3 | Z, DSFI, U, R |
| 89:11-13 | | 262:14-23 | Z, R, U |
| 89:16-90:7 | | 263:2 | Z, R, U |
| 91:13-16 | | 268:14-16 | Z, R, U |
| 91:20-92:11 | | 268:19 | Z. R. I |
| 104:3-5 | | 269:24 | Z, I |
| 105:13-14 | V | 277:7-16 | Z, I |
| 105:17-106:4 | V | | |
| 106:7-11 | V | | |
| 125:1-7 | | | |
| 129:7-9 | | | |
| 129:12-130:8 | | | |
| 131:11-132:18 | | | |
| 132:21-135:7 | V | | |
| 135:10-137:5 | V | | |
| 138:5-10 | | | |
| 139:1-21 | | | |
| 140:8-19 | V | | |
| 140:22-141:8 | V | | |
| 142:11-17 | | | |
| 143:4-12 | | | |
| 145:10-16 | | | |
| 155:3-24 | | | |
| 157:22-158:3 | | | |
| 158:7-10 | | | |
| 159:17-21 | S, V | | |
| 159:24-160:2 | S, V | | |
| 163:23-165:2 | | | |
| 168:9-14 | | | |
| 168:20-169:6 | | | |
| 169:16-21 | | | |
| 171:24-172:21 | | | |

| Synthes' Designation | Globus' Objection | Globus' Counter-Designation | Synthes' Objections to Globus' Counter-Designation |
|---|---|---|---|
| 174:9-24 | | | |
| 180:15-23 | | | |
| 181:2-7 | | | |
| 181:20-182:1 | | | |
| 182:15-22 | | | |
| 183:1-20 | | | |
| 183:23-184:16 | | | |
| 185:14-15 | C, V | | |
| 185:18-19 | C, V | | |
| 188:13-189:6 | | | |
| 189:13-24 | | | |
| 205:17-19 | | | |
| 206:9-21 | | | |
| 207:8-13 | | | |
| 207:18-208:2 | | | |
| 210:1-5 | | | |
| 210:8-211:2 | V | | |
| 211:5-9 | V | | |
| 217:18-20 | | | |
| 218:18-20 | | | |
| 218:23-219:3 | | | |
| 219:6-8 | | | |
| 219:13-17 | | | |
| 219:21 | | | |
| 225:22-226:7 | | | |
| 226:14-17 | | | |
| 227:12-21 | | | |
| 228:23-229:5 | | | |
| 231:4-12 | | | |
| 239:15-16 | | | |
| 239:20-240:6 | | | |
| 240:9 | | | |
| 248:14-249:3 | | | |
| 249:6 | | | |
| 249:13-24 | | | |
| 250:12-251:2 | | | |
| 251:12-252:11 | | | |
| 261:10-11 | | | |
| 261:14-15 | | | |
| 261:19-262:3 | | | |
| 262:6-7 | | | |
| 266:10-20 | C, R | | |

| Synthes' Designation | Globus' Objection | Globus' Counter-Designation | Synthes' Objections to Globus' Counter-Designation |
|---|---|---|---|
| 269:24-271:11 | I(268:8-24) | | Z, I |
| 272:4-21 | | | |
| 279:22 | V | | |
| 280:1-8 | V | | |
| 280:11-18 | V | | |
| 280:21-281:5 | V | | |
| 281:8-9 | V | | |
| 282:22-23 | C, V | | |
| 283:2-3 | C, V | | |
| 284:5-9 | C | | |

**Duncan Sibson**

| Synthes' Designation | Globus' Objection | Globus' Counter-Designation | Synthes' Objections to Globus' Counter-Designation |
|---|---|---|---|
| 3:24-4:2 | | 8:3-12 | Z, R |
| 4:5-9 | | 9:17-24 | Z, R |
| 7:19-8:2 | | 25:8-16 | Z, R |
| 23:7-22 | V, C | 27:15-16 | Z, R |
| 23:24-24:19 | | 27:20-22 | Z, R |
| 24:21-25:3 | | 28:2-3 | Z, R |
| 26:21-27:8 | | 29:2-15 | Z, R, U |
| 28:7-17 | | 29:21-23 | Z, R, U |
| 28:22-29:1 | | 30:15 | Z, R, U |
| 55:10-11 | | 30:17-21 | Z, R, U |
| 55:13-15 | | 31:1-4 | Z, R, U |
| 56:6-25 | | 34:23-35:8 | Z, R, U |
| 57:2-9 | | 37:20-38:1 | Z, R, U |
| 65:12-66:17 | | 38:3-8 | Z, R, U |
| 67:7-18 | V, R, C, MIL3 | 38:11-17 | Z, R, U |
| 67:20-68:10 | V, R, C, MIL3 | 38:19 | Z, R, U |
| 68:12-69:5 | R, C, MIL3 | 39:22-24 | Z, R, U |
| 73:11-23 | | 40:1 | Z, R, U |
| 74:6-75:14 | S, K | 41:11-14 | Z, R, U |
| 75:16-23 | S, K | 41:16-17 | Z, R, U |
| 75:25-78:20 | S, K, R, V, LF, C | 55:2-3 | Z, R, U |
| 78:22-79:8 | S, K, R, V, LF, C | 57:19-58:7 | Z, R |
| 79:10-80:5 | S, K, R, V, LF, C | 58:17-20 | Z, R |
| 80:7-12 | S, K, R | 59:7-20 | Z, R |
| 80:14-20 | C | 61:21-62:8 | Z, R |
| 80:22-81:5 | C, V | 62:14-19 | Z, R |
| 81:7-14 | C, V | 63:16-21 | Z, R |
| 81:16-23 | C, V | 69:6-18 | Z, R, U |
| 86:23-87:1 | C, R, MIL3 | 89:2-20 | Z, R |
| 91:5-14 | R | 90:2-3 | Z, NIE, O |
| 91:16-92:3 | R | 90:5-14 | Z, NIE, O |
| 92:5-14 | R | 96:10-20 | Z, R, U |
| 93:3-11 | C | 102:11-14 | Z, R, U |
| 93:13-94:8 | V, C | 109:15-20 | Z, R, U |
| 94:10-13 | V, C | 115:13-15 | Z, R, U |
| 95:22-25 | C, R, MIL3 | 115:17-20 | Z, R, U |
| 101:10-13 | K, S, V | 115:22 | Z, R, U |
| 101:15-102:8 | K, S, V, R, C, MIL3 | 125:15-23 | Z, R, U, NIE, U, O |
| 102:10 | | 140:9-12 | Z, R, U, NIE, U, O |

| Synthes' Designation | Globus' Objection | Globus' Counter-Designation | Synthes' Objections to Globus' Counter-Designation |
|---|---|---|---|
| 104:21-108:12 | K, S, R, C, I (109:5-8) | 140:20-141:1 | Z, R, U, NIE, U, O |
| 112:20-113:5 | V, R, C | 141:3-13 | Z, R, U, NIE, U, O |
| 113:7 | V, R, C | 141:20-142:1 | Z, R, U, NIE, U, O |
| 113:21-114:6 | V, R, C | 143:2-16 | Z, R, U, NIE, U, O |
| 114:8-23 | V, R, C | 146:13-147:4 | Z, R, U, NIE, U, O |
| 116:16-118:15 | R, C | 149:8-18 | Z, R, U, NIE, U, O |
| 118:17-23 | R, C, K, L, LF, O, S, MIL3, NT | 149:22-24 | Z, R, U, NIE, U, O |
| 125:4-10 | R, C, K, L, LF, O, S, MIL3 | 154:22-155:5 | Z |
| 125:14 | R, C, K, L, LF, O, S, MIL3 | 155:7 | Z |
| 126:13-127:19 | NT, R, C, K, L, LF, O, S, MIL3 | 155:14-24 | Z |
| 128:5-13 | | 156:4-8 | Z |
| 128:15-23 | R, C, K, L, LF, O, S, MIL3 | 157:17-19 | Z |
| 128:25-129:3 | R, C, K, L, LF, O, S, MIL3 | 157:21 | Z |
| 129:5-21 | R, C, K, L, LF, O, S, MIL3 | 159:14-160:4 | Z |
| 129:23-130:21 | R, C, K, L, LF, O, S, MIL3 | 160:6-11 | Z |
| 131:20-132:14 | R, K, S, C | 160:13 | Z |
| 132:16-20 | R, K, S, C | 161:8-11 | Z, R. U |
| 132:22-133:13 | R, K, S, C, L, LF, O, NT, MIL3 | 161:13-14 | Z, R. U |
| 133:21-134:8 | | 161:22-24 | Z, R, U |
| 134:14-20 | | 162:1-25 | Z, R, U |
| 135:5-14 | R, S, K, C, V | 163:14-16 | Z, R, U |
| 135:16-18 | R, S, K, C, V | 166:15-22 | Z |
| 135:20-136:3 | R, S, K, C, V | 180:1-17 | Z |
| 136:5-13 | R, S, K, C, V | 180:23-181:6 | Z |
| 136:15-16 | R, C | 181:20-182:8 | Z |
| 145:3-9 | R, C, MIL3, I (87:15-88:15) | 182:10-19 | Z |
| 145:11-16 | | 184:23-185:13 | Z |
| 156:9-157:16 | | 186:17-22 | Z, R |
| 159:6 | | 186:25-187:2 | Z, R |
| 159:8-9 | | 195:1-5 | Z, R |
| 166:23-167:9 | | 195:17-23 | Z, R |
| 169:9-14 | V, C, NT | 197:5-14 | Z, R |

34

| Synthes' Designation | Globus' Objection | Globus' Counter-Designation | Synthes' Objections to Globus' Counter-Designation |
|---|---|---|---|
| 169:16-170:5 | V, C, R | 197:16-198:8 | Z, R |
| 170:7-21 | V, C, R | 198:10-19 | Z, R |
| 170:23-171:5 | V, C, R | 208:12-13 | Z |
| 171:7-12 | V, C, R | 208:15-23 | Z |
| 171:14-25 | V, C, R, NT | 248:16-19 | Z |
| 172:6-173:7 | V, C, R, S, LF | 248:21-25 | Z |
| 173:9-20 | V, C, R, S, LF | 249:2-5 | Z |
| 174:24-175:2 | V, C, R, S, LF | 249:14-16 | Z |
| 175:4-13 | V, C, R, S, LF | 249:18-23 | Z |
| 175:15-16 | V, C, R, S, LF | 250:19-20 | Z |
| 175:25-176:2 | | 250:22-251:1 | Z |
| 176:6-22 | V, S, R, K | 252:6-8 | Z |
| 176:24-177:1 | V, S, R, K | 252:22-253:3 | Z, R |
| 177:3-23 | V, S, R, K, C | 253:5-8 | Z, R |
| 177:25-178:20 | R, C, S, K | 253:10-11 | Z, R |
| 178:22-179:5 | R, C, S, K | 255:16-23 | Z, R |
| 179:7-23 | R, C, S, K, LF | 263:16 | Z |
| 179:25 | R, C, S, K, LF | 263:18-21 | Z |
| 182:20-25 | C, R, LF | 263:23 | Z |
| 183:2-14 | C, R, LF | 268:6-7 | Z, R, U, NIE, O |
| 183:16-21 | C, R, LF | 268:9-25 | Z, R, U, NIE, O |
| 183:23-184:17 | C, R, LF, V, S, K | 269:15-270:8 | Z |
| 184:19-23 | C, R, LF, V, S, K | 282:11-19 | Z, R, U, NIE, O |
| 185:24-186:1 | R, C, S, K, MIL3 | 282:21-283:1 | Z, R, U, NIE, O |
| 186:3-8 | R, C, S, K, MIL3 | 284:3-6 | Z, R, U, NIE, O |
| 186:11-14 | R, C, S, K | 284:8-11 | Z, R, U, NIE, O |
| 186:16 | R, C, S, K | 284:13-14 | Z, R, U, NIE, O |
| 188:14-16 | | 291:2-5 | Z |
| 189:7-21 | S, R, V, K | 291:10-18 | Z |
| 189:23-25 | S, R, V, K | 291:20-22 | Z |
| 190:4-5 | S, R, V, K | 292:22-293:2 | Z, R, U, NIE, O |
| 190:19-21 | S, R, V, K | 293:4-11 | Z, R, U, NIE, O |
| 190:23-191:5 | S, R, V, K, C | | |
| 191:7-11 | R, C | | |
| 191:13-16 | R, C | | |
| 191:18-21 | R, C | | |
| 191:23-192:3 | R, C, S, V, K | | |
| 192:6-9 | R, C, S, V, K | | |
| 192:11-14 | | | |
| 207:5-7 | | | |
| 207:10-11 | I (207:12) | | |
| 207:23-208:4 | R, C | | |

35

| Synthes' Designation | Globus' Objection | Globus' Counter-Designation | Synthes' Objections to Globus' Counter-Designation |
|---|---|---|---|
| 208:6-9 | R, C | | |
| 208:11 | | | |
| 219:16-23 | R, C, MIL3 | | |
| 219:25-220:16 | R, C, MIL3, S, K, V | | |
| 220:18 | R, C, S, K, V | | |
| 222:24-223:8 | R, C, MIL3 | | |
| 223:22-23 | | | |
| 224:4-226:10 | R, C, S | | |
| 226:12-227:1 | R, C, S, V | | |
| 227:3-10 | R, C, S, V | | |
| 227:12-23 | | | |
| 233:15-17 | I (223:24-224:5) | | Z |
| 234:10-235:1 | LF, K, S, R | | |
| 235:3-7 | LF, K, S, R | | |
| 235:9-23 | LF, K, S, R | | |
| 237:3-7 | LF, K, S, R, C | | |
| 237:9-238:4 | LF, K, S, R, C, NT | | |
| 238:6-16 | LF, K, S, R, C, NT | | |
| 238:24-239:8 | | | |
| 239:10-15 | S, K, R | | |
| 239:17-240:2 | R | | |
| 240:4-6 | R | | |
| 242:10-11 | | | |
| 242:17-243:2 | R | | |
| 243:4-8 | S, R | | |
| 243:10-22 | S, R, C, K | | |
| 246:15-16 | | | |
| 249:24-250:1 | C | | |
| 250:3-9 | C, R | | |
| 250:14-15 | R | | |
| 250:17-18 | R | | |
| 252:9-18 | R, C, V | | |
| 252:20-21 | R, C, V | | |
| 255:4-6 | R, C, V, S, K | | |
| 255:8 | R, C, V, S, K | | |
| 255:24-256:9 | R, C | | |
| 256:11-13 | R, C, S, V, K | | |
| 256:15-16 | R, C, S, V, K | | |
| 256:18-22 | R, C, S, V, K | | |
| 258:7-10 | R, C, S, V, K | | |
| 258:12-20 | R, C, S, V, K | | |
| 258:24-259:14 | V, R, C | | |

| Synthes' Designation | Globus' Objection | Globus' Counter-Designation | Synthes' Objections to Globus' Counter-Designation |
|---|---|---|---|
| 259:16-260:3 | R, K, C, S | | |
| 260:5-17 | R, K, C, S | | |
| 262:7-11 | R, K, C, S, V | | |
| 262:13-21 | R, K, C, S, V | | |
| 262:23-263:2 | R, C | | |
| 263:4-12 | R, C | | |
| 263:14-15 | R, C | | |
| 266:2-3 | | | |
| 266:8-9 | | | |
| 266:12 | | | |
| 266:14-267:11 | | | |
| 269:8-10 | | | |
| 270:24-271:21 | R, C, B | | |
| 272:14-25 | R, C, B, S, K, LF | | |
| 273:2-23 | R, C, B, S, K, LF | | |
| 273:25-274:6 | R, C, B, S, K, LF | | |
| 274:8-21 | R, C, B, S, K, LF | | |
| 274:23-275:8 | R, C, B, S, K, LF | | |
| 275:10-12 | R, C, B, S, K, LF | | |
| 275:14-276:1 | R, C, B, S, K, LF | | |
| 276:3-9 | R, C, B, S, K, LF | | |
| 276:11-16 | R, C, LF, B | | |
| 276:18-277:11 | R, C, LF, S, K, B | | |
| 277:13-22 | R, C, LF, S, K, B | | |
| 277:24-278:1 | R, C | | |
| 278:3-8 | R, C | | |
| 278:10-279:4 | R, C, V | | |
| 279:6-13 | R, C, V | | |
| 279:15-18 | | | |
| 279:24-281:11 | R, C, V | | |
| 281:17-24 | R, C, V | | |
| 283:2-5 | R, C | | |
| 283:7-20 | R, C | | |
| 284:15-285:3 | R, C, S, LF, K, V | | |
| 285:5 | | | |
| 286:3-4 | R, C | | |
| 286:8-14 | R, C | | |
| 287:11-288:1 | R, C | | |
| 288:3 | R, C | | |
| 288:18-19 | R, C | | |
| 288:24-289:23 | R, C, S, K, V | | |
| 289:25-290:13 | R, C, S, K, V | | |

| Synthes' Designation | Globus' Objection | Globus' Counter-Designation | Synthes' Objections to Globus' Counter-Designation |
|---|---|---|---|
| 290:15-18 | R, C | | |
| 293:17-294:21 | R, C, S, K | | |
| 294:23-25 | R, C, I (295:1-11) | | |

**Sean Suh**

| Synthes' Designation | Globus' Objection | Globus' Counter-Designation | Synthes' Objections to Globus' Counter-Designation |
|---|---|---|---|
| 11:11-13 | | 68:22-70:9 | Z, R |
| 11:18-23 | | 70:18-71:24 | Z, R |
| 25:3-35:4 | R, MIL1 | 72:22-73:14 | Z |
| 35:21-38:23 | R, MIL1 | 77:16-23 | Z, R |
| 43:8-24 | R, MIL1 | 85:2-7 | Z, R |
| 57:21-58:13 | R, MIL1 | 93:4-11 | Z, R |
| 60:3-11 | MIL1 | 102:14-17 | Z |
| 60:23-61:5 | | 112:20-113:21 | Z, R, O, NIE |
| 62:20-22 | | 136:3-9 | Z, R, LC, NIE |
| 64:14-65:21 | MIL1 | 138:7-22 | Z |
| 71:25-72:9 | MIL1 | 217:13-218:4 | Z, R |
| 73:15-74:9 | I (74:10-25), MIL1 | | |
| 77:24-78:8 | | | |
| 91:23-92:5 | I | | |
| 92:10-93:2 | | | |
| 98:16-99:24 | C, R, MIL1 | | |
| 113:22-114:3 | C, R, MIL1 | | |
| 116:4-14 | C, R, MIL1 | | |
| 116:22-117:1 | C, I (116:20), R, MIL1 | | |
| 117:8-11 | C, I (117:3-7), R, MIL1 | | |
| 117:15-18 | C, I (117:13), R, MIL1 | | |
| 117:22-25 | C, I (117:20), R, MIL1 | | |
| 118:6-9 | C, I (118:3-4), R, MIL1 | | |
| 118:13-16 | C, I (118:11), R, MIL1 | | |
| 118:20-23 | C, I (118:18 MIL1, R, | | |
| 119:4-7 | C, I (118:25-119:2), R, MIL1 | | |
| 119:11-14 | C, I (119:9), R, MIL1 | | |
| 119:21-120:2 | C, R, MIL1 | | |
| 128:16-129:14 | C, R, MIL1 | | |
| 129:22-25 | I (129:16-20) | | |
| 130:6-9 | I (130:3-4) | | |
| 130:14-17 | I (130:11-12) | | |
| 130:22-25 | I (130:19-20) | | |

| Synthes' Designation | Globus' Objection | Globus' Counter-Designation | Synthes' Objections to Globus' Counter-Designation |
|---|---|---|---|
| 131:6-9 | I (131:3-4) | | |
| 131:23-132:5 | | | |
| 134:23-135:5 | L, V | | |
| 135:7-11 | L, V | | |
| 135:13-136:2 | L, V | | |
| 137:17-24 | C, R, MIL1 | | |
| 138:6 | I (138:5) | | |
| 176:6-9 | C, R | | |
| 176:17-177:2 | C, R | | |
| 177:15-24 | C, R | | |
| 179:21-180:25 | C, R, MIL1 | | |

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DEPUY SYNTHES PRODUCTS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 11-652-LPS |
| | ) | |
| GLOBUS MEDICAL, INC., | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

**EXHIBIT 7**
**DEFENDANT GLOBUS MEDICAL, INC.'S DEPOSITION DESIGNATIONS**

Defendant Globus Medical, Inc. ("Globus") hereby identifies the following deposition

designations for the witnesses listed below. Globus reserves the right to present these

designations in a different order, and reserves the right to cross examine these witnesses if

DePuy Synthes Products, LLC ("Synthes") brings them to testify live. Globus further reserves

the right to modify these designations, and/or identify additional deposition designations in

response to Synthes' designations or counter-designations, or where the need for such testimony

could not be reasonably foreseen.

**30(b)(6) Beat Lechmann – Vol. 1**
**September 6, 2012:**

| Globus Designation | Synthes' Objection[1] | Synthes' Counter-Designation | Globus Objections to Synthes' Counter-Designations[2] |
|---|---|---|---|
| | | | |

[1] Synthes uses the following abbreviations for its objections to Globus' designations:

| OBJECTION CODE | DESCRIPTION | BASIS |
|---|---|---|
| E | Improper expert testimony | Fed. R. Evid. 104, 702, 703 |
| F | Lack of foundation or personal knowledge, including for reasons relating to questions calling for speculation or a legal conclusion | Fed. R. Evid. 602 |
| H | Hearsay and/or hearsay within hearsay | Fed. R. Evid. 801, 802 805 |
| I | Incomplete testimony | Fed. R. Evid. 106, 403 |
| L | Limited admissibility | Fed. R. Evid. 105 |
| O | Predicate fact required for admissibility | Fed. R. Evid. 104 |
| P | Subject to attorney-client privilege, work product doctrine or other applicable privilege | Fed. R. Civ. P. 26; Fed. R. Evid. 502 |
| R | Lack of relevance - including for reasons relating to form of questions and vague and ambiguous questions | Fed. R. Evid. 402 |
| S | Improper summary | Fed. R. Evid. 1006 |
| U | Unduly prejudicial, confusing, wasteful and/or cumulative, including for reasons relating to form of questions, questions asked and answered, and vague and ambiguous questions | Fed. R. Evid. 403 |
| X | Designation of attorney colloquy | Fed. R. Evid. 402, 403 |
| Y | Beyond the scope of the witness' testimony as a corporate representative pursuant to Fed. R. Civ. P. 30(b)(6) | Fed. R. Civ. P. 30(b)(6); Fed. R. Evid. 403 |
| Z | Improper counter-designation | Fed. R. Evid. 106, 611 |
| AA | Beyond the scope of the expert report | Fed. R. Civ. P. 26(a)(2) |
| DSFI | Document speaks for itself | Fed. R. Evid. 403 |
| LC | Calls for a legal conclusion | Fed. R. Evid. 403 |
| MC | Mischaracterizes testimony or exhibit | Fed. R. Evid. 403 |
| NIE | Assumes facts not in evidence | Fed. R. Evid. 403 |
| OB | Overbroad | Fed. R. Evid. 403 |

| Globus Designation | | Synthes' Objection[1] | Synthes' Counter-Designation | Globus Objections to Synthes' Counter-Designations[2] |
|---|---|---|---|---|
| 3 | 10-13 | | | |
| 3 | 15-16 | | | |
| 4 | 14-25 | | | |
| 5 | 1-11 | | | |
| 10 | 16-24 | I, F, O, U, R | 8:13-25, 9:21-10:15 | |
| 11 | 2 | F, U, R | | |
| 14 | 4-9 | F, I | 13:12-14:3 | |
| 27 | 23-25 | I, U, Y | 28:5-17 | |
| 28 | 1-4 | I, U, Y | 28:5-17 | |
| 29 | 15-25 | R, I, Y, U | 31:19-32:7 | I(32:8-13,20-33:1) |
| 30 | 1-4 | R, I, Y, U | 31:19-32:7 | I(32:8-13,20-33:1) |
| 30 | 18-25 | R, I, Y | 31:19-32:7 | I(32:8-13,20-33:1) |
| 31 | 1-10 | R, I, Y | 31:19-32:7 | I(32:8-13,20-33:1) |
| 33 | 11-25 | R, Y | 34:13-19 | I(34:4-12) |
| 34 | 1-3 | R, Y | 34:13-19 | I(34:4-12) |
| 35 | 10-13 | F, R, Y, I | 27:6-13, 35:22-36:8 | I(27:2-5) |
| 37 | 12-21 | Y, I, R | | |
| 39 | 14-25 | F, U, I, R | 37:24-39:6 | |
| 48 | 4-23 | F, U, I, R | 47:13-48:3, 49:5-50:3 | I(48:24-49:2) |
| 50 | 12-18 | F, U, I, R | 50:19-51:4 | |
| 51 | 5-25 | I, Y, R, U | 52:13-53:9 | |

[2] Globus uses the following abbreviations for objections to Synthes' counter-designations:

| B | Not Best Evidence (FRE 1002, 1003 and/or 1004) |
|---|---|
| C | Cumulative, Issue Confusion, Misleading, Undue Delay or Wasteful (FRE 403) |
| H | Hearsay/Improper Use of Deposition (FRE 802 and/or FRCP 32) |
| K | Lack of Personal Knowledge/Incompetent (FRE 602) |
| L | Calls for Legal Conclusion |
| NR | Nonresponsive |
| LF | Lack of Foundation (FRE 103, 104 and/or 105) |
| O | Improper Lay or Expert Opinion (FRE 701–703) |
| R | Relevance (FRE 402) |
| S | Calls for Speculation |
| I (xx) | Incomplete (FRE 106) (xx = Missing Necessary Testimony) |
| V | Vague/Ambiguous/Compound |
| NT | Not Testimony |
| 30(b)(6) | Beyond the Scope of the Rule 30(b)(6) Deposition Topic |
| MIL# | Objected to Based on Numbered Motion-in-Limine |

| Globus Designation | | Synthes' Objection[1] | Synthes' Counter-Designation | Globus Objections to Synthes' Counter-Designations[2] |
|---|---|---|---|---|
| 52 | 1-12 | I, Y, R, U | 52:13-53:9 | |
| 53 | 10-19 | F, I, R, Y, U | 52:13-53:9 | |
| 54 | 4-25 | F, I, R, U | | |
| 55 | 1-7 | F, I, R, U | | |
| 56 | 15-25 | F, I, R, U | | |
| 57 | 1-25 | I, R, U, Y | | |
| 58 | 1-25 | I, R, U, Y | | |
| 59 | 1-25 | F, R, U | | |
| 60 | 1 | F, R, U | | |
| 60 | 22-25 | I, U | | |
| 61 | 1-25 | I, U | | |
| 62 | 1-10 | I, U | | |
| 63 | 5-25 | F, U, I | 62:13-63:4 | NT |
| 64 | 1-2 | F, U, I | 62:13-63:4 | NT |
| 64 | 11-17 | F, U, I, R, Y | 64:20-21 | |
| 64 | 22-25 | F, U, I, R, Y, L | 65:14-19 | |
| 65 | 1-13 | F, U, I, R, Y | 65:14-19 | |
| 66 | 3-9 | F, I, U, R, Y, L | | |
| 70 | 22-25 | F, U, I, H, MC, DSFI | 69:19-24, 70:11-19 | |
| 71 | 1-4 | F, I, U | | |
| 75 | 7-25 | F, I, U | | |
| 76 | 1-25 | F, I, U, | | |
| 77 | 1-8 | F, I, U, | | |
| 79 | 8-18 | F, I, U | 79:2-7 | |
| 81 | 10-14 | F, I, U, R | 81:9 | |
| 83 | 2-11 | I, U, Y | 83:12-84:3 | |
| 87 | 1-21 | I, R | | |
| 94 | 14-25 | F, I, U | | |
| 95 | 1-24 | F, I, U, R | 96:17-20 | |
| 96 | 2-7 | F, I, U, Y | 96:17-20 | |
| 104 | 3-22 | F, I, U, R | 102:17-13:11, 103:24-104:2 | |
| 108 | 24-25 | F | | |
| 109 | 1-25 | F, U, I, R | | |
| 110 | 1 | F, U, I, R | | |
| 110 | 11-21 | F, U, I | 110:22-111:6 | |
| 112 | 20-23 | F, U, I, R | | |
| 112 | 25 | F, U, I, R | | |
| 113 | 1-11 | F, U, I, R | | |
| 119 | 14-21 | | | |
| 121 | 6-21 | F, I, Y | 121:22-122:1 | |

| Globus Designation | | Synthes' Objection[1] | Synthes' Counter-Designation | Globus Objections to Synthes' Counter-Designations[2] |
|---|---|---|---|---|
| 124 | 24-25 | F, O, S, MC, H, R | 125:19-126:1, 126:11-22 | I(126-23-25) |
| 125 | 1-18 | F, O, S, MC, H, R | 125:19-126:1, 126:11-22 | I(126-23-25) |
| 127 | 1-22 | F, O, S, MC, H, R | | |

**30(b)(6) Beat Lechmann – Vol. 2**
<u>September 7, 2012:</u>

| Globus Designation | | Synthes' Objection | Synthes' Counter-Designation | Globus Objections to Synthes' Counter-Designations |
|---|---|---|---|---|
| 146 | 25 | F, I | 146:20-23 | NT |
| 147 | 1 | | | |
| 147 | 25 | O, F, MC, DSFI, I | 148:5 | |
| 148 | 1-4 | O, F, MC, DSFI, I | 148:5 | |
| 150 | 24-25 | F, R, Y, U | | |
| 151 | 1-5 | F, R, Y, U | | |
| 152 | 22-25 | F, R, Y, U | | |
| 153 | 1-6 | F, R, Y, U | | |
| 154 | 6-18 | F, I, R, Y | 153:7-154:5 | |
| 155 | 7-21 | F, I, R, U | 154:19-155:5 | |
| 158 | 25 | F, MC, I, R | | |
| 159 | 1-13 | F, MC, I, R | | |
| 161 | 22-25 | F, I | | |
| 162 | 1-18 | F, I | | |
| 163 | 1-10 | O, R, I, U, F | 164:3-14 | |
| 164 | 15-25 | F, R, I, MC | | |
| 165 | 1-6 | F, R, I, U | 165:7-20 | |
| 165 | 21-25 | F, R, I, U | 166:4-15, 166:22-167:1 | |
| 166 | 1-3 | F, R, I, U | 166:4-15, 166:22-167:1 | |
| 167 | 7-20 | R, I, U | | |
| 168 | 23-25 | R, I, MC | | |
| 169 | 1-3 | R, I, MC, F | | |
| 169 | 5-14 | R, I, F | | |
| 169 | 19-25 | F, I, R | | |
| 170 | 1-4 | I, R, Y | 170:5-20 | |
| 170 | 21-25 | F, R, Y, U, I | | |
| 171 | 1-7 | F, R, Y, U, I | 171:14-172:8, 172:23-25 | I(172:19-22) |
| 173 | 5-7 | F, R, Y, U | | |
| 176 | 20-25 | F, MC, U, R | | |
| 177 | 1-11 | F, R, Y | | |
| 177 | 17-21 | R, MC, I, F | | |
| 177 | 23-25 | R, MC, I, F | | |
| 178 | 1-19 | MC, R, F | | |
| 179 | 6-14 | Y, F, I | | |
| 180 | 16-25 | F, R, I, U | | |
| 181 | 1-5 | I, U, R, Y | | |

| Globus Designation | | Synthes' Objection | Synthes' Counter-Designation | Globus Objections to Synthes' Counter-Designations |
|---|---|---|---|---|
| 181 | 12-15 | t, U | | |
| 182 | 1-3 | I, R, U | 182:6-12 | |
| 182 | 20-25 | I, R, U | | |
| 183 | 1-8 | I, R, U | | |
| 183 | 16-25 | R, U, I, Y | | |
| 184 | 1-12 | R, U, I | | |
| 185 | 1-13 | F, I, R | | |
| 185 | 18-25 | R, U, I | | |
| 186 | 1-20 | R, U, I | | |
| 188 | 1-11 | MC, R, F, U | | |
| 188 | 13-25 | F, R | | |
| 189 | 1-2 | F, R | | |
| 189 | 8-25 | MC, F, I, U, R | | |
| 190 | 1-10 | F, I, U, R | | |
| 191 | 20-25 | F, Y, R | 191:8-11 | |
| 192 | 1-19 | F, Y, R | 191:8-11 | |
| 195 | 2-10 | F, I | 193:2-17, 193:19-21 | |
| 195 | 14-17 | F, R, U, H | | |
| 195 | 22-25 | F, I, R, H | 195:18-21 | |
| 196 | 1-13 | F, U, R, H | | |
| 196 | 18-20 | R, U | | |
| 199 | 3-11 | F, R, I, U | 196:21-197:25, 199:12-16 | I(199:17-200:7) |
| 200 | 13-25 | F, R, U | | |
| 201 | 1-7 | R, U | | |
| 201 | 9-12 | F, R, U | | |
| 209 | 24-25 | Y, F, U, E | | |
| 210 | 1 | Y, F, U, E | | |
| 210 | 4-10 | Y, F, U, E | | |
| 214 | 7-16 | | | |
| 215 | 10-17 | Y, E, F, U, LC, R | | |
| 215 | 22-23 | Y, E, F, U, LC, R | | |
| 216 | 1-4 | Y, E, F, U, LC, R | | |
| 216 | 6-15 | Y, E, F, U, LC, R | | |
| 216 | 17 - 18 | Y, E, F, U, LC, R | 216:21-217:8, 217:19-25 | |
| 217 | 9-13 | F, O, E, Y, LC, U, I, R | 216:21-217:8, 217:19-25 | |
| 218 | 5-10 | I, R, F, Y | 217:19-25, 218:1-4 | |
| 219 | 4-25 | I, O, F, Y, R | | |

**30(b)(6) Michele Zaborowski**
<u>September 12, 2012</u>

| Globus Designation | | Synthes' Objection | Synthes' Counter-Designation | Globus Objections to Synthes' Counter-Designations |
|---|---|---|---|---|
| 3 | 23-25 | | | |
| 4 | 1 | | | |
| 4 | 6-8 | | | |
| 4 | 13-14 | | | |
| 5 | 8-10 | | 5:25-6:5 | |
| 10 | 2-18 | | | |
| 15 | 23-25 | | | |
| 16 | 1-11 | R, Y | | |
| 16 | 16-17 | R, Y | | |
| 17 | 6-7 | R, Y | | |
| 17 | 12-18 | R, Y | | |
| 17 | 20-22 | R, Y | | |
| 18 | 2-10 | I, R, Y | 18:11-12 | |
| 18 | 13-16 | R, Y | | |
| 99 | 16-25 | I, R, U | 21:16-22 | |
| 100 | 1-4 | R, U | | |
| 100 | 12-17 | I, R, U | 100:18-25 | I (101:1-5) |
| 102 | 4-7 | F, R | | |
| 102 | 10-12 | F, R, U | | |
| 102 | 14-15 | F, R, U | | |
| 102 | 18-22 | F, I, R, U | 102:23; 103:6-10 | I (103:14-20) |
| 104 | 7-12 | I, R | 105:5-8; 105:10; 105:23-25 | C, I (106:2-5, 106:13-17, 106:23-25) 109:24-110:5 |
| 104 | 14-21 | F, R | | |
| 104 | 24-25 | F, R | | |
| 105 | 1-4 | F, R | | |
| 107 | 2-6 | F, R | | |
| 107 | 8-15 | F, R, S | | |
| 107 | 17 | F, R, S | | |
| 107 | 19-21 | F, I, R | 107:22-25; 108:3-5 | NR, I (109:3-6) |
| 112 | 6-11 | F, R, Y | | |
| 112 | 19-21 | F, R, Y | | |
| 112 | 24-25 | F, R, Y | | |
| 113 | 1-5 | F, R, Y | | |
| 113 | 8 | F, R, Y | | |
| 113 | 10-15 | F, R, Y | | |
| 113 | 17-21 | F, R, Y | | |
| 116 | 13-22 | F, I | 115:3-23 | |

| Globus Designation | | Synthes' Objection | Synthes' Counter-Designation | Globus Objections to Synthes' Counter-Designations |
|---|---|---|---|---|
| 117 | 7-12 | F, I | 117:13-18 | |
| 118 | 7-11 | F, I | | |
| 118 | 13-25 | F, I | | |
| 119 | 1 | F, I | | |
| 119 | 4-7 | F, I | | |
| 120 | 17-20 | I | 120:21-25 | |
| 121 | 1-10 | F, I | 121:11-18 | |
| 121 | 19-25 | F, S | | |
| 122 | 1-4 | F | | |
| 122 | 8-12 | I | 122:13-17 | |
| 122 | 18-25 | F | | |
| 123 | 1-25 | F, I, S, X | | |
| 124 | 2-6 | F, I | | |
| 124 | 10-11 | I, R | 124:12-18 | NT, R |
| 124 | 19-20 | I, R | | |
| 125 | 2-3 | R | | |
| 125 | 5-11 | F, R, S | | |
| 125 | 13-25 | F, R, S | | |
| 126 | 1-4 | F, I, R, S | 126:5-8; 126:10-15 | I (126:16-127:3) |
| 128 | 16-20 | R | | |
| 129 | 3-6 | F, R | | |
| 129 | 9-13 | F, R | | |
| 129 | 16-20 | F, R | | |
| 129 | 23-25 | F, R | | |
| 130 | 1-2 | F, R | | |
| 130 | 4 | F, R | | |
| 130 | 15-17 | F, R, U | | |
| 130 | 20 | F, R, U | | |
| 131 | 5-7 | R, Y | | |
| 131 | 10-14 | F, R, Y | | |
| 131 | 17-24 | F, R, Y, S | | |
| 132 | 3-11 | F, R, Y | | |
| 198 | 17-19 | | | |

**30(b)(6) Dominique Messerli**
<u>October 4, 2012:</u>

| Globus Designation | | Synthes' Objection | Synthes' Counter-Designation | Globus Objections to Synthes' Counter-Designations |
|---|---|---|---|---|
| 3 | 22-25 | | | |
| 4 | 6-8 | | | |
| 4 | 13-25 | | | |
| 5 | 1-4 | | | |
| 9 | 3-7 | | | |
| 52 | 4-17 | R, U, L | | |
| 53 | 21-25 | R, U, L | 54:14-19 | |
| 54 | 1-13 | I, R, U, L, F | 57:10-20 | MIL#1, R, C, H, 30(b)(6) |
| 54 | 24-25 | I, R | 57:24-58:16 | MIL#1, R, C, H, 30(b)(6) |
| 55 | 1-25 | I, R, U, L | 58:18-59:7 | MIL#1, R, C, H, 30(b)(6), S, I (59:8-60:2) |
| 56 | 1-2 | I, R, U, L | 61:17-62:3 | R, C, MIL #1, 30(b)(6), NR, S, I (65:22-66:15) |
| 56 | 4-7 | I, R, U, L | 65:8-11 | R, C, MIL #1, 30(b)(6) |
| 56 | 23-25 | I, R, U, L | 65:15-21 | R, C, MIL #1, 30(b)(6) |
| 57 | 1-2 | I, R, U, L | 73:2-17 | R, not a counter, H |
| 57 | 4-9 | I, R, U, L | 76:20-78:11 | R, not a counter, C |
| 70 | 7-12 | I, R, L, U | 70:13-18 | R |
| 70 | 19-21 | I, R, L, U | | |
| 70 | 23-25 | R, L | | |
| 71 | 1-25 | F, R, U, L | | |
| 72 | 1-13 | L, F | | |
| 88 | 4-15 | I, R, L | | |
| 88 | 18-25 | R, L | | |
| 89 | 1-5 | F, R | | |
| 89 | 13-16 | R | | |
| 90 | 2-9 | F, I, R | 90:10-91:6 | |
| 91 | 7-14 | I, R | 91:15-18; 91:20-92:14 | |
| 92 | 15-25 | R | | |
| 93 | 1-21 | R, U | | |
| 95 | 6-19 | R, U | | |
| 95 | 24-25 | R, U, L | | |
| 96 | 1-11 | R, U, L | | |
| 96 | 16-21 | R, U, L, F | | |
| 97 | 5-11 | R, L, U | | |
| 99 | 7-25 | R, L, U | | |
| 100 | 1-25 | R, L, U | | |
| 101 | 1-25 | R, L, U | | |
| 102 | 1-5 | R, L, U | | |

| Globus Designation | | Synthes' Objection | Synthes' Counter-Designation | Globus Objections to Synthes' Counter-Designations |
|---|---|---|---|---|
| 117 | 8-16 | R | | |
| 128 | 20-25 | F, I, R | 123:9-10 | |
| 129 | 1-2 | F, I, R | 125:19-126:2 | Not counter, I (126:8-11) |
| 129 | 5-13 | F, I, R | 126:4-7 126:23-127:19 129:3-4 129:14-17 | Not counter, I (126:8-11) Not counter, R, I (127:20-128:11) |
| 131 | 24-25 | I, R | 129:23-130:24 | Not counter, R, S, H, I (130:25-131:23) |
| 132 | 1-2 | I, R | | |
| 145 | 13-25 | R | | |
| 146 | 1-25 | I, R | 147:5-19 | |
| 147 | 20-25 | I, R | 148:1 | |
| 148 | 17-25 | F, R, U, NIE | | |
| 149 | 1-7 | F, R, U, NIE | | |
| 158 | 20-25 | | | |
| 159 | 1-3 | | | |
| 163 | 11-25 | F, I, R, U | 162:24-163:6 | I (163:7-10) |
| 164 | 1-2 | F, I, R, U | 164:3-166:12 | |
| 168 | 20-25 | F, I, R, U | 166:14-22 | |
| 169 | 1-8 | F, I, R, U | 169:9-10 169:12-17 | R, not counter R, not counter |
| 170 | 11-25 | | | |
| 171 | 1 | | | |
| 171 | 12-25 | R, U, F | | |
| 172 | 1-2 | R, U, F | | |
| 172 | 12-25 | | | |
| 173 | 1-12 | | | |
| 173 | 23-25 | | | |
| 174 | 1-2 | I, F, R, DSFI | 174:9-175:1 | |
| 174 | 5-8 | I, F, R, L, DSFI | | |
| 175 | 2-18 | I, F, R, L | | |
| 176 | 2-16 | I, F, R, L, DSFI | 176:17-22 | |
| 180 | 11-13 | I | 180:14 | |
| 180 | 21-25 | F, I, R | | |
| 181 | 1-25 | F, I, R | | |
| 195 | 14-25 | F, R | | |
| 199 | 1-11 | F, I, R | 199:12-200:1 200:9-23 200:25-201:5 | NR, C, S, I (200:2-8) MIL #1, C, NR, S MIL #1, C, NR, S |
| 201 | 6-13 | R, Y | | |
| 201 | 22-25 | R, Y | | |
| 202 | 1-18 | R, Y | | |

| Globus Designation | | Synthes' Objection | Synthes' Counter-Designation | Globus Objections to Synthes' Counter-Designations |
|---|---|---|---|---|
| 202 | 21-25 | F, R, Y | | |
| 203 | 1-13 | F, R, Y | | |
| 203 | 24-25 | R | | |
| 204 | 1-3 | R | | |
| 206 | 3-7 | I, R, Y, DSFI | 206:8-17 | |
| 206 | 18-21 | F, I, R, Y | 207:2-5 | |
| 206 | 23-25 | F, I, R, Y | | |
| 209 | 9-25 | F, I, R, Y | 210:1-2 | |
| 210 | 3-18 | F, I, R, Y | 210:19-211:3 | |
| 212 | 3-25 | F, I, R | | |
| 214 | 25 | | | |
| 215 | 1-16 | | | |
| 215 | 22-25 | F, I, R | 216:18-20 | |
| 216 | 1-14 | F, I, R | 216:22-217:8 | |
| 217 | 9-25 | F, R, U, L, DSFI | | |
| 218 | 1-12 | F, R, U, L | | |
| 220 | 9-25 | R, L, DSFI | | |
| 221 | 1-21 | R, L | | |
| 232 | 9-25 | R, U, L | | |
| 233 | 1-2 | R, U, L | | |
| 233 | 4-6 | R, U, L | | |
| 233 | 9-25 | R, U, L, F | | |
| 234 | 10-25 | R, U, L | | |
| 235 | 1-6 | R, U, L | | |
| 238 | 15-25 | R, U, L | | |
| 239 | 1-7 | R, U, L | | |
| 240 | 25 | R, U, L | | |
| 241 | 1-25 | F, R, U, Y, L | | |
| 244 | 15-25 | R, U, Y, L | | |
| 245 | 1-3 | R, U, Y, L | | |
| 254 | 21-25 | R, U, F, Y | | |
| 255 | 1-23 | R, U, F, Y | | |
| 257 | 9-11 | | | |

**William E. Duffield, Jr.**
**October 2, 2012:**

| Globus Designation | | Synthes' Objection | Synthes' Counter-Designation | Globus Objections to Synthes' Counter-Designations |
|---|---|---|---|---|
| 8 | 17-19 | | | |
| 9 | 19-23 | | | |
| 22 | 22-25 | I, U | 23:4-7 | |
| 23 | 2-3 | I, U | 23:4-7 | |
| 24 | 13-25 | I, U | 29:3-10 | |
| 25 | 2-25 | I, U | 29:3-10 | |
| 26 | 2-25 | I, U | 29:3-10 | |
| 27 | 2-25 | I, U | 29:3-10 | |
| 28 | 2-8 | I, U | 29:3-10 | |
| 28 | 12-14 | R, I, U | | |
| 28 | 18-23 | R, U | 28:24-29:1 | I (29:2) |
| 29 | 14-16 | I | 29:17-23, 31:20-22 | I (31:23-32:4) |
| 32 | 5-25 | R, I | | |
| 33 | 2-8 | R, I | | |
| 33 | 16-22 | I, U, R | 33:23-25, 34:2-5, 34:8-9 | |
| 34 | 13-17 | I, F, R | 34:2-5, 34:8-9 | |
| 34 | 21-25 | R, I | | |
| 35 | 2 | R, I | | |
| 35 | 5-19 | I, U, R | | |
| 36 | 7-11 | F | | |
| 36 | 15-25 | I | | |
| 37 | 2-8 | I | | |
| 37 | 11 | I | | |
| 37 | 13-25 | I, R, U | | |
| 38 | 2-9 | I, R, U | 38:10-11, 38:14-39:4, 39:7-11 | C, L, LF, O, V |
| 43 | 21-25 | R, I | | |
| 44 | 2-13 | I, U | | |
| 48 | 7-10 | F, I | 47:15-23, 48:2-6 | V, O |
| 48 | 13-15 | F, I, U | | |
| 48 | 17-25 | F, I | | |
| 49 | 2-4 | F, I | 49:8-9, 49:12-20 | |
| 49 | 8-9 | F, I | | |
| 49 | 12-20 | I | | |
| 51 | 10-21 | R, I | | |
| 52 | 20-25 | F | | |
| 53 | 2-5 | I | | |
| 53 | 16-20 | I, U | | |

| Globus Designation | | Synthes' Objection | Synthes' Counter-Designation | Globus Objections to Synthes' Counter-Designations |
|---|---|---|---|---|
| 53 | 24-25 | I, U | | |
| 54 | 2-20 | I, U, F | 55:13-21, 56:18-25, 57:5-8 | S, V |
| 57 | 18-25 | F, I, U | | |
| 58 | 2-8 | I, R | | |
| 58 | 12-14 | I, R | | |
| 58 | 16-25 | R, I | | |
| 59 | 2-11 | I, R, F | 79:21-23, 81:6-14, 81:16-19 | I (79:18-20), C, V |
| 60 | 23-25 | I, U | | |
| 61 | 2-7 | I, U | 63:8-21, 63:24-64:8 | S |
| 61 | 10-13 | I, U | 63:8-21, 63:24-64:8 | S |
| 61 | 15-20 | I, U, F | 63:8-21, 63:24-64:8 | S |
| 71 | 9-14 | F, I | | |
| 71 | 17-18 | F, I | | |
| 71 | 20-22 | | 78:24-79:5, 79:8-9 | |
| 71 | 25 | | 78:24-79:5, 79:8-9 | |
| 72 | 2 | | 78:24-79:5, 79:8-9 | |
| 72 | 4-19 | F, U, I, R | | |
| 72 | 22-25 | I, U, R | | |
| 73 | 3-25 | I, U, R, F | 71:20-22, 71:25-72:2 | |
| 74 | 2-9 | I, U | | |
| 74 | 12 | I | | |
| 74 | 14-25 | I, F, U | | |
| 75 | 2-14 | I, F, U | | |
| 75 | 17-20 | I, U | | |
| 75 | 22-23 | I, U | | |
| 76 | 2-8 | I, U, R, H | | |
| 76 | 10-21 | I, R, U | | |
| 76 | 24-25 | I, R, U | | |
| 77 | 2 | I, R, U | | |
| 77 | 4 | I, F, U, R, MC | | |
| 77 | 7-10 | R, U, I | | |
| 77 | 12-15 | R, U, I | | |
| 77 | 18-19 | R, U, I, F | 77:21-24 | |
| 81 | 20-22 | R, U, I | | |
| 81 | 25 | R, U | | |
| 82 | 2-8 | R, U, I, F | 82:9-19 | |
| 84 | 10-11 | | | |
| 84 | 14 | | | |
| 84 | 16-18 | I, F, U | | |

| Globus Designation | | Synthes' Objection | Synthes' Counter-Designation | Globus Objections to Synthes' Counter-Designations |
|---|---|---|---|---|
| 84 | 21-25 | I, F, U | | |
| 85 | 2-6 | I, F, U | | |
| 88 | 15-18 | U, F, I | 88:22-89:11, 89:22-25, 90:20-23, 91:3-6, 91:9, 91:23-92:4, 94:3-5, 94:11-13, 96:22-24, 97:3-5, 97:16-18, 98:17-19 | V, C, S, I (88:7-10, 88:13, 94:14-95:9, 97:22-23, 98:20, 98:24-99:3) |
| 99 | 14-17 | U, F | 88:22-89:11, 89:22-25, 90:20-23, 91:3-6, 91:9, 91:23-92:4, 94:3-5, 94:11-13, 96:22-24, 97:3-5, 97:16-18, 98:17-19 | |
| 110 | 25 | I | | |
| 111 | 2-4 | I, F | | |
| 111 | 7-8 | I, F | | |
| 111 | 10-18 | I, F | | |
| 111 | 22-23 | I, U | | |
| 112 | 2-3 | I, U | 113:10114:12, 114:15-16 | |
| 112 | 5-6 | I | | |
| 112 | 18-20 | I, F, U | | |
| 112 | 23-24 | I, F, U | | |
| 113 | 2-6 | I, F, U | 113:10-114:12, 114:15-16, 120:15-16, 120:19-24 | V, I (120:25-121:7) |
| 115 | 5-12 | F, I, R, U | | |
| 115 | 15-16 | F, R, U | | |
| 115 | 18-25 | U, R, I | | |
| 116 | 2-10 | F, I, U, R | | |
| 116 | 13-21 | R, U | | |
| 116 | 23-24 | F, U, I | | |
| 117 | 3-4 | F, U, I | | |
| 117 | 6-9 | F, U, R, I | | |
| 117 | 13-14 | R, U, I | | |
| 117 | 17 | R, U, I | | |
| 117 | 19-22 | R, U, F | | |
| 121 | 12-15 | R, U, F, I | | |
| 121 | 19-20 | R, U, I | | |
| 121 | 23-24 | R, U, I | 122:2-6 | |
| 122 | 10-18 | R, U | 122:19-123:2 | |

| Globus Designation | | Synthes' Objection | Synthes' Counter-Designation | Globus Objections to Synthes' Counter-Designations |
|---|---|---|---|---|
| 123 | 22-25 | R, U | | |
| 124 | 2-3 | F, R, U, H | | |
| 124 | 6-7 | F, R, U, H | | |
| 124 | 9-11 | F, R, U | | |
| 124 | 14-15 | F, R, U | | |
| 124 | 25 | I | | |
| 125 | 2-9 | F, I | | |
| 125 | 12-16 | F, I, R | | |
| 125 | 18-20 | F, U, I, R | | |
| 125 | 23-25 | F, U, I, R | | |
| 126 | 2 | F, U, I, R | | |
| 126 | 4-9 | I, F, U, R | | |
| 126 | 12-18 | F, U, R | 126:20-22, 126:25-127:5, 127:8-9 | V, S |
| 127 | 19-21 | F, U, R | | |
| 127 | 24-25 | F, U, R | | |
| 128 | 2-11 | F, U, R | | |
| 128 | 13-19 | F, U | | |
| 128 | 22 | F, U | | |
| 128 | 24-25 | F, U | | |
| 129 | 2-3 | F, U | 129:7-9 | |
| 131 | 15-17 | F, U | | |
| 131 | 20-24 | F, U | | |
| 132 | 16-19 | I | 133:2-5 | |
| 134 | 6-7 | U, R | | |
| 134 | 10-11 | U, R | | |
| 134 | 13-21 | U, R | | |
| 134 | 24 | I | | |
| 135 | 2-5 | U, R | | |
| 135 | 8-9 | I, U, R | | |
| 135 | 11-25 | I, U, R | | |
| 136 | 2-4 | I, U, R | 136:5-12 | |
| 148 | 3-14 | U, R | | |
| 148 | 18-19 | U, R | | |
| 148 | 22-23 | F, U, R | | |
| 148 | 25 | U, R | | |
| 149 | 2-5 | U, R | | |
| 149 | 9-12 | U, R | | |
| 149 | 15-23 | U, R, I | 149:24-150:3, 150:6-12, 152:23-153:10 | C, R |
| 166 | 25 | R, U, F | | |

| Globus Designation | | Synthes' Objection | Synthes' Counter-Designation | Globus Objections to Synthes' Counter-Designations |
|---|---|---|---|---|
| 167 | 2-3 | R, U, F | | |
| 167 | 6-8 | R, U | | |
| 167 | 10-15 | R, U | 168:2-5, 168:17-20, 168:24-169:2, 169:5-6 | R, V, C |
| 167 | 19-20 | R, U | | |
| 167 | 23-24 | R, U | 168:2-5, 168:17-20, 168:24-169:2, 169:5-6 | |
| 171 | 6-12 | U, R | | |
| 171 | 15-18 | U, R, I | | |
| 171 | 20-25 | U, R | | |
| 172 | 2-4 | U, R | | |
| 172 | 7 | U, R | | |
| 173 | 6-12 | R | | |
| 173 | 16-25 | R | 175:10-15 | C, V, LF |
| 174 | 2-8 | R | | |
| 174 | 11-13 | R, U | | |
| 174 | 15-25 | R, U, I, F | | |
| 175 | 2-5 | R, U | | |
| 175 | 8 | R, U | | |
| 175 | 19-21 | U | | |
| 175 | 24-25 | U | | |
| 176 | 3-21 | R, F, U | | |
| 176 | 25 | R, F, U | | |
| 177 | 2 | R, F, U | | |
| 194 | 19-25 | | | |
| 195 | 2 | | | |
| 199 | 5-12 | F, U, I | 198:4-199:4, 199:13-16, 199:19-24 | C, L, O V, S |
| 199 | 25 | R, U, F | | |
| 200 | 2-5 | R, U, F | 200:6-16 | H |
| 200 | 17-22 | R, U, F | | |
| 200 | 25 | R, U, F | | |
| 208 | 4-10 | F, I | | |
| 208 | 13-14 | F, I, U | 227:17-23, 228:24-229:4, 229:24-230:4 | C, R, MIL1 |
| 208 | 16-25 | F, I, U | | |
| 209 | 2-8 | F, U | 209:9-210:13, 211:6-7, 211:12-18, 212:2-8 | R, C, MIL1, I (210:14:211:5, 211:19-25) |

| Globus Designation | | Synthes' Objection | Synthes' Counter-Designation | Globus Objections to Synthes' Counter-Designations |
|---|---|---|---|---|
| 212 | 23-24 | I | | |
| 213 | 5-11 | F, U, I | | |
| 213 | 21-25 | F, U | | |
| 214 | 2-7 | F, I, U | 214:8-22, 215:21-216:4 | I (214:13-215:19; 216:5-12) |
| 221 | 2-10 | F, U, I | | |
| 221 | 13-21 | F, U, I | | |
| 221 | 23-25 | U, I | | |
| 222 | 4-7 | U, I, F | | |
| 222 | 9-15 | F, U, I | | |
| 222 | 18-19 | F, U, I | | |
| 222 | 21-25 | U, I, F | | |
| 223 | 2-6 | U, I, F | | |
| 223 | 9-10 | U, I, F, R | | |
| 223 | 12-13 | U, I, F | | |
| 223 | 16-20 | U, I, F, R | | |
| 223 | 22-25 | F, U, R, I | | |
| 224 | 2 | F, U, R, I | | |
| 224 | 6-8 | U, R | | |
| 224 | 11-12 | U, R | | |
| 224 | 14-16 | F, U, R | | |
| 224 | 20-22 | F, U, R | | |
| 224 | 25 | F, U, R | | |
| 225 | 2 | F, U, R | 225:4-5, 225:8 | S |
| 225 | 20-22 | F | | |
| 226 | 2-5 | F, U, E, NIE | | |
| 226 | 8-9 | F, U, E, NIE | | |
| 226 | 11-23 | F, E, NIE | | |
| 236 | 13-18 | H, R | | |
| 236 | 23-25 | R | | |
| 237 | 2-6 | R | | |
| 237 | 9-11 | F, R | | |
| 237 | 13-18 | R | | |
| 237 | 21-23 | F, R, U | | |
| 237 | 25 | R | | |
| 238 | 2 | R | | |
| 238 | 5-6 | R, U, I | | |
| 238 | 15-20 | F, R | | |
| 238 | 23-25 | F, R, U | | |
| 289 | 25 | | | |
| 290 | 2-4 | | | |
| 291 | 14-20 | F | | |

| Globus Designation | | Synthes' Objection | Synthes' Counter-Designation | Globus Objections to Synthes' Counter-Designations |
|---|---|---|---|---|
| 297 | 12-23 | R, U | | |
| 298 | 2-5 | R, U, I | | |
| 298 | 21-24 | | | |
| 299 | 5-18 | R, U | | |
| 299 | 21-23 | R, U | | |
| 299 | 25 | R, U | | |
| 300 | 2 | R, U | | |
| 300 | 5-8 | R, U | | |
| 300 | 10-14 | R, U, I | 300:15-20 | |
| 334 | 24-25 | | | |
| 335 | 2 | I, F | 335:3-7 | I (335:12-14) |
| 343 | 2-4 | I, F | 342:7-15, 342:18-19 | I (342:21-25), V, S |
| 343 | 7-8 | F, DSFI, I, U | | |
| 343 | 10-11 | U, F, I | | |
| 343 | 14-16 | F | | |
| 343 | 18-21 | F, I | | |
| 343 | 24-25 | F, U, R | | |
| 344 | 2-6 | F, U, R | | |
| 356 | 14-25 | F, R | | |
| 357 | 4-9 | F, R, U | | |
| 357 | 11-20 | F, R, U | | |
| 358 | 11-22 | I, U | | |
| 359 | 7-16 | R, U, I | | |
| 359 | 19 | R, U, I | | |
| 359 | 21-25 | U, I, R | | |
| 360 | 2-25 | U, I, R, F | | |
| 361 | 2 | F, U, I | | |
| 361 | 6-10 | F, U, I | | |
| 361 | 13 | F, U, I | | |
| 361 | 15-25 | I, F, R, U | | |
| 362 | 2-10 | I, U | | |
| 362 | 13 | I, U | 366:3-14, 366:17-19, 366:22-367:6, 367:9-17, 368:2-5 | C, V, S, L, O, LF, I (364:24-365:5, 367:18-24) |
| 362 | 15-22 | F, I, U, R | 366:3-14, 366:17-19, 366:22-367:6, 367:9-17, 368:2-5 | C, V, S, L, O, LF, I (364:24-365:5, 367:18-24) |

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Vivian S. Kuo
Robert F. Ruyak
Matthew B. Weinstein
WINSTON & STRAWN LLP
1700 K Street, N.W.
Washington, DC 20006
Tel: (202) 282-5000

Luke A. Culpepper
Kevin A. Keeling
WINSTON & STRAWN LLP
1111 Louisiana, 25th Floor
Houston, TX 77002
Tel: (713) 651-2600

Dated:  May 9, 2013

By:   */s/ David E. Moore*
      Richard L. Horwitz (#2246)
      David E. Moore (#3983)
      Hercules Plaza, 6th Floor
      1313 N. Market Street
      Wilmington, DE  19801
      Tel:  (302) 984-6000
      rhorwitz@potteranderson.com
      dmoore@potteranderson.com

      *Attorneys for Defendant Globus Medical, Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DEPUY SYNTHES PRODUCTS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 11-652-LPS |
| | ) | |
| GLOBUS MEDICAL, INC., | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

**EXHIBIT 8**
**SYNTHES' EXHIBIT LIST AND GLOBUS' OBJECTIONS:**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DEPUY SYNTHES PRODUCTS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 11-652-LPS |
| | ) | |
| GLOBUS MEDICAL, INC., | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

**EXHIBIT 9**
**GLOBUS' EXHIBIT LIST AND SYNTHES' OBJECTIONS:**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DEPUY SYNTHES PRODUCTS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 11-652-LPS |
| | ) | |
| GLOBUS MEDICAL, INC., | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

**EXHIBIT 10**
**SYNTHES' MOTIONS IN LIMINE, GLOBUS' OPPOSITIONS,**
**AND SYNTHES' REPLIES**

# REDACTED

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DEPUY SYNTHES PRODUCTS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 11-652-LPS |
| | ) | |
| GLOBUS MEDICAL, INC., | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

**EXHIBIT 11**
**GLOBUS' MOTIONS IN LIMINE, SYNTHES' OPPOSITIONS,**
**AND GLOBUS' REPLIES**

# REDACTED

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

DEPUY SYNTHES PRODUCTS, LLC,  )
                                     )
       Plaintiff,  )
                                     )
    v.  )      C.A. No. 11-652-LPS
                                     )
GLOBUS MEDICAL, INC.,  )      JURY TRIAL DEMANDED
                                   )
       Defendant.  )
                                     )
                                   )
                                   )

**EXHIBIT 12**
**SYNTHES' POSITION ON THE IMPACT**
**OF THE *MARKMAN* ORDER ON THE PENDING MOTIONS**

# REDACTED

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DEPUY SYNTHES PRODUCTS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 11-652-LPS |
| | ) | |
| | ) | JURY TRIAL DEMANDED |
| GLOBUS MEDICAL, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |

**EXHIBIT 13**
**GLOBUS' STATEMENT ON THE IMPACT OF THE**
**COURT'S CLAIM CONSTRUCTION RULINGS ON PENDING MOTIONS**

# REDACTED