

1313 North Market Street
P.O. Box 951
Wilmington, DE  19899-0951
302 984 6000
**www.potteranderson.com**

**David E. Moore**
Partner
Attorney at Law
dmoore@potteranderson.com
302 984-6147  Direct Phone
302 658-1192  Fax

June 13, 2013

<u>**VIA ELECTRONIC FILING**</u>

The Honorable Leonard P. Stark
United States District Court for the District of Delaware
844 N. King Street
Wilmington, DE 19801

     **Re:**    *DePuy Synthes Products, LLC v. Globus Medical, Inc.*
            **C.A. No. 11-652-LPS**

Dear Judge Stark:

     Globus Medical, Inc. ("Globus") respectfully writes pursuant to the Court's direction at trial today regarding objectionable statements made by counsel for Synthes during closing arguments.  Globus addresses these statements below and requests additional instructions for the jury to cure such objections.  A statement containing only the curative instructions is attached as Exhibit A.

     Synthes' closing statement re-argued its copying allegations in a manner that is likely to confuse the allegations of copying with the allegations of infringement and results in prejudice to Globus.  While Synthes purported to qualify its arguments under the guise of "secondary considerations," Synthes repeatedly conflated the invalidity issues with infringement issues.  Accordingly, Globus respectfully requests that the Court include the curative instruction given on Thursday morning immediately prior to Dr. Hayes' cross-examination as a part of the jury's final written instructions.

     Synthes' closing statement also made several misleading arguments related to claim construction on the "substantially equal" and "generally equal" height limitations.  First, Synthes re-introduced its improper "equal enough" argument.  6/13/13 Trial Tran. at 1957:21-24; 2026:2-12; 2033:25-2034:9.  This argument was previously rejected by the Court (*see* 5/14/13 Hrg. Tran. at 129:9-15, stating that just because the heights allow the body and plate to fit partly or entirely between the adjacent vertebral bodies "does not necessarily mean that the first and second heights are 'substantially equal.'").  Moreover, Synthes represented to Globus prior to trial that it was not pursuing this theory at trial, and this resulted in Globus dropping its related indefiniteness argument.  Now that Synthes has re-introduced this improper theory, the jury

June 13, 2013
Page 2

should be instructed that the Height Limitations[1], as they appear in claim 1 of the '616 patent and claim 1 of the '076 patent, are construed to mean (1) the first and second heights are substantially/generally equal; and (2) the plate and spacer fit partly or entirely between the adjacent vertebral bodies.

Furthermore, Synthes argued that several Globus documents supported its case on the Height Limitations during closing statements in a manner that subverts the Court's constructions of the Height Limitations. Particularly, Synthes relied on e-mails allegedly representing that Globus' plate and spacer heights are equal. *See* 6/13/13 Trial Tran. at 2028:3-7; 2029:4-11; 2033:8-11; 2046:11-23. This evidence, however, had no connection to the Court's constructions, and Synthes' presentation of it ignores important requirements inherent in the Court's constructions as to how the plate and spacer heights are to be measured -- a process that both parties' experts agree on. Indeed, throughout trial, both parties' introduced evidence from their technical experts indicating that this limitation constitutes two separate requirements. For example, the Court's constructions require that teeth are not to be included when calculating the spacer height. Accordingly, Globus requests a curative instruction that explains to the jury that these documents bear little, if any, weight to the jury's determination of whether the Height Limitation is met.

Regarding the "non-metallic material" limitation, counsel for Synthes argued for infringement during closing statements based on its claim construction position that "a" means "one or more." 6/13/13 Trial Tran. at 2128:17-2129:3. Synthes previously requested that the Court construe the "non-metallic material" claim term in this same manner (*see, e.g.*, D.I. 270, at 3), but the Court denied Synthes' request. *See* D.I. 285, ¶ 2. Globus believes this improper claim construction argument is likely to confuse the jury and prejudice Globus. Accordingly, the jury should be instructed that the "non-metallic material" limitation, as it appears in claim 1 of the '616 patent, is construed to mean "material with no metallic components," and "the three dimensional body is made from a biocompatible non-metallic material" limitation does not require separate construction.

Respectfully,

*/s/ David E. Moore*

David E. Moore

---

[1]     The "Height Limitation" refers to "the first height being substantially equal to the second height so that the three dimensional body and the plate are contained between the adjacent vertebral bodies when the implant is inserted between the adjacent vertebral bodies/the first height being substantially equal to the second height," as it appears in claim 1 of the '616 patent and "the second height being generally equal to the first height," as it appears in claim 1 of the '076 patent.

June 13, 2013
Page 3


DEM/msb

37175

cc:     Clerk of the Court (by Hand Delivery)
       Counsel of Record (by CM/ECF)

June 13, 2013
Page 4


### Exhibit A

The following additional instructions should be considered during your deliberations with equal force as the instructions I provided to you yesterday.

The "non-metallic material" limitation, as it appears in claim 1 of the '616 patent, is construed to mean "material with no metallic components."  The broader limitation requiring that "the three dimensional body is made from a biocompatible non-metallic material" should be given its plain and ordinary meaning.

The "substantially equal" height limitation in the '616 patent, and the "generally equal" height limitation in the '076 patent can only be met if (1) the first and second heights are substantially/generally equal; and (2) the plate and spacer fit partly or entirely between the adjacent vertebral bodies.

In determining whether the "substantially equal" height limitation in the '616 patent, and the "generally equal" height limitation in the '076 patent, are satisfied for purposes of alleged infringement, the following trial exhibits presented to you by Synthes during their closing arguments yesterday do not reflect my claim construction and thus should bear little, if any, weight:  PTX 288, DTX 47, DTX 861.

Synthes' allegations of copying, including Dr. Hayes' opinion on this issue, are not to be considered in the infringement portion of this case.  In other words, whether or not Globus copied Synthes' products is not relevant to whether or not Globus' accused products infringe any of the asserted claims of the Synthes' patents.  Infringement requires a comparison between the asserted patent claims and the accused products and not a comparison between the accused products and Synthes' products.