IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DEPUY SYNTHES PRODUCTS, LLC, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 11-652-LPS |
| GLOBUS MEDICAL, INC., | : | |
| Defendant. | : | |

## MEMORANDUM ORDER

Pending before the Court is Plaintiff DePuy Synthes Products, LLC's ("Synthes") Motion for a Temporary Restraining Order and Preliminary Injunction. (D.I. 333) Defendant Globus Medical, Inc. ("Globus") opposes the motion. For the reasons discussed below, the Court will DENY the motion.

1. Following trial, on June 14, 2013, a jury returned a verdict for Synthes, finding U.S. Patent Nos. 7,875,076, 7,862,616, and 7,846,207 valid and infringed by Globus' three accused products. The jury awarded Synthes reasonable royalty damages of $16,001,822.25. By its motion, Synthes now seeks to enjoin Globus from exporting its inventory of accused products for sale overseas.[1] The parties completed briefing on the motion on July 24, 2013. (D.I. 334, 345, 359)

---

[1] Synthes' motion "is directed to Globus' infringing inventory *in this country*." (D.I. 359 at 5 (emphasis in original)) Neither party cites clear authority as to whether exporting infringing products – while not making, using, selling, or offering to sell such products in the United States – violates 35 U.S.C. § 271. *Compare Johns Hopkins Univ. v. CellPro, Inc.*, 152 F.3d 1342, 1366 (Fed. Cir. 1998) ("[N]either export from the United States nor use in a foreign country of a product covered by a United States patent constitutes infringement."), *with R.R. Dynamics, Inc. v. A. Stucki Co.*, 727 F.2d 1506, 1519 (Fed. Cir. 1984) ("When it made the 1,671 carsets in this country, it infringed claim 10. Whether those carsets were sold in the U.S. or elsewhere is therefore irrelevant, and no error occurred in including those carsets among the infringing products on which royalty was due.").


2. A preliminary injunction is an "extraordinary" remedy not routinely granted unless the moving party can establish the following four factors: (1) a reasonable likelihood of success on the merits; (2) a clear showing of irreparable harm; (3) the balance of equities tips in the movant's favor; and (4) an injunction is consistent with the public interest. *See Momenta Pharms., Inc. v. Amphastar Pharms., Inc.*, 686 F.3d 1348, 1352 (Fed. Cir. 2012). "[A] trial court need not make findings concerning the third and fourth factors if the moving party fails to establish either of the first two factors." *Polymer Techs., Inc. v. Bridwell*, 103 F.3d 970, 973-74 (Fed. Cir. 1996).

3. Irreparable harm requires "a clear showing of an immediate irreparable injury" or "a presently existing actual threat." *Neology, Inc. v. Fed. Signal Corp.*, 2012 WL 2308202, at *16 (D. Del. June 18, 2012) (internal quotation marks omitted). A showing of irreparable harm requires that there be a "sufficiently strong causal nexus" between the infringement and the harm. *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 695 F.3d 1370, 1374 (Fed. Cir. 2012). An injunction is not appropriate "merely to assuage the fears of the movant." *Neology*, 2012 WL 2308202, at *16.

4. The Court concludes that a preliminary injunction is not appropriate because Synthes – notwithstanding its status as corporate affiliate to Synthes USA, LLC, the manufacturer and seller of the Synthes products – has failed to establish irreparable harm.

5. "Sales lost to an infringing product cannot irreparably harm a patentee if consumers buy that product for reasons other than the patented feature." *Apple, Inc. v. Samsung Elecs. Co., Ltd.*, 678 F.3d 1314, 1324 (Fed. Cir. 2012). At trial and in the instant briefing, Globus has presented evidence showing that consumers use the Globus products for reasons

other than the patented features. (D.I. 345 at 9 (citing evidence)) For instance, Globus' witnesses articulated several non-patented features that drive demand, including: fewer bone screws, ease of use, screw insertion, spacer options, and screw diameters. (*See, e.g.*, D.I. 347 at 452 (discussing benefit of fewer screws); D.I. 348 at 611-16 (discussing surgeon preferences); D.I. 351 at 1255, 1265-66 (discussing preference based on Globus instruments, screw size, height); D.I. 353 at 1783-84 (listing non-patented features driving surgeon preference))

6. Even if Synthes could establish that Globus' remaining inventory is purchased based on patented features, "lost sales standing alone are insufficient to prove irreparable harm." *Automated Merchandising Sys., Inc. v. Crane Co.*, 357 F. App'x 297, 300 (Fed. Cir. Dec. 16, 2009). Synthes contends that Globus' sales overseas will result in lost market share or potential customers. In support, Synthes submits an affidavit of Dominique Messerli, who states that because foreign markets are "rapidly growing," Globus' sales pose a "significant concern" to Synthes. (D.I. 337 at ¶ 14) Synthes contends that if Globus is able to sell its products overseas, Synthes will not be able to break the relationship between Globus and its customers. (*Id.* at ¶¶ 12-14) This assertion illustrates how the damage identified by Synthes is *not* explicitly linked to the infringing products. Globus could sell an unrelated product to overseas consumers, "opening the door" to other product lines, and thereby cause the harms about which Synthes is complaining. At bottom, Mr. Messerli's general statements that Globus' overseas sales "*likely* will harm Synthes' ability to sell its Patented Products and other products" (*id.* at ¶ 17 (emphasis added)), and that any foreign sales "*could* affect surgeons' purchasing choices in the United States, to Synthes' detriment" (*id.* at ¶ 15 (emphasis added)), do not meet Synthes' burden of "a clear showing" of a risk of irreparable harm. *See Winter v. Natural Res. Defense Council, Inc.*,

3

555 U.S. 7, 22 (2008).

7. The Court further concludes that Synthes may be adequately compensated through a reasonable royalty. Globus will be paying a reasonable royalty of more than $16 million for infringing products already sold. There is no basis to conclude Globus will be unable to pay any additional reasonable royalty.

8. As Synthes has failed to establish irreparable harm, the Court need not address the remaining factors.

Accordingly, IT IS HEREBY ORDERED that Synthes' Motion for a Temporary Restraining Order and Preliminary Injunction (D.I. 333) is DENIED.

August 22, 2013  
Wilmington, Delaware

UNITED STATES DISTRICT JUDGE